**PHILLIPS NIZER**LLP

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

Court Plaza North
25 Main Street
Hackensack, NJ 07601-7015
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com




RECEIVED JUL 29 2013 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.

July 26, 2013

**BY HAND**
The Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

[Handwritten endorsement:] With respect to the proper New School — if there is a motion remedy — is a motion. Consent — for a motion conference. Premotion conference waived with respect to defendants New School provided it is filed by August 16. The Court assumes there is no case/controversy between plaintiffs and New School or NYU. If not the parties are to advise the court by 8/2. A reply by 8/16 ordered. [Signature] 7/29/13

Re:   Thea v. Kleinhandler, as Trustee of the
      Frederica Fisher Thea Revocable Trust
      Case No. 13-cv-04895(PKC)

Dear Judge Castel:

We represent the Defendant in the above-referenced action. In response to the Court's request, we are writing to state that, based on our research, this Court has subject matter jurisdiction and there is complete diversity of citizenship.

**The New School Should Be Added As A Party**

We also write to respectfully request that the Court direct Plaintiff to bring the New School University, Inc. (the "New School") into this action. According to the Complaint, the late Frederica Thea created the Frederica Fisher Thea Revocable Trust (the "Trust"), years before her death, placed her assets into the Trust, and named "the NEW SCHOOL UNIVERSITY for the benefit of the MANNES SCHOOL OF MUSIC, New York, New York…." as the sole beneficiary thereunder. Plaintiffs allege that the Trust assets should be held for them and not the New School. Accordingly, the New School has a substantial interest in the outcome of this action. Upon information and belief, the New School, which owns and operates the Mannes School of Music, is a New York corporation and, therefore, diversity will not be destroyed by its addition as a party.

**The "Probate Exception" To Diversity Jurisdiction Is Inapplicable.**

"The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." Lefkowitz v. Bank of New York, 528 F.3d 102, 105 (2d Cir. 2007)(citing Markham v. Allen, 326 U.S. 490, 494

PHILLIPS NIZER LLP

Hon. P. Kevin Castel
July 26, 2013
Page 2

(1946)). As the Supreme Court recently clarified, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Id. (quoting Marshall, supra, 547 U.S. at 311-12). See also, Lifschultz v. Lifschultz, 2012 U.S. Dist. LEXIS 86639, at *13 (S.D.N.Y. June 20, 2012) ("federal… jurisdiction does lie when a federal court is entertaining suits 'in favor of creditors…and other claimants against a decedent's estate to establish their claims so long as the federal court *does not interfere with the probate proceedings* or assume general jurisdiction of the probate or control of the property in the custody of the state court.'")(quoting Markham v. Allen, supra, 326 U.S. at 494). [Emphasis in Lifschultz].

Accordingly, the Second Circuit instructs that "[f]ollowing Marshall we must now hold that so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a *res* in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed, must, exercise it." Lefkowitz v. Bank of New York, supra, 528 F.3d at 106. Here, because the Last Will and Testament of Frederica Fisher Thea has not been probated and none of her property is under the control of a surrogate's court or any other state court, this Court can exercise jurisdiction over the action.

### There is Complete Diversity of Citizenship

For diversity purposes, the citizenship of a trust is determined by identifying the citizenship of the trustee as well as its beneficiaries. See Mills 2011 LLC v. Synovus Bank, 2013 U.S. Dist. LEXIS 15602, at *19 (S.D.N.Y. Feb. 5, 2013)(discussing Navarro Savings Ass'n v. Lee, 446 U.S. 458 (1980) and citing Emerald Investors Trust v. Gauni Parsippany Partners, 492 F. 3d 192, 205 (3d Cir. 2007)). See generally, Berry v. Chrysler Group, LLC, 2013 U.S. Dist. LEXIS 13023, at *8 (S.D. Tex. Jan. 31, 2013); Constantin Land Trust v. Epic Diving and Services, L.L.C., 2013 U.S. Dist. LEXIS 44607, at*17-18 (E.D. La. Mar. 27, 2013)(collecting cases and stating that "[t]hese courts held that the citizenship of a trust is that of all of its 'members,' defined as its trustees and beneficiaries")(citations omitted).

Here, the Trustee of the Trust is a resident of New York, as is the sole beneficiary under the Trust, the New School. Since the Plaintiffs, Donald and Deborah Thea, are alleged to be residents of Massachusetts and California, respectively, there is complete diversity here.

1209214.1

PHILLIPS NIZER LLP

Hon. P. Kevin Castel
July 26, 2013
Page 3

## Conclusion

For the foregoing reasons, Defendants believe that this Court has subject matter jurisdiction over this action and that there is complete diversity. Defendants respectfully request that the Court direct Plaintiffs to bring the New School into this action, the inclusion of which party will not defeat diversity.

Respectfully yours,

Bruce J. Turkle (BT-2676)

cc: Anthony Viola, Esq. (by pdf)
    Zachery Silverman, Esq. (by pdf)

1209214.1