Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DONALD M. THEA and DEBORAH L. THEA,

                                  Plaintiffs,

          - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

                                Defendants.

------------------------------------------------------------- 

Civil Action No.  13-cv-4895 (PKC)

## DEFENDANT NEIL KLEINDHANDLER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler,
individually and as Trustee of the Frederica Fisher
Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com

1208759.3

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

Preliminary Statement.................................................................................... 1

STATEMENT OF FACTS ................................................................................ 4

      The Spurious Allegations Against Kleinhandler ................................................ 7

ARGUMENT ...................................................................................................... 8

KLEINHANDLER'S MOTION TO DISMISS THE  AMENDED COMPLAINT
SHOULD BE GRANTED ................................................................................. 8

    A.   Standard Governing A Motion To Dismiss ..................................................... 8

    B.   Plaintiffs Lack Standing To Bring This Action Because They  Cannot Probate
        Frederica's Alleged Will ............................................................................ 9

    C.   Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duty Against
        Kleinhandler, Individually, And As Trustee Of The Trust ......................... 13

    D.   Plaintiffs' Equitable Claims Should Be Dismissed As Against Kleinhandler
        Since No Fiduciary Relationship Existed Between Kleinhandler And Plaintiffs ........ 17

    E.   Plaintiffs' Constructive Trust Claim Against Kleinhandler Is Time Barred ............... 18

    F.   Plaintiffs' Claim For A Declaratory Judgment Against  Kleinhandler Is
        Time Barred........................................................................................... 19

    G.   Plaintiffs' Claim For An Equitable Accounting Against  Kleinhandler Is
        Time Barred........................................................................................... 20

    H.   Plaintiffs Should Not Be Able To Assert Claims Against Kleinhandler When
        Their Underlying Breach Of Contract Claim Against Frederica Is Time-Barred ........ 20

CONCLUSION.................................................................................................. 23

1208759.3

# TABLE OF AUTHORITIES

**Page**

## CASES

AQ Asset Mgt. LLC v. Levine,
   2013 N.Y. Misc. LEXIS 2054(S. Ct. N. Y. Co. March 28, 2013)................................20

Ashcroft v. Iqbal,
   556 U.S. 662, (2009) ............................................................................... 8

ATSI Communications, Inc. v. Shaar Fund, Ltd.,
   493 F. 3d 87 (2d Cir. 2007)........................................................................ 8

Bell Atlantic Corp. v. Twombly. 550 U.S. 544, 127 S. Ct. 1955 (2007)........................................ 8

Boley v. Pineloch Assocs., Ltd.,
   700 F. Supp. 673 (S.D.N.Y. 1988) ......................................................... 13, 16

Bontecou v. Goldman,
   103 A.D.2d 732 (2d Dep't 1984) ................................................................ 18

Brito v. Mukasey,
   521 F.3d 160 (2d Cir. 2008)................................................................. 9, 10

Brown v. Powell,
   2012 N.Y. Misc. LEXIS 1612 (S. Ct. Queens Co. April 4, 2012)............................................. 19

Davis v. Cornerstone Tel. Co.,
   2008 N.Y. Misc. LEXIS 3264 (S. Ct. Albany Co. June 5, 2008)............................................ 17

Delaurentis v. Delaurentis,
   47 A.D.3d 750, 850 N.Y.S.2d 557 (2d Dep't), lv. denied, , 868 N.Y.S.2d 598 (2008) .......... 18

Estate of Ziegler,
   187 Cal. App. 4th 1357 (2010) ........................................................... 22, 23

Ferraro v. Camarlinghi,
   161 Cal. App. 4th 509 (2008) ............................................................. 21, 23

Golden v. Zwickler,
   394 U.S. 103 (1969).......................................................................... 12

In re Elevator Antitrust Litigation,
   502 F. 3d 47 (2d Cir. 2007)................................................................... 8

In re Estate of Philbrook,
   185 A.D.2d 550, 586 N.Y.S.2d 394 (3d Dep't 1992).................................... 10, 22, 23

ii

In re Liquidation of Midland Ins. Co.,
    16 N.Y.3d 536 (2011) ................................................................................ 21

Independent Asset Mgmt. LLC v. Zanger,
    538 F. Supp. 2d 704 (S.D.N.Y. 2008)................................................. 13, 14, 17

Jackson v. New York State,
    2013 U.S. Dist. LEXIS 13464 (S.D.N.Y. July 2, 2013)

Jana L. v. W. 129th St. Realty Corp.,
    22 A.D.3d 274, 802 N.Y.S.2d 132 (1st Dep't 2005) ............................... 15

Kaufman v. Cohen,
    307 A.D.2d 113 (1st Dep't 2003) ............................................................ 18

King County v. IKB Deutsche Industriebank AG,
    863 F. Supp. 2d 288 (S.D.N.Y. 2012).................................................... 13

Kottler v. Deutsche Bank AG,
    607 F. Supp. 2d 447 (S.D.N.Y. 2009).............................................. 13, 14

Licorish-Davis v. Mitchell,
    2013 U.S. Dist. LEXIS 71917 (S.D.N.Y. May 20, 2013).......................... 3

Luckett v. Bure,
    290 F.3d 493 (2d Cir. 2002)...................................................................... 9

Lujan v. Defenders of Wildlife,
    504 U.S. 555, 112 S. Ct. 2130 (1992) ................................................. 9, 10

Matter of Falk,
    47 A.D.3d 21, 845 N.Y.S.2d 287 (1st Dep't 2007), appeal denied, , 854 N.Y.S.2d 103
    (2008)............................................................................................. 11, 18

Matter of Kushnir,
    2011 N.Y. Misc. LEXIS 6020 (Surr. Ct. Nassau Co. Aug. 31, 2011) ..................... 11

Nazzarro v. Nazzaro,
    2011 N.Y. Misc. LEXIS 1554 (S. Ct. Suffolk Co. April 7, 2011)..................... 18, 19

Petrello v. White,
    412 F. Supp. 2d 215 (E.D.N.Y. 2006) .............................................. 14, 16

Ponnambalam v. Sivaprakasapillai,
    35 A.D.3d 571, 829 N.Y.S.2d 540 (2d Dep't 2006)................................... 18

PVM Oil Futures v. Banque Paribas,
    161 A.D.2d 220 (1st Dep't 1990) ............................................................ 17

iii

Reiner v. Jaeger,
      50 A.D.3d 761, 855 N.Y.S.2d 613 (2d Dep't 2008) ........................................................ 18, 19

Sears v. First Pioneer Farm Credit, A.C.A.,
      46 A.D.3d 1282 (3d Dep't. 2007) .................................................................................. 15

