UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONALD M. THEA and DEBORAH L. THEA, :
:
                Plaintiffs, :
:
                -against- :
:
NEIL C. KLEINHANDLER, individually and as : Civil Action No.: 13-cv-04895-PKC
trustee of the FREDERICA FISHER THEA :
REVOCABLE TRUST, NEW SCHOOL :
UNIVERSITY, and ERIC T. SCHNEIDERMAN :
as Attorney General of the State of New York, :
:
                Defendants. :
:
:
------------------------------------------------------------x

**MEMORANDUM OF LAW OF THE NEW SCHOOL
IN SUPPORT OF DISMISSAL OF THE AMENDED COMPLAINT**

                                        SCHULTE ROTH & ZABEL LLP

                                        Marcy Ressler Harris
                                        Kathleen McDermott

                                        919 Third Avenue
                                        New York, New York 10022
                                        Telephone:  (212) 756-2000
                                        Facsimile:  (212) 593-5955

                                        *Counsel to The New School*

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Central Union Trust Co. of New York v. Trimble*,
   255 N.Y. 88 (1930) ................................................................................................................3

*In re Chase Manhattan Bank*,
   6 N.Y.3d 456 (2006) .............................................................................................................2

*In the Matter of the Estate of Burton Wallens*,
   9 N.Y.3d 117 (2007) ........................................................................................................2, 3

*Mercury Bay Boating Club, Inc. v. San Diego Yacht Club*,
   76 N.Y.2d 256 (1990) ...........................................................................................................3

**Statutes**

Fed. R. Civ. P. § 12(b)(6)……………………………………………………………………….1

The New School, sued herein as "New School University," by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. § 12(b)(6) for the reasons set forth herein and in Defendant Neil Kleinhandler's Notice of Motion ("Kleinhandler's Motion"), Defendant Neil Kleinhandler's Memorandum of Law in Support of His Motion to Dismiss the Amended Complaint ("Kleinhandler's Brief"), and in the Affidavit of Bruce J. Turkle, Esq., sworn to October 7, 2013 ("Turkle Affidavit"), filed by Phillips Nizer LLP on October 7, 2013 on behalf of Defendant Neil C. Kleinhandler, individually and as trustee of the Frederica Fisher Thea Revocable Trust.  To avoid unnecessary duplication, The New School joins in, adopts, and incorporates by reference each and all of the relief sought in Kleinhandler's Motion and each and all of the legal arguments contained in Kleinhandler's Brief as if fully set forth herein and made a part hereof.

In addition, and in further support of the dismissal of the Amended Complaint, a copy of which is attached as Exhibit 2 to the Turkle Affidavit, The New School respectfully states as follows:

The New School is the charitable remainder beneficiary of the Frederica Fisher Thea Revocable Trust (the "Trust").  (Amended Complaint ¶5.)  According to the Amended Complaint, Frederica Fisher Thea ("Frederica") created and funded the Trust in or about December 2002.  (Amended Complaint ¶39.)  A copy of the Trust, which was duly executed and subscribed in the presence of three witnesses, is attached as Exhibit 2 to the Turkle Affidavit.

The Trust named Frederica and Defendant Neil C. Kleinhandler ("Kleinhandler") as co-Trustees of the Trust.  (Exhibit 2 to Turkle Affidavit at 1.)  Article V of the Trust provided as follows:

1

> Article V, Distribution of Trust Assets Upon Death of Grantor: Upon the death of the Grantor, after making all payments required by Article IV [related to payment of debts, funeral expenses, and taxes], all of the rest, residue and remainder of the trust estate of every nature, real, personal or mixed, wheresoever situated, of and to which the Grantor may die seized, possessed or entitled (the "Residuary Trust Estate") shall be distributed to the NEW SCHOOL UNIVERSITY, to be used for the benefit of the MANNES COLLEGE OF MUSIC, New York, New York, for its general purposes. In the event that the MANNES COLLEGE OF MUSIC is not then in existence, the Residuary Trust Estate shall be distributed to the MANHATTAN SCHOOL OF MUSIC, New York, New York, for its general purposes. (Exhibit 2 to Turkle Affidavit at 8.)