Sharp v. Kosmalski,
      40 N.Y. 2d 119 (1976) .................................................................................................. 17

Solnick v. Whalen,
      49 N.Y.2d 224, 425 N.Y.S.2d 68 (1980) ...................................................................... 19

Stewart v. Seward,
      148 Cal. App. 4th 1513 (2007) ................................................................................ 22, 23

Thea v. Thea,
      284 A.D.2d 245 (1st Dept. 2001) .................................................................................... 3

Thermal Imaging, Inc. v. Sandgrain Sec., Inc.,
      158 F. Supp. 2d 335 (S.D.N.Y. 2001) .......................................................................... 14

Tornheim v. Tornheim,
      67 A.D.3d 775, 888 N.Y.S.2d 603 (2d Dep't 2009) ................................................ 19, 20

United States v. Chestman,
      947 F. 2d 551 (2d Cir 1991) ......................................................................................... 14

Velvet Underground v. Andy Warhol Found.,
      890 F. Supp. 2d 398 (S.D.N.Y. 2012) .......................................................................... 12

Waldman v. 853 St. Nicholas Realty Corp.,
      64 A.D.3d 585, 882 N.Y.S.2d 481 (2d Dep't 2009) ...................................................... 19

Warth v. Seldin,
      422 U.S. 490, 95 S. Ct. 2197 (1975), cert. denied, 520 U.S. 1196, 117 S. Ct.
      1552(1997) ...................................................................................................................... 9

World Wrestling Entm't, Inc. v. Jakks Pac., Inc.,
      530 F. Supp. 2d 486 (S.D.N.Y. 2007) .......................................................................... 15

Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.,
      84 N.Y.2d 309, 618 N.Y.S2d 609 (1994) ..................................................................... 21

## STATUTORY AUTHORITIES

Cal. Civ. Proc. Code §366.3 ....................................................................................................... 21

Cal. Civ. Proc. Code §366.2 ....................................................................................................... 23

iv

Fed. R. Civ. P. § 12(b)(6) ................................................................................................ 1

N.Y. CPLR §213(1) ........................................................................................................ 20

N.Y. EPTL § 3-2.1 ................................................................................................... 10, 11

N.Y. EPTL § 4-1-.1 ........................................................................................................ 11

N.Y. SCPA §1407 ........................................................................................................... 11

## ADDITIONAL AUTHORITIES

Black's Law Dictionary [9th Ed.] ................................................................................. 14

Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DONALD M. THEA and DEBORAH L. THEA,

                           Plaintiffs,

       - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

                         Defendants.
-------------------------------------------------------------- x

:   Civil Action No.  13-cv-4895 (PKC)

## DEFENDANT NEIL KLEINDHANDLER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT

### Preliminary Statement

Defendant, Neil Kleinhandler ("Kleinhandler"), sued here individually and in his capacity

as Trustee of the Frederica Fisher Thea Revocable Trust (the "Trust"), respectfully submits this

Memorandum of Law in support of his motion for an Order, pursuant to Fed. R. Civ. P. §

12(b)(6), dismissing the Amended Complaint in its entirety.[1]

---

[1] Plaintiffs' Amended Complaint names, for the first time, defendants New School University (the "New School"), the Office of the New York State Attorney General, and Kleinhandler, in his individual capacity.  The Amended Complaint also includes, for the first time, a claim for breach of fiduciary duty against Kleinhandler, both individually and in his capacity as Trustee of the Trust, and asserts a series of specious allegations against Kleinhandler not included in the Complaint.

1

1208759.3

Plaintiffs, Donald M. Thea ("Donald") and Deborah L. Thea ("Deborah")(collectively, the "Plaintiffs") are the children of the late Stanley Thea ("Stanley") and his first wife.  Plaintiffs allege that Stanley's third wife, Frederica Fisher Thea ("Frederica"), who died, in February, 2012, eighteen (18) months before this action was started, breached an alleged 1996 contract she had with Stanley, by which Frederica and Stanley allegedly agreed that they would execute mutual wills leaving their assets to each other, but should the spouse predecease the testator, the assets would pass to Plaintiffs.  Plaintiffs claim that Frederica breached the agreement in 2002, eleven (11) years ago, by creating a trust and transferring the assets of Stanley's Estate (as well as her own assets) into the Trust and naming Defendant The New School as beneficiary.

Plaintiffs have not tried to probate Frederica's alleged Will, cannot produce the original of the alleged Will, cannot establish that they are beneficiaries thereunder, and, consequently, lack standing to bring this action.  Stated otherwise, even if, *arguendo*, Plaintiffs are successful in overturning the Trust, but cannot probate Frederica's alleged Will, the assets of the Trust would pass to Frederica's nearest relative, not to Plaintiffs, who have no familial relationship with her.  Therefore, Plaintiffs lack any interest in the outcome of this action and have no standing to sue.

Plaintiffs cannot rest their claims on an alleged fiduciary duty between Kleinhandler and themselves since the parties are complete strangers and always have been.  Plaintiffs were not beneficiaries under the Trust, or clients of Kleinhandler, a lawyer, or ever met or spoke with Kleinhandler, or relied on anything said by Kleinhandler and, consequently, cannot demonstrate that Kleinhandler owed them a fiduciary duty, either individually or in his capacity as Trustee of the Trust.  Accordingly, Plaintiffs' claims for breach of fiduciary duty, a declaratory judgment, an equitable accounting and the imposition of a constructive trust, each requiring the existence of

2

a fiduciary relationship between Kleinhandler and Plaintiffs, fail as a matter of law.  Moreover, those claims are time barred since the underlying alleged wrong, Frederica's creation of the Trust and transfer of assets therein, are alleged to have occurred in 2002, eleven years before the start of this action.

Plaintiffs' newly-minted theory that a fiduciary relationship somehow evolved "by operation of law" is without factual or legal foundation.  Moreover, under Plaintiffs' manufactured theory, Kleinhandler allegedly became a fiduciary of the Plaintiffs after Frederica's death in 2012.  By Plaintiffs' own account, Kleinhandler is not alleged to have owed Donald and Deborah a fiduciary duty in 2002 when Frederica allegedly transferred assets into the Trust.  Consequently, Plaintiffs cannot demonstrate, as a matter of law, the existence or breach of any fiduciary duty by Kleinhandler.