According to a death certificate attached as Exhibit D to the Amended Complaint, Frederica died on February 4, 2012. Upon her death, Kleinhandler, as the sole remaining Trustee, is required by the terms of the Trust to distribute the remaining Trust assets to The New School, as the sole beneficiary of the Residuary Trust Estate, in accordance with Frederica's expressed wishes.

Plaintiffs are the children of Stanley Thea ("Stanley") by his first wife. Frederica was Stanley's third wife. Upon information and belief, Plaintiffs filed two prior contested court proceedings against Frederica, and, both times, their efforts were unavailing. In this third attempt – which is also meritless – they would have this Court disregard the clearly stated intentions of Frederica, specified in Article V of the Trust, that the Trust assets be distributed to The New School upon Frederica's death. The Court should dismiss the Amended Complaint in its entirety and deny Plaintiffs the relief they seek, as Frederica's expressed wishes govern the disposition of the Trust assets and Plaintiffs have offered no legally sufficient basis to disregard them. *In the Matter of the Estate of Burton Wallens*, 9 N.Y.3d 117, 122 (2007) (settlor's intent controls distribution of trust assets). *See also In re Chase Manhattan Bank*, 6 N.Y.3d 456, 460 (2006) ("It is well settled that the trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself" (internal

citations omitted)); *Central Union Trust Co. of New York v. Trimble*, 255 N.Y. 88, 93 (1930) ("it would be a dangerous doctrine which would permit us to write [words] into the trust deed").

Here, the Trust contains no ambiguity as to the settlor's intent: Article V clearly states that the Trust's assets are to be distributed to The New School to be used for the benefit of the Mannes College of Music for its general purposes. *See Mercury Bay Boating Club, Inc. v. San Diego Yacht Club*, 76 N.Y.2d 256 (1990) (trustee did not violate its fiduciary duties because it fulfilled settlor's intention, as determined by reference to unambiguous language of trust instrument). Kleinhandler, as Trustee of the Trust, has a fiduciary duty to administer the Trust in the interest of its remainder beneficiary, The New School. *In the Matter of the Estate of Burton Wallens*, 9 N.Y.3d 117, 122 (2007) ("a trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary" (internal citations omitted).)

Despite Frederica's clearly-stated intentions, Plaintiffs allege that Frederica's creation and funding of the Trust in 2002 violated the terms of Frederica's alleged Last Will and Testament (the "Will"). Yet Plaintiffs have not proffered Frederica's alleged Will to this Court, or any court, and appear unable to do so. Upon information and belief, they have not located the original of Frederica's alleged Will or even an executed copy thereof. While Frederica's Trust assets would have to be distributed to The New School in any event, in accordance with its terms, this Court cannot even address Plaintiffs' purported claims absent production of Frederica's alleged Will. Simply, their failure to produce Frederica's alleged Will requires the Court to dismiss their challenge to the Trust *ab initio*, for lack of standing and an inability to state a justiciable controversy as a matter of law, as explained in detail in Kleinhandler's Brief.

For the above reasons, and the reasons set forth in Kleinhandler's Brief, adopted and incorporated by reference herein, The New School respectfully requests that the Amended

Complaint be dismissed in its entirety, with prejudice. The New School also requests an award of costs and disbursements, including attorneys' fees, and such other and further relief as the Court deems warranted.

Dated: New York, New York
October 7, 2013

SCHULTE ROTH & ZABEL LLP

By: /s/ Marcy R. Harris

Marcy Ressler Harris
Kathleen McDermott

919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955
E-mail: Marcy.harris@srz.com
E-mail: Kathleen.McDermott@srz.com

*Counsel to The New School*