Critically, this is Plaintiffs' third litigation against Frederica.  Plaintiffs' first lawsuit, filed in September 1999, accused Frederica of undue influence and conversion based on Stanley's pre-death transfers to Frederica of funds from an IRA of which Plaintiffs were partial beneficiaries. Exh. 1, ¶26.  Plaintiffs' lawsuit was summarily dismissed in 2000 by the Supreme Court, New York County, for failure to state a claim, which decision was unanimously affirmed by the Appellate Division, First Department.  See Thea v. Thea, 284 A.D.2d 245, 246 (1st Dept. 2001). [2]

In January 2001, Plaintiffs filed objections to the proposed judicial accounting of Stanley's estate, prepared by Frederica as Stanley's executor.  See Exh. 3 at p.2.  Frederica moved for summary judgment dismissing those objections and, thereafter, "the objectants [Plaintiffs] dropped all their objections at the hearing on the motion for summary judgment on November

---

[2] The Court can "'take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*.'"  Licorish-Davis v. Mitchell, 2013 U.S. Dist. LEXIS 71917, at*3, n. 4 (S.D.N.Y. May 20, 2013)(quoting Ferrari v. County of Suffolk, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011).  See Jackson v. New York State, 2013 U.S. Dist. LEXIS 13464, at *2 (S.D.N.Y. July 2, 2013).

1208759.3

20, 2001…" Id. at p. 3. The instant lawsuit is as meritless as the prior lawsuit and the objections to the accounting and warrants dismissal as well.

## STATEMENT OF FACTS

According to the Amended Complaint, in or about 1985, Stanley married his third wife, Frederica. See Exh. 1 to Affidavit of Bruce J. Turkle, sworn to on October 7, 2013, submitted in support of Kleinhandler's motion to dismiss the Amended Complaint ("Turkle Aff."), ¶11.[3] Plaintiffs, Donald and Deborah, are Stanley's children from his first wife. Id. Stanley and Frederica never had children of their own. Id.

On April 13, 1995, Stanley and Frederica allegedly entered into an agreement by which they promised to execute Last Wills and Testaments in the specific forms annexed thereto. Exh. 1, ¶12 and Exh. A to Am. Cmpl. On January 12, 1996 Stanley and Frederica amended their purported agreement to reflect a new form of Will for Stanley. Id., ¶13[4]. Stanley and Frederica's 1995 agreement and 1996 amended agreement are referred to in the Amended Complaint, collectively, as the "Agreement." The Agreement provided, in pertinent part:

> 5.    The parties hereby agree that the Husband shall execute a Last Will and Testament in the form annexed hereto as Exhibit A and that the Wife shall execute a Last Will and Testament in the form annexed hereto as Exhibit B.

> 6.    The parties further agree that the Will executed by Husband pursuant hereto, and the designation of the Wife as a beneficiary of the Husband's IRA account as referred to in such Will, and the Will executed by the Wife pursuant hereto, shall continue in full force and effect and shall not be altered or revoked by the respective party executing the same during his or her life, except with the written consent of the other party.

---

[3] Unless otherwise indicated, all exhibit numbers refer to the exhibits annexed to the accompanying Turkle Aff.

[4] The "amended agreement also recited that Frederica had executed a Last Will and Testament in the form annexed to the April 13, 1995 Agreement." Exh. 1, ¶13.

4

Exh. A to Am. Cmpl., ¶¶5-6.[5]

The Amended Complaint does not accuse Frederica of having breached the Agreement

by failing to execute a will in the form annexed to the Agreement, or claim that she revoked or

amended such alleged will.  Plaintiffs also do not allege that the unsigned document annexed to

the Amended Complaint which purports to be Frederica's alleged Will was not in the form

agreed to by Stanley and Frederica.  See Exh. A to Am. Cmpl., ARTICLE SECOND.

According to the Amended Complaint, Stanley died in 1998, predeceasing Frederica. See

Exh. 1, ¶20.  His Will provided, in pertinent part:

> FIRST:  I give and bequeath all the household and personal
> effects, including jewelry, clothing, pictures, objects of art, and
> automobiles belonging to me at my death, together with all
> insurance policies relating thereto, to my wife, FREDERICA
> FISHER THEA, if she survives me. If my said wife, shall
> predecease me then I give and bequeath such household and
> personal effects in equal shares to my son DONALD MARK
> THEA and my daughter DEBORAH LOUISE THEA, or to the
> survivor of them. If they both survive me and are unable to agree
> upon a division of such property, then I direct my Executors to
> make such division among them in their absolute discretion, and
> such division shall be binding and conclusive on them. If both
> DONALD MARK THEA and DEBORAH LOUISE THEA
> predecease me, I give and bequeath such household effects to my
> surviving issue, per stirpes.  If I shall have no surviving issue, I
> give and bequeath such household effects in equal share, one share
> to ANTIOCH COLLEGE and the other share to my nieces, FRAN
> SNYDER and ILANA SNYDER, or to the survivor of them, or, if
> neither survives me, to ANTIOCH COLLEGE.
>
> *       *       *
>
> SECOND:  I give, devise and bequeath to my said wife, if
> she shall survive me, all right, title and interest which I shall own
> at the time of my death (a) in and to the condominium unit I and
> my said wife presently use as a temporary residence in the City of

[5] The Amended Complaint does not allege that the Agreement specifically identified any assets of Stanley or Frederica, or contained any language restricting the surviving spouse's use of the assets during his or her lifetime, or mandate that assets of equivalent value to those bequeathed to the surviving spouse be available to pass to Donald and Deborah. See Exh. 1.

1208759.3

New York or in and to any real property, including a condominium unit, or in and to any cooperative apartment in the Metropolitan area of New York which I subsequently acquire for a similar residence, and (b) in and to the condominium unit which I now own in Astoria, Queens, New York, or in any real property, including a condominium unit, or in and to any cooperative apartment, which I may hereafter acquire using in whole or part proceeds from the sale of the aforesaid condominium unit in Astoria, Queens, New York.

Exh. A to Am. Cmpl., Articles FIRST and SECOND.

"[I]n or about December, 2002 (shortly after Donald and Deborah's claim against Frederica regarding the IRA was dismissed) Frederica caused [the Trust] to be created…." Exh. 1,¶35. See also, Exh. 2. Frederica and Kleinhandler were named as co-trustees of the Trust. See Exh. 1, ¶38 and Exh. 2 at p. 1.

The Amended Complaint alleges that in December, 2002 (more than 11 years before this action was commenced), Frederica transferred Stanley's Manhattan Apartment to the Trust; that in May, 2007 (more than 6 years ago), the Trust sold the Manhattan Apartment for approximately $1.65 million and the assets of that sale were placed in the Trust; and at some other time Frederica sold the Astoria Apartment and placed the assets of that sale in the Trust. Exh. 1,¶¶ 39, 42-44.[6]

In or about on June, 2011, the Trust allegedly purchased a residence located at 24704 Aguajito Road, Carmel, California 93923 for approximately $1,900,000 (the "California Residence"), which residence was purportedly purchased with some or all of the proceeds of the sale of the Manhattan Apartment and/or the Astoria Apartment . Exh. 1, ¶¶45, 47.  "Frederica resided at the California Residence" and died there on February 4, 2012, 18 months before the

---

[6] Kleinhandler has no knowledge of the alleged sale of the Astoria apartment.  Upon information and belief, and based on his review of the files concerning the administration of the Trust, the alleged proceeds of that purported sale were never transferred into the Trust.  Kleinhandler can only speculate that the Astoria apartment referenced in Stanley's Will was sold prior to Stanley's death and, accordingly, did not pass to Frederica.

6

start of this action. Id., ¶¶ 49-50.  Frederica committed suicide, dying of a single gunshot wound

to the head. See Exh. G to Am. Cmpl., Exh. 1 hereto.

**The Spurious Allegations Against Kleinhandler**

      The Amended Complaint alleges, with no factual basis, that "after Stanley's death,

Frederica and Kleinhandler … actively and intentionally attempted to evade the Agreement and

deprive Donald and Deborah of their inheritance." Exh. 1, ¶25. See also, id., ¶¶34, 69, 79.

Plaintiffs base that conclusory pronouncement on a string of  irrelevancies, namely that

"Kleinhandler was one of the attorneys representing Frederica with respect to Stanley's estate";

his "firm, Phillips Nizer LLP, served as Frederica's attorneys in connection with Stanley's

contested probate," i.e., Plaintiffs' failed lawsuit against Frederica; Kleinhandler "was apparently

representing Frederica ever since [the failed lawsuit] and is the one who reported Frederica's

death to authorities…;" Kleinhandler is "Frederica's friend and attorney"; and Kleinhandler did

not communicate to Plaintiffs "the fact of Frederica's death, nor the attempt to sell the California

Residence." Exh. 1, ¶¶ 27-29, 54.

      The Amended Complaint erroneously claims that "Kleinhandler de facto undertook to act

as personal representative of Frederica's estate and de facto to act for her estate" based on

nothing more than the allegation that when "Kleinhandler was contacted by law enforcement

authorities after Frederica's suicide [he] represented to…those authorities that he was authorized

to act for Frederica's estate." Exh. 1, ¶¶55-56.  Plaintiffs insist, with no foundation in law or fact,

that "[b]y operation of law [they] are the beneficiaries of a trust for their ultimate sole and

exclusive benefit over all of Frederica's property, assets and accounts" and that Kleinhandler

"undertook a duty and responsibility to…inform [Plaintiffs] of the fact of Frederica's death and

to administer her affairs for [Plaintiffs'] benefit." Id., ¶¶64, 74.

1208759.3

Plaintiffs nowhere allege that they are beneficiaries under the Trust; sought advice from Kleinhandler; relied on statements made by Kleinhandler; reasonably trusted him; or even knew of his existence until shortly before this action was commenced.  Moreover, the Amended Complaint does not allege that Kleinhandler was a party to the Agreement; transferred, or caused to be transferred assets into or out of the Trust outside of his authority as Trustee; or intentionally misled – or even communicated with – either Plaintiff.

## ARGUMENT

### KLEINHANDLER'S MOTION TO DISMISS THE AMENDED COMPLAINT SHOULD BE GRANTED

**A.  Standard Governing A Motion To Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)(Bell Atlantic Corp. v. Twombly. 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do it.'" Id. (quoting Twombly, supra, 127 S. Ct. at 1965). "[T]he plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F. 3d 87, 98 (2d Cir. 2007)(quoting Twombly, supra, 550 U.S. at 555)(footnote omitted).  This "does not require heightened fact pleading of specifics, [but] it does require enough facts to 'nudge [plaintiffs] claims across the line from conceivable to plausible.'" In re Elevator Antitrust Litigation, 502 F. 3d 47, 50 (2d Cir. 2007)(quoting Twombly, supra, 127 S. Ct. at 1974).

Here, the Amended Complaint patently fails to satisfy the pleading requirements articulated by the Supreme Court in Twombly and Iqbal.

### B. Plaintiffs Lack Standing To Bring This Action Because They Cannot Probate Frederica's Alleged Will

Whether Plaintiffs have standing is "the threshold question…determining the power of the Court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975), cert. denied, 520 U.S. 1196, 117 S. Ct. 1552 (1997). "[P]laintiffs … [have] the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002). See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992).

To establish standing, Plaintiffs must demonstrate that they "have suffered 'an injury in fact' – an invasion of a legally protected interest which is: (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, supra, 504 U.S. at 560. Plaintiffs must also prove "a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the Defendant, and not . . . the result [of] the independent action of some third party not before the Court." Lujan, supra, 504 U.S. at 560-61 (internal quotation marks omitted). "It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 561 (internal quotation marks are omitted).

Here, Plaintiffs lack standing because they have not established themselves as beneficiaries under Frederica's alleged Will; indeed, they concede having made no effort to probate Frederica's alleged Will in the more than eighteen months (18) months since her death in February, 2012. See Exh. 1, ¶ 56. Since they cannot establish that they are Frederica's beneficiaries, they cannot show that they stand to benefit should this Court overturn the Trust. Consequently, they lack standing to bring this action. See generally, Brito v. Mukasey, 521 F.3d 160, 168 (2d Cir. 2008) ("Because [the plaintiff] alleges only a potential for [injury] that has not

9

yet occurred and because that potential is born of nothing more than hypothesis and conjecture, [the plaintiff] lacks standing…"); Lujan v. Defenders of Wildlife, supra, 504 U.S. at 560.

Plaintiffs cannot probate Frederica's alleged Will because they do not have the original of same. Plaintiffs failed to attach a signed copy of Frederica's alleged Will to their Complaint or Amended Complaint. Moreover, Plaintiffs' continued failure to probate the alleged Will (of which they claim to be the beneficiaries) and seek to obtain Frederica's assets proves that they do not have her alleged Will.

In the parties' Standstill Agreement and in Plaintiffs' Requests to Produce, Plaintiffs requested that Kleinhandler produce the alleged original of Frederica's alleged Will, or a signed copy of the alleged Will, thereby again acknowledging they do not have one. Kleinhandler does not possess Frederica's alleged Will, or know the whereabouts of same, and, indeed, Phillips Nizer does not possess such alleged Will since no such Will was drafted by Phillips Nizer.

Even if, for the sake of argument, Plaintiffs could produce a signed copy of Frederica's alleged Will, they would still be unable to probate it. Under New York's Surrogate's Court Procedure Act ("SCPA") § 1407(2), in order for a lost or destroyed will to be probated, Plaintiffs must demonstrate: (1) that the will has not been revoked; (2) execution of the will is proved in the manner required for the probate of an existing will; and (3) all of the provisions of the will are clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete. SCPA § 1407. See In re Estate of Philbrook, 185 A.D.2d 550, 551, 586 N.Y.S.2d 394, 395 (3d Dep't 1992).

New York's Estates, Powers and Trusts Act ("EPTL") § 3-2.1 provides the specific formal requirements for the execution of wills. To establish due execution, a proponent must show that: (1) the testator signed at the end of the instrument; (2) the testator either signed in the

10

1208759.3

presence of at least two attesting witnesses, or acknowledged his or her signature to them; (3) the testator declared to each of the attesting witnesses that the instrument was his/her will; and (4) the witnesses signed at the testator's request.  EPTL § 3.2.1.  See generally, Matter of Falk, 47 A.D.3d 21, 25-26, 845 N.Y.S.2d 287, 290 (1st Dep't 2007), appeal denied, 10 N.Y.3d 702, 854 N.Y.S.2d 103 (2008).

Here, upon information and belief, the drafter of the alleged Will died several years ago and Plaintiffs do not allege knowledge of the whereabouts of the witnesses to the alleged signing of the alleged Will, which occurred seventeen (17) years ago, in 1996.  Accordingly, Plaintiffs cannot satisfy their burden of demonstrating proper execution of Frederica's alleged Will.

Assuming, for the sake of argument, Plaintiffs' cannot probate Frederica's alleged Will, Frederica would be deemed to have died intestate and the proceeds of her estate would be distributed to her nearest kin pursuant to EPTL 4-1.1.  "In order to establish their rights as distributees, [Plaintiffs] in a kinship proceeding must prove: (1) their relationship to the decedent; (2) the absence of any person with a closer degree of consanguinity to the decedent; and (3) the number of persons having the same degree of consanguinity to the decedent or to the common ancestor through which they take."  Matter of Kushnir, 2011 N.Y. Misc. LEXIS 6020, at *3 (Surr. Ct. Nassau Co. Aug. 31, 2011) (citations omitted).  Here, upon information and belief, Frederica is survived by a brother.  In stark contrast, Plaintiffs, the children of Stanley and his first wife, have no degree of consanguinity to Frederica and, therefore, would not be distributees of any of her assets.

Simply put, Plaintiffs cannot probate Frederica's alleged Will and cannot show that they are her beneficiaries.  Therefore, even if, for the sake of argument, Plaintiffs are successful in overturning the Trust, Frederica's assets would not pass to them, but rather to Frederica's nearest

1208759.3

kin who, upon information and belief, is her brother.  Conversely, if Plaintiffs are unsuccessful

here, the assets will pass to the New School.  Under either scenario, Plaintiffs will not benefit

from the resolution of this action and, therefore, lack standing.

      For the same reasons, Plaintiffs cannot seek a declaratory judgment since the allegations

of the Amended Complaint must demonstrate the existence of a <u>bona fide</u> justiciable

controversy, a real dispute between adverse parties, involving substantial legal interests for

which a declaration of rights will have some practical effect.  <u>See</u> <u>Golden v. Zwickler</u>, 394 U.S.

103, 108 (1969) (plaintiff held not to be entitled to a declaratory judgment since he did not

present a "concrete legal issue[]").  Here, until Plaintiffs produce Frederica's alleged Will and

prove that they are Frederica's beneficiaries, they cannot allege that there is a substantial

controversy between themselves and Kleinhandler to warrant the issuance of a declaratory

judgment.  <u>See id.</u> ("the question in each case is whether the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal

interests, or sufficient immediacy [] to warrant the issuance of a declaratory judgment"); <u>Velvet</u>

<u>Underground v. Andy Warhol Found.</u>, 890 F. Supp. 2d 398, 408 (S.D.N.Y. 2012).

      Finally, Plaintiffs lack standing since they cannot demonstrate that Frederica breached

her Agreement with Stanley and, consequently, there is no injury in fact.  The Agreement

provided that the wills accompanying the Agreement "shall continue in full force and effect and

shall not be altered or revoked..., except with the written consent of the other party."  Exh. 2, ¶ 6.

The Amended Complaint does not allege that Frederica altered or revoked her alleged Will, or

that the alleged Will does not remain in force and effect.  Moreover, because Frederica's alleged

Will made no specific bequests, any alleged lifetime gifts made by her would not defeat the

alleged intent of Frederica and Stanley that the survivor receive the entire estate of the first to

die.  In sum, Plaintiffs lack standing to bring the Amended Complaint and it should be dismissed

in its entirety.

### C.  Plaintiffs Fail To State A Claim For Breach Of Fiduciary Duty Against Kleinhandler, Individually, And As Trustee Of The Trust

A fiduciary is "[a] person who is required to act for the benefit of another person on all

matters within the scope of their relationship; one who owes to another the duties of good faith,

trust, confidence and candor," or "[o]ne who must exercise a high standard of care in managing

another's money or property."  Black's Law Dictionary [9th ed. 2009].  Broadly stated, a

fiduciary relationship is one founded upon trust or confidence reposed by one person in the

integrity and fidelity of another.  See Independent Asset Mgmt. LLC v. Zanger, 538 F. Supp. 2d

704, 709 (S.D.N.Y. 2008) ("In determining whether a fiduciary duty exists, the focus is on

whether one person has reposed 'trust or confidence in another' and whether the second person

accepts the trust and confidence and 'thereby gains a resulting superiority or influence over the

first'") (quoting Region's Bank v. Wieder & Mastroianni, P.C., 425 F. Supp. 2d 265, 270

(S.D.N.Y. 2006)).  "It is settled in New York that a fiduciary relationship exists 'when confidence

is reposed on one side and there is resulting superiority and influence on the other.'"  King

County v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 288, 313 (S.D.N.Y. 2012) (internal

citations omitted).

Plaintiffs and Kleinhandler never established a relationship founded upon trust or

confidence reposed by Plaintiffs in the integrity and fidelity of Kleinhandler, and Plaintiffs fail to

demonstrate the existence of any "factors from which a court could conclude that such a

relationship has been established."  Boley v. Pineloch Assocs., Ltd., 700 F. Supp. 673, 681

(S.D.N.Y. 1988).  See Kottler v. Deutsche Bank AG, 607 F. Supp. 2d 447, 465-66 (S.D.N.Y.

2009) ("[p]laintiffs have simply shown no connection between themselves and Presidio, other than the mailing of documents to Plaintiff Kottler about the OPIS tax strategy . . .").[7]

Kleinhandler, a Phillips Nizer partner, never had any relationship with either Plaintiff. Plaintiffs are not beneficiaries under the Trust; they do not allege having been clients of Kleinhandler, or claim that Kleinhandler otherwise provided them with legal advice and, indeed, he never did.  Kleinhandler is not even alleged to have ever met or spoken with either of the Plaintiffs.  Plaintiffs do not allege that they placed any trust and confidence in Kleinhandler or that he accepted any alleged reposing of such trust.  Plaintiffs' failure to even allege when they first learned of Kleinhandler's existence undercuts any claim that Plaintiffs somehow placed their trust in anything Kleinhandler did or said.  See Independent Asset Mgmt. v. Zanger, supra, 538 F. Supp. 2d at 711 ("[T]here are no facts alleged which would indicate that [plaintiff] reposed any trust or confidence in [defendant] or that [plaintiff] was even aware of the fact that [defendant] would be the person managing [the] money.")

Plaintiffs do not allege that they relied on statements made by Kleinhandler, or sought his advice, or placed trust in him, or that Kleinhandler made a promise upon which Plaintiffs relied, or that Kleinhandler was unjustly enriched in any conceivable manner.  The Amended Complaint does not come close to establishing any relationship between Kleinhandler and Plaintiffs, let alone a fiduciary relationship, and such a relationship cannot be established since Kleinhandler never had the slightest dealings with the children of the first marriage of Stanley.  See generally, Petrello v. White, 412 F. Supp. 2d 215, 224 (E.D.N.Y. 2006).

---

[7] See generally, United States v. Chestman, 947 F. 2d 551, 568-69 (2d Cir 1991) (a "fiduciary relationship involves discretionary authority and dependency [,]" and involves "reliance, and de facto control and dominance"); Thermal Imaging, Inc. v. Sandgrain Sec., Inc., 158 F. Supp. 2d 335, 343 (S.D.N.Y. 2001) ("Here, the relationship between plaintiffs and defendants was far too attenuated to give rise to a fiduciary duty").

14

1208759.3

The Amended Complaint erroneously alleges (for the first time) that a fiduciary relationship between Kleinhandler and Plaintiffs arose "[b]y operation of law" since: (i) "[Plaintiffs] are the beneficiaries of a trust for their sole and exclusive benefit over all of Frederica's property…"; (ii) "from and after Frederica's death, Kleinhandler has been the sole trustee of a trust for the [Plaintiffs'] sole and exclusive benefit …" and (iii) Kleinhandler "had a duty and obligation to inform the [Plaintiffs] of the fact of Frederica's death and to administer the affairs of that trust for their benefit." Exh. 1, ¶¶74-76.  This Court is free to disregard such legal conclusions couched as factual allegations.  See World Wrestling Entm't, Inc. v. Jakks Pac., Inc., 530 F. Supp. 2d 486, 504 (S.D.N.Y. 2007), aff'd, 2009 U.S. App. LEXIS 10585 (2d Cir. 2009) ("the Court is not required to credit mere legal conclusions that are dressed up as factual allegations that a defendant was in a fiduciary relationship with a plaintiff").

The alleged fact that Kleinhandler "arrang[ed] for the disposition of Frederica's body" following her suicide on February 4, 2012 and allegedly "represented to…law enforcement authorities [who had contacted him] that he was authorized to act for Frederica's estate," hardly imposed a fiduciary duty on Kleinhandler towards Plaintiffs. Exh. 1, ¶¶55-57.  See generally, Jana L. v. W. 129th St. Realty Corp., 22 A.D.3d 274, 276, 802 N.Y.S.2d 132, 134 (1st Dep't 2005).  Kleinhandler was the Trustee of Frederica's Trust and reasonably acted to make the necessary arrangements after being notified of Frederica's death.  Plaintiffs cannot claim to have relied on anything Kleinhandler said or did, or reposed trust in him as a result, since they were admittedly unaware of Kleinhandler's actions until well after the fact.  Even if they had been contemporaneously aware of Kleinhandler's conduct, they were unaffected by the services he rendered towards Frederica, with whom, upon information and belief, they were estranged. See generally, Sears v. First Pioneer Farm Credit, A.C.A., 46 A.D.3d 1282, 1286 (3d Dep't. 2007)

1208759.3

(plaintiffs failed to show that "such a relationship exists [by proffering factual allegations or other proof that] one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge") (quoting Doe v. Holy See [State Vatican City], 17 A.D.3d 793, 7995 (3d Dep't. 2005), lv. denied, 6 N.Y. 3d 707 (2006)).

Kleinhandler's alleged knowledge of Frederica's death and his purported efforts to sell the California Residence do not establish the existence of an arms-length relationship between Kleinhandler and Plaintiffs, let alone that a fiduciary relationship evolved "by operation of law." Id., ¶54. See generally, Petrello v. White, 412 F. Supp. 2d 215, 225 (E.D.N.Y. 2006) ("[F]iduciary duties do not arise solely because one party has expertise that is superior to another") (citing Boley v. Pineloch Assocs., Ltd., supra, 700 F. Supp. at 681) ("allegations of reliance on another party with superior expertise, standing by themselves, will not suffice"). Kleinhandler's alleged knowledge of Frederica's death is hardly the type of "superior knowledge" from which a fiduciary duty can be inferred, particularly here where Kleinhandler and Plaintiffs were total strangers and remain so to this day.

Under Plaintiffs' "operation of law" theory, Kleinhandler's alleged fiduciary duty towards Plaintiffs did not arise until after Frederica's death in February, 2012 or, stated otherwise, did not exist in 2002 when the Trust was created and Frederica allegedly transferred her assets (including those she purportedly inherited from Stanley) into the Trust. See Exh. 1,¶¶ 35, 40-41.  For this reason alone, this Court should dismiss the Amended Complaint.

Plaintiffs speculate that "[h]ad Kleinhandler not misrepresented his position to law enforcement, upon information and belief, law enforcement would have made a search for Frederica's next of kin…[and] would have located Donald or Deborah and informed them of Frederica's death." Exh. 1,¶¶60-61.  Such pure conjecture cannot substitute for facts.  In any

16

event, their allegation is factually incorrect since, as discussed above, Plaintiffs are not the next

of kin of Frederica (the third wife of their father, Stanley).[8]

In sum, Kleinhandler was not under a duty to act for or to give advice for the benefit of

Plaintiffs, was never asked to do so, or ever did so.  See Independent Asset Mgmt. v. Zanger,

supra, 538 F. Supp. 2d at 709-10.  It is ludicrous to infer that a relationship of trust and

confidence existed between Plaintiffs and Kleinhandler, an alleged friend and lawyer for

Frederica, and whose firm represented Frederica in connection with Plaintiffs' "undue influence"

action. Exh. 1, ¶¶28, 38.  No fiduciary relationship existed and, consequently, Plaintiffs cannot

allege that Kleinhandler, either individually or as Trustee of the Trust, breached that non-existent

duty and the claim should be dismissed in its entirety.

### D. Plaintiffs' Equitable Claims Should Be Dismissed As Against Kleinhandler Since No Fiduciary Relationship Existed Between Kleinhandler And Plaintiffs

Plaintiffs' claims for a declaratory judgment, an equitable accounting, and for a

constructive trust, all require the existence of a fiduciary relationship between Kleinhandler and

Plaintiffs. See generally, Sharp v. Kosmalski, 40 N.Y. 2d 119 (1976); Village of Hoosick Falls v.

Allard, 249 A.D.2d 876,879, 672 N.Y.S.2d 447, 449 (3d Dep't), lv. denied, 92 N.Y.2d 807

(1998)("absent any factual allegation or evidence of a fiduciary relationship, the fourth cause of

action for an equitable accounting cannot stand")(citations omitted); Davis v. Cornerstone Tel.

Co., 2008 N.Y. Misc. LEXIS 3264, at *31 (S. Ct. Albany Co. June 5, 2008) ("The right to an

equitable accounting requires, as a prerequisite, a showing of a fiduciary and confidential

relationship between the parties") (citing PVM Oil Futures v. Banque Paribas, 161 A.D.2d 220,

221 (1st Dep't 1990)); Bontecou v. Goldman, 103 A.D.2d 732, 733 (2d Dep't 1984)("there are

---

[8] Plaintiffs' admission that remained unaware of Frederica's death for an unspecified period of time underscores their estrangement and their inability to demonstrate that Frederica ever signed an alleged Will.

essential elements which must be shown to establish a constructive trust…[including] a confidential or fiduciary relationship…")(citations omitted).  That relationship does not exist and, accordingly, those claims should be dismissed in their entirety.

These equitable claims should be dismissed for the following additional reasons:

### E.  Plaintiffs' Constructive Trust Claim Against Kleinhandler Is Time Barred

Plaintiffs' claim to impose a constructive trust or equitable lien is subject to a 6-year statute of limitations.  See CPLR § 213(1).  See also Delaurentis v. Delaurentis, 47 A.D.3d 750, 751, 850 N.Y.S.2d 557, 558 (2d Dep't), lv. denied, 11 N.Y.3d 706, 868 N.Y.S.2d 598 (2008).  The limitations period "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution." Ponnambalam v. Sivaprakasapillai, 35 A.D.3d 571, 574, 829 N.Y.S.2d 540, 542 (2d Dep't 2006).  See Kaufman v. Cohen, 307 A.D.2d 113, 127 (1st Dep't 2003) ("[a]n action to impose a constructive trust is governed by the six-year statute of limitations…which commences to run upon occurrence of the wrongful act giving rise to a duty of restitution, and not from the time when the facts constituting the fraud are discovered…") (citations omitted); Delaurentis v. Delaurentis, supra, 47 A.D.3d at 751 (to the same effect); Reiner v. Jaeger, 50 A.D.3d 761, 761, 855 N.Y.S.2d 613 (2d Dep't 2008)(to the same effect); Nazzarro v. Nazzaro, 2011 N.Y. Misc. LEXIS 1554, at *15 (S. Ct. Suffolk Co. April 7, 2011) ("[w]here the constructive trustee is alleged to have wrongfully acquired the property, the action is deemed to accrue on the date of the alleged wrongful transfer of the property") (citations omitted).

Here, the Amended Complaint alleges that the Trust was created in 2002 and that Kleinhandler purportedly caused transfers to be contemporaneously made therein. Exh. 1, ¶¶35, 39-40.  Those transfers occurred more than six years ago; consequently, the claim for a constructive trust is time barred and should be dismissed.  See Reiner v. Jaeger, supra, 50 A.D.3d 761; Nazzaro v. Nazzaro, supra, 2011 N.Y. LEXIS 1554, at *15-16.  See also, Brown v. Powell,

18

1208759.3

2012 N.Y. Misc. LEXIS 1612, at *11 (S. Ct. Queens Co. April 4, 2012) ("The cause of action

[for a constructive trust] accrues, in circumstances when there has been a breach or repudiation

of the trust agreement") (citations omitted).

To the extent Plaintiffs claim that the Agreement was breached by the selling the

Manhattan Apartment and transferring the assets of that sale to the Trust, such sale and transfer

allegedly occurred in May, 2007, also more than six years prior to the commencement of this

Action. Id., ¶¶42-43.[9]

Plaintiffs' claim for a constructive trust should be dismissed in its entirety.

## F. Plaintiffs' Claim For A Declaratory Judgment Against Kleinhandler Is Time Barred

"Actions for declaratory judgments are not ascribed a certain limitations period."

Waldman v. 853 St. Nicholas Realty Corp., 64 A.D.3d 585, 587, 882 N.Y.S.2d 481, 482 (2d

Dep't 2009). See Solnick v. Whalen, 49 N.Y.2d 224, 229, 425 N.Y.S.2d 68, 71 (1980). "The

nature of the relief sought in a declaratory judgment action dictates the applicable limitations

period." Waldman, supra, 64 A.D.3d at 587. "To the extent that the plaintiff asserts a cause of

action for a declaratory judgment, such a cause of action also could have been brought, as it was,

as an action to impose a constructive trust." Tornheim v. Tornheim, 67 A.D.3d 775, 777, 888

N.Y.S.2d 603, 606 (2d Dep't 2009). As in Tornheim, "because the cause of action to impose a

constructive trust…is time-barred, the declaratory judgment cause of action against him is also

time-barred under the six-year limitations period applicable to a cause of action to impose a

constructive trust." Id. (citing New York City Health & Hosps. Corp., 84 N.Y.2d 194, 201

(1994) and Waldman v. 853 St. Nicholas Realty Corp, supra., 64 A.D.3d at 585).

---

[9] Although the proceeds from the sale of the Manhattan Apartment were placed into the Trust in 2007, "Frederica transferred Stanley's Manhattan Apartment-which she had inherited under Stanley's Will-to the Trust" on or about December 17, 2002. Exh. 1, ¶39 and Exh. B to Am. Cmpl.  Thus, the actual breach of the Agreement occurred in December, 2002.

Plaintiffs' claim for a declaratory judgment should be dismissed in its entirety.

### G.   Plaintiffs' Claim For An Equitable Accounting Against Kleinhandler Is Time Barred

The statute of limitations for an equitable accounting is six years from the time the fiduciary relationship is openly repudiated or otherwise comes to an end. See cf., AQ Asset Mgt. LLC v. Levine, 2013 N.Y. Misc. LEXIS 2054, at *37(S. Ct. N. Y. Co. March 28, 2013).

Putting aside the fact that the Amended Complaint does not come close to alleging the existence of a fiduciary relationship between Kleinhandler and the Plaintiffs, to the extent Kleinhandler allegedly repudiated the breach of trust, he allegedly did so in 2002 when he and Frederica "actively and intentionally attempted to evade the Agreement and deprive Donald and Deborah of their inheritance" by creating the Trust and us[ing] the Trust to evade [Frederica's] obligations under the Agreement and Kleinhandler and/or his firm Phillips Nizer LLP advised her with respect to its creation." Exh. 1, ¶¶25, 34-35.  Those events allegedly occurred in 2002, eleven years prior to the commencement of this action and, consequently, the claim for an equitable accounting is time-barred.

### H.   Plaintiffs Should Not Be Able To Assert Claims Against Kleinhandler When Their Underlying Breach Of Contract Claim Against Frederica Is Time-Barred

Under New York's conflicts of laws rules, California law should be applied to Plaintiffs' claim that Frederica violated her Agreement with Stanley by allegedly using the Trust to deprive Donald and Deborah of their purported inheritance.  New York courts apply the "center of gravity" or "grouping of contacts" inquiry to determine which State has the most significant contacts to a contract dispute. See generally, Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 317, 618 N.Y.S2d 609, 612 (1994).  "The purpose of grouping contacts is to establish which State has 'the most significant relationship to the transaction and the parties.'" Id. at 317 (quoting Restatement [Second] of Conflict of Laws § 188[1]).

20

In stark contrast to claims alleged against Kleinhandler, a New York resident, in his capacity as Trustee of a New York-created Trust, California would have the stronger interest in having its laws apply with respect to claims against Frederica who was domiciled in California and died at the California Residence (her principal asset). Likewise, Deborah, one of the two Plaintiffs, is a California resident.[10] The principal contact New York has with this action is that the Agreement was drafted here eighteen years ago, in 1996, at a time when Stanley and Frederica were both living in this State. Since the parties to the Agreement are deceased and the impact of the Agreement is more materially felt in California, California law should be applied to any claim that Frederica breached the Agreement. See generally, In re Liquidation of Midland Ins. Co., 16 N.Y.3d 536 (2011).

Section 366.3 of the California Code of Civil Procedure pertains to claims "predicated upon the decedent's agreement to distribute estate or trust property in a specified manner," and proscribes a one-year statute of limitations measured from the decedent's date of death.[11] Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 555 (2008). Specifically, it has been held to apply even to fraud and unjust enrichment claims, as long as they are "predicated on a decedent's promise to make specified distributions upon his death." Id. Moreover, it has been held to apply to claims

---

[10] Donald is a resident of Massachusetts. Exh. 1, ¶1.

[11] Section 366.3 provides:

> "(a) If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply. ¶(b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in Sections 12, 12a, and 12b of this code, and former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code, as that part read prior to its repeal by Chapter 174 of the Statutes of 2008, ¶(c) This section applies to actions brought on claims concerning persons dying on or after the effective date of this section."

based on an agreement to leave certain property by Will, even when the claimant is seeking only damages for breach of the agreement and is not seeking the property itself.  Stewart v. Seward, 148 Cal. App. 4th 1513, 1521-23 (2007).  See Estate of Ziegler, 187 Cal. App. 4th 1357, 1365 (2010) ("The Legislature clearly intended Code of Civil Procedure Section 366.3 to apply, at a minimum, to a claim based on a contract to make a will.  The Legislature even referred broadly to all 'equitable and contractual claims to distribution of estates.' (Assem. Com. On Judiciary, Analysis of Assem. Bill No. 1491, at p. 4))."

Estate of Ziegler, 187 Cal. App. 4th at 1365 is instructive.  There, the court stressed that: "the Legislature clearly intended . . . section 366.3 to apply, at a minimum, to a claim based on a contract to make a will," referring broadly in the legislative history to all "'equitable and contractual claims to distribution of estates.'" 187 Cal. App. 4th at 1365.  The court "assume[d] . . . that a claim based on a contract to make a will is either a creditor's claim or a claim to specific property and hence is not a claim for a 'distribution' in the technical sense," but it is "a claim for a 'distribution' in the sense that the Legislature intended" with respect to the enactment of section 366.3, subdivision (a). Id.

The Ziegler court determined that plaintiff's claim was "indistinguishable from a claim on a contract to make a will. Ziegler, supra, 187 Cal. App. 4th at 1365.  The Agreement was a promise to transfer property upon death.  It could be performed only after death, by the decedent's personal representative, by conveying property that otherwise belonged to the estate." Id.  The court held that even if the written agreement was viewed as a present obligation to convey a distribution of the estate, it would still come within the scope of section 366.3. Id. Accordingly, the court concluded that plaintiff's claims were time-barred by section 366.3. Id. 1366. See also, Stewart v. Seward, supra, 148 Cal. App. 4th 1513, 1521 (dismissing claim

22

against estate, concluding that plaintiff was suing on "'a promise or agreement with a decedent to distribution from an estate or trust or . . . another instrument . . . .'") (citations omitted); Ferraro v. Camarlinghi, supra, 161 Cal. App. 4th at 555(§ 366.3 "extends to any claim that 'arises from' the decedent's promise or agreement" to make a distribution).

Alternatively, a breach of contract claim against Frederica's Estate would be barred by California Section 366.2 which governs causes of action that exist at the time of a person's death. Cal. § 366.2 states, in pertinent part:

> "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

Cal. § 366.2.

Here, if Frederica allegedly made an inter vivos transfer of the assets to the Trust in 2002, Plaintiffs putative claim from the breach of the Agreement arose prior to her death.  Since such a cause of action existed, Section 366.2 applies and would bar Plaintiffs from asserting that claim against Frederica's Estate. See Estate of Ziegler, supra,  187 Cal. App. 4th 1357; Stewart v. Seward, supra, 148 Cal. App. 4th at 1520-21.  Accordingly, it would be inequitable to allow Plaintiffs to predicate their claims here on Frederica's alleged 2002 transfers.

## CONCLUSION

For the foregoing reasons, Defendant Neil Kleinhandler, in his individual capacity as the Trustee of the Trust, respectfully requests that his motion to dismiss the Amended Complaint in its entirety be granted, with costs and disbursements, including Kleinhandler's attorney's fees, and such other and further relief as is warranted.

1208759.3

Dated: New York, New York
       October 7, 2013

PHILLIPS NIZER LLP

By: _Bruce Turkle (BT-2676)_

Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler,
individually and as Trustee of the Frederica Fisher
Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com

24

1208759.3