Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

DONALD M. THEA and DEBORAH L. THEA,

       Plaintiffs,

  - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

       Defendants.

------------------------------------------------------------ x

Civil Action No. 13-cv-4895 (PKC)

## DEFENDANT NEIL KLEINHANDLER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler,
individually and as Trustee of the Frederica Fisher
Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com

1215416.3

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| Preliminary Statement | | 1 |
| ARGUMENT | | 3 |
| KLEINHANDLER'S MOTION TO DISMISS THE AMENDED COMPLAINT SHOULD BE GRANTED | | 3 |
| A. | Kleinhandler Never Owed Plaintiffs A Fiduciary Duty | 3 |
| B. | Kleinhandler Did Not Breach His Alleged Fiduciary Duty | 6 |
| C. | Plaintiffs Were Not Damaged As A Result Of Kleinhandler's Alleged Breach Of Fiduciary Duty | 7 |
| D. | Plaintiffs' Claims Are Time Barred | 7 |
| E. | Since No Fiduciary Relationship Existed, Plaintiffs' Equitable Claims Should Be Dismissed | 8 |
| F. | Under Applicable California Law, The Underlying Breach Of Contract Claim Against Frederica Is Time-Barred | 9 |
| CONCLUSION | | 10 |

## TABLE OF AUTHORITIES

Page

### CASES

Adam v. Cutner & Rathkopf,
 238 A.D.2d 234 (1st Dep't 1997) ............................................................................................ 9

Allen v. Payson,
 170 Misc. 759 (Sup. Ct. Queens Co. 1939) ............................................................................ 8

Allen v. Stoddard,
 212 Cal. App. 4th 807 (4th Dist. 2013) ................................................................................ 10

Blackmon v. Battcock,
 78 N.Y.2d 735 (1991) ............................................................................................................ 4

Boronow v. Boronow,
 111 A.D.2d 735 (2d Dep't 1985), aff'd, 71 N.Y.2d 284 (1988) ............................................. 7

Brewer v. Simpson,
 53 Cal. 2d 567 (1960) ............................................................................................................ 8

Counihan v. Allstate Insurance Co.,
 194 F.3d 357 (2d Cir. 1999) ............................................................................................... 8-9

Ellner v. Pope,
 285 A.D.2d 624 (2d Dep't 2001) ........................................................................................... 9

Estate of Diane K. Dunbar,
 2001 Cal. App. Unpub. LEXIS 2100 (2d Dist. Oct. 31, 2001) .............................................. 5

Faulkner v. Arista Records LLC,
 602 F. Supp. 2d 470 (S.D.N.Y. 2009) .................................................................................... 9

Ferraro v. Camarlinghi,
 161 Cal. App. 4th 509 (2008) .............................................................................................. 10

In re Carvel Found.,
 8 Misc. 3d 1025(A) (S. Ct. Westchester Co. 2002) ............................................................... 4

In re Estate of Donner,
 82 N.Y.2d 574 (1993) ............................................................................................................ 7

Keystone Consultants, Inc. v. DDR Constr. Servs.,
 74 A.D.3d 1135 (2d Dep't 2010) ........................................................................................... 9

Matter of Djeljaj,
    38 Misc. 3d 618 (Sur. Ct. Bronx Co. 2012) .................................................................. 4-5

Matter of Halbert,
    28 Misc. 3d 1233(A) (2010) ............................................................................................ 8

Matter of Runals,
    68 Misc. 2d 967 (Sur. Ct. Cattaraugus County 1972) ..................................................... 6

Palazzo v. Palazzo,
    121 A.D.2d 261 (1st Dep't 1986) .................................................................................... 9

Parekh v. Cain,
    96 A.D.3d 812 (2d Dep't 2012) ....................................................................................... 3

Rubin v. Irving Trust Co.,
    305 N.Y. 288 (1953) .................................................................................................. 8, 10

R.M. Newell Co. v. Rice,
    236 A.D.2d 843 (4th Dep't 1997) .................................................................................... 7

Ratka v. St. Francis Hosp.,
    44 N.Y.2d 604 (1978) ..................................................................................................... 8

Seth v. Lakeden Realty Corp.,
    17 Misc. 3d 1113(A), 2007 N.Y. Misc. LEXIS 6934 (S. Ct. Kings Co. 2007) .............. 4

Sharp v. Kosmalski,
    40 N.Y.2d 119 (1976) ..................................................................................................... 8

Weiss v. North Shore Motor Group, Inc.,
    2011 N.Y. Misc. LEXIS 4506 (Sup. Ct. Nassau Co. Sept. 14, 2011) ............................. 9

**STATUTORY AUTHORITIES**

N.Y. Civ. Prac. L. & R. §213(1) ................................................................................................ 9

Fed. R. Civ. P. 12(B)(6) ......................................................................................................... 1, 3

Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DONALD M. THEA and DEBORAH L. THEA,         :   Civil Action No. 13-cv-4895 (PKC)
                          Plaintiffs,        :
                                             :
        - against -                          :
                                             :
NEIL C. KLEINHANDLER, individually and as    :
trustee of the FREDERICA FISHER THEA         :
REVOCABLE TRUST, NEW SCHOOL                  :
UNIVERSITY, and ERIC T. SCHNEIDERMAN as :
Attorney General of the State of New York,
                                             x
                          Defendants.
------------------------------------------------------------

### DEFENDANT NEIL KLEINHANDLER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS THE AMENDED COMPLAINT

#### Preliminary Statement

This case is effectively a breach of contract action. Plaintiffs, Donald M. Thea ("Donald") and Deborah L. Thea ("Deborah")(collectively, the "Plaintiffs"), the children of the late Stanley Thea ("Stanley") and his first wife, allege that the late Frederica Fisher Thea ("Frederica") (Stanley's third wife) breached a purported 1995 agreement by which she and Stanley allegedly agreed to execute wills leaving their assets to each other, but in the event the spouse predeceased the testator, the assets would pass to Plaintiffs. Plaintiffs claim that after Stanley's death in 1998, Frederica created the Trust in 2002 (11 years before this action was

1

1215416.3

started and 18 months after Frederica's death) and impermissibly transferred assets of Stanley's Estate (as well as her own assets) therein.

Plaintiffs have not sued Frederica or her estate for breach of contract.[1] Instead, they attempt an end-run, suing Neil Kleinhandler ("Kleinhandler"), who is nothing more than a stakeholder, baselessly alleging that he breached his fiduciary duty, personally, and as Trustee of the Trust. Plaintiffs also seek a constructive trust (despite having an adequate remedy at law in a suit against Frederica's estate); an equitable accounting (despite the absence of a fiduciary relationship), and a declaratory judgment.

Kleinhandler is alleged to have done nothing more than allegedly identify himself as "a representative of Frederica's estate" to the California authorities investigating her death, arranging for her burial, and failing to inform Plaintiffs of Frederica's death. These allegations do not come close to establishing a fiduciary duty, let alone a tortious breach, and Plaintiffs fail to establish that they were damaged in the least. Plaintiffs' claims are, moreover, time-barred, and are predicated on a non-existent fiduciary relationship. The Amended Complaint should be dismissed in its entirety; at minimum, it should be dismissed as against Kleinhandler, personally.

Kleinhandler incorporates by reference the arguments set forth in Point I(A)(pages 3-7) of Defendant The New School's Reply Memorandum of Law dated November 19, 2013. Kleinhandler does not take a position concerning The New School's request that this action be stayed pending efforts to probate Frederica's alleged Will. Kleinhandler strenuously contends that should this Court decide to stay this action, it should first dismiss the Amended Complaint as against Kleinhandler, personally, and as Trustee of the Trust, for the reasons discussed below.[2]

---

[1] Plaintiffs likely fear that a claim against Frederica's estate is time barred and/or that they cannot probate her alleged Will (the original of which they admittedly have failed to locate).

[2] Plaintiffs, for the first time, attach to their opposition papers a document that purports to be a conformed copy of Frederica's Will. Plaintiffs have never attempted to probate the alleged Will. Thus, they force this Court to

2

1215416.3

## ARGUMENT

## KLEINHANDLER'S MOTION TO DISMISS THE AMENDED COMPLAINT SHOULD BE GRANTED

### A. Kleinhandler Never Owed Plaintiffs A Fiduciary Duty

Plaintiffs fail to allege the existence of a fiduciary duty, or its breach, or that they were damaged by Kleinhandler's alleged conduct with the requisite particularity under CPLR 3016(b). See generally, Parekh v. Cain, 96 A.D.3d 812, 816-17(2d Dep't 2012).

Plaintiffs fault Kleinhandler for "spend[ing] the bulk of his time denying any 'relationship' or 'dealings' with the Theas."[3] Plaintiffs' Memorandum of Law In Opposition to Defendants Kleinhandler's and The New School's Motion to Dismiss ("Pl. Br.") at 14. Plaintiffs strain to argue that "fiduciary relationships can arise…even where the fiduciary has no direct interaction with his charge," arguing that "[i]t is of no moment that Kleinhandler never dealt with the Theas personally…" Pl. Br. at 14, 16.

Plaintiffs string together cases (Pl. Br. at 15-16), claiming that "after a party to a contract to make wills receives the benefit of the contract by inheriting from the first to die, the surviving party holds that property in trust for the ultimate beneficiaries of the agreement (here, the Theas) cannot be deprived of the benefit of the agreement…." Pl. Br. at 15. [Emphasis in Pl. Br.].

Plaintiffs' cases are inapposite. The courts there were not asked to decide whether a fiduciary duty existed between a trustee of a trust and non-beneficiaries (or between any parties), or whether a breach had occurred; indeed, the word "fiduciary" is rarely, if ever mentioned. See Pl.Br. at 15-16. Those courts did not address whether a fiduciary duty can be imposed on

---

speculate that they will successfully probate the alleged Will, thereby establishing their status as beneficiaries. Absent proof that they are beneficiaries, they have no interest in the Trust being overturned and, therefore, have no standing to bring this action.

[3] Plaintiffs do not dispute the fact that they are not beneficiaries under the Trust; have never met or spoken with Kleinhandler; and have never relied to the detriment on anything that Kleinhandler said or did.

3

Kleinhandler merely because he allegedly failed to notify Plaintiffs of Frederica's death and allegedly held himself out as a representative of her estate. Exh. 1, ¶¶55-59 [4] and Pl. Br. at 8-9. Moreover, all but one of those cases, In re Carvel Found, 8 Misc. 3d 1025(A) (S. Ct. Westchester Co. 2002), pre-date the New York Court of Appeals decision in Blackmon v. Battcock, 78 N.Y.2d 735, 739-40 (1991) where the court held that when an "agreement not to change [a] will [is] silent as to . . . testamentary-like forms of disposition of property," "[o]nly the change of the will is forbidden." To read an implied promise would "constitute [ ] a significant judicial alteration." Id. at 739.

Kleinhandler did not become a *de facto* fiduciary, a "concept…[that] has been generally applied to cases where the *de facto* executor has abused his or her fiduciary status and has, therefore, been held obligated to account to the beneficiaries of the estate for his or her abuse or self-dealing." Seth v. Lakeden Realty Corp., 17 Misc. 3d 1113(A), 2007 N. Y. Misc. LEXIS 6934, at*17-18 (S. Ct. Kings Co. 2007) (Pl. Br. at 17). Kleinhandler is not the executor of Frederica's alleged Will; is not alleged to have abused his responsibilities as Trustee of the Trust, and it is not claimed that Kleinhandler engaged in self-dealing. Moreover, while the decedent's wife in Seth was deemed "the *de facto* fiduciary," she, unlike Kleinhandler, "was also presumptively the primary beneficiary of her husband's estate ..." and had disposed of assets of the estate. Id.

The three cases Plaintiffs cite in support of their argument (Pl. Br. at 17-18), including Seth, do not establish that the actions Kleinhandler allegedly took constitute an assumption of "the role of a fiduciary . . ." Pl. Br. at 16. In Matter of Djeljaj, 38 Misc. 3d 618, 620-21 (Sur. Ct. Bronx Co. 2012) (Pl. Br.at 17), the alleged *de facto* fiduciary "continued to invest in real estate

---

[4] Unless otherwise indicated, all exhibit numbers refer to the exhibits annexed to the moving Affidavit of Bruce J. Turkle, sworn to on October 7, 2013.

loans with the decedent's funds after his death, and ... made distributions to the decedent's distributees ..," (38 Misc. 3d at 621), and in <u>Estate of Diane K. Dunbar</u>, 2001 Cal. App. Unpub. LEXIS 2100, at *17-19 (2d Dist. Oct. 31, 2001) (Pl. Br. at 18) the alleged *de facto* fiduciary had filed for letters of administration, organized and inventoried assets, paid liabilities, and filed taxes.

Plaintiffs' allegations are, furthermore, factually undermined by a February, 2012 report prepared by the Sheriff of Monterey County, California, Coroner's Division, regarding Frederica's suicide (the "Report"). <u>See</u> Report, annexed to the November 1, 2013 Affidavit of Zachery Silverman (Silverman Aff.") as Exhibit C.[5]

According to the Report, the "reporting party" was "Glen Alder...," not Kleinhandler.[6] The Report reflects that "[Frederica] Thea had left a detailed suicide note [and]...<u>left specific instructions on whom she wished contacted regarding her death.</u>" Exh. C. to Silverman Aff., at 2. [Emphasis added].[7] Kleinhandler can hardly be faulted for not informing Plaintiffs of Frederica's death since to do so would have been contrary to her wishes. Attached to Frederica's "Suicide Note" was a "second page [containing] a numerical list providing contact information for Neil Kleinhandler, her attorney in New York...," thus the investigating officer apparently knew of Kleinhandler's status as Frederica's lawyer prior to speaking with him. Exh. C. to Silverman Aff., at pp. 2-3.

---

[5] Plaintiffs inclusion in their opposition papers of the report and certain financial records is improper since a motion to dismiss should be decided on the four copies of the Amended Complaint.

[6] The Amended Complaint alleges that Kleinhandler is identified on Frederica's death Certificate as the "Informant" (Exh. 1, ¶52); however, he was apparently not the person who initially contacted the police about Frederica's death.

[7] Plaintiffs erroneously insist that "had Kleinhandler not misrepresented his authority...either law enforcement in California or a public administrator in California would have made a search for Frederica's next of kin..." Pl. Br. at 9. Putting aside the absence of evidence that that Plaintiffs are Frederica's next of kin, it is sheer conjecture for Plaintiffs to allege that the authorities would have ignored Frederica's note and searched for other individuals to notify of her death.

5

## B. **Kleinhandler Did Not Breach His Alleged Fiduciary Duty**

The Amended Complaint does not distinguish between alleged wrongs Kleinhandler purportedly committed, personally, as opposed to as Trustee of the Trust. The pleading is devoid of any allegations of wrongdoing by Kleinhandler, personally. The decision to name Kleinhandler, individually, smacks of bad faith and the Amended Complaint should, at minimum, be dismissed as against him.

Kleinhandler, in either capacity, is not alleged to have dissipated the assets of the Trust, mishandled same, or failed to preserve the assets of the Trust for Plaintiffs' benefit.[8] In re Estate of Donner, 82 N.Y.2d 574, 578 (1993) (Pl. Br. at 16), in stark contrast, concerned the imposition of "a surcharge for investment losses incurred by the estate on the coexecutors" where they "were paid handsomely for their services...failed to concern themselves as special experts with the investments through a period of precipitous decline . . . [and] failed to act prudently within the framework of the obligation to preserve assets . . ." Id. No comparable facts are alleged here.[9] Id. at 578.

There is nothing tortious about Kleinhandler allegedly arranging for Frederica's burial and identifying himself as "authorized to act for Frederica's estate." Exh. 1, ¶¶55-57. Indeed, the fact that Kleinhandler (the Trustee of the Trust) allegedly held himself out as a representative of the estate is, by itself, meaningless absent proof that he improperly exercised that alleged authority.

---

[8] Plaintiffs boldly assert that Kleinhandler "proceeded to liquidate and waste [Plaintiffs] property" (Pl. Br. at 9), but never specify how and when any assets were "liquidated and wasted." The reference to the Amended Complaint (¶¶69-70) is meaningless since the allegations contained therein do not concern liquidation of assets and are, in any event, conclusory.

[9] In Matter of Runals, 68 Misc. 2d 967 (Sur. Ct. Cattaraugus County 1972) (Pl. Br at 16), the executor of decedent's will sought an order "that future payments of support to decedent's surviving first wife be made an obligation of the trustee of the decedent's residuary estate and payable from the income...," an issue that has no bearing here. 68 Misc. 2d at 968. While the Runals court noted that an executor of a will "manages all assets of the decedent and stands in a fiduciary [duty] to all parties interested in the estate, specifically including creditors," it was referring to the executor of a will. As for the trustee of the residuary estate, a status closer to Kleinhandler's role here, the court noted that he "manages only the specific trust fund conveyed to him and is answerable only to the life beneficiary and the remaindermen of the particular trust." Id. at 973.

6

## C. Plaintiffs Were Not Damaged As A Result Of Kleinhandler's Alleged Breach Of Fiduciary Duty

The Amended Complaint alleges nothing more than "[u]pon information and belief, Kleinhandler engaged in the foregoing conduct with the intent to hide...from the Theas the fact of Frederica's death...[and] the fact that [Plaintiffs] were entitled to Frederica's property, assets, and accounts..." Exh. 1, ¶¶77-78. See generally, R.M. Newell Co. v. Rice, 236 A.D.2d 843, 844-45(4th Dep't 1997). No actual harm is alleged, or can be alleged.

Plaintiffs never state when and how they actually learned of Frederica's death, and what, if anything, they would have done differently had Kleinhandler informed them of same. Plaintiffs have known of the alleged Will, the agreement and the Trust for some time, but have never acted to probate Frederica's alleged Will, undercutting any claim that they would have acted differently had they known of any of these alleged facts. Moreover, Plaintiffs do not allege that Kleinhandler did not preserve the assets of the Trust, further mandating the dismissal of the Amended Complaint.

## D. Plaintiffs' Claims Are Time Barred

Plaintiffs admit that "Kleinhandler correctly identifies New York's six-year statute of limitations with respect to the Theas' claims for constructive trust, equitable accounting, and declaratory judgment." Pl. Br. at 19. See generally, Boronow v. Boronow, 111 A.D.2d 735, 737 (2d Dep't 1985), aff'd, 71 N.Y.2d 284 (1988) (citations omitted). The same six-year limitations period applies to Plaintiffs' breach of fiduciary duty claim since the relief sought is equitable in nature. CPLR § 213(1).

The Amended Complaint alleges, *inter alia*, that: "Frederica's and Kleinhandler's transfer[] of all or substantially all of Frederica's assets ... into the Trust [in 2002] ... completely defeated the clear intent of the parties to the Agreement ... [and] constitutes a breach of the

Agreement." Exh. 1, ¶¶ 35, 39-41, 95-96.[10] The claims against Kleinhandler thus accrued in 2002, not upon Frederica's death in February, 2012. Pl. Br. at 19-20.

The cases cited by Plaintiffs, Rubin v. Irving Trust Co., 305 N.Y. 288, 298 (1953), Matter of Halbert, 28 Misc. 3d 1233(A) (2010) and Allen v. Payson, 170 Misc. 759 (S. Ct. Queens Co. 1939), involve claims against the testator or her estate for breaching contracts to make wills, not actions against a trustee or other third party for breach of a fiduciary duty.[11] Tolling the statute of limitations on claims against Kleinhandler for 10 years runs counter to well-settled public policy protecting him against defending stale claims.[12] Plaintiffs cite no case in which a breach of fiduciary duty claim against a third party did not accrue until the death of the testator.

### E. Since No Fiduciary Relationship Existed, Plaintiffs' Equitable Claims Should Be Dismissed

Plaintiffs argue that "[e]ven if the Theas are unable to establish that Kleinhandler owed fiduciary duties to them, this will not affect their ability to assert their other equitable causes of action." Pl. Br. at 18. In the same breath they concede that "Kleinhandler's case, Sharp v. Kosmalski, 40 N.Y.2d 119 (1976), notes that a showing of a fiduciary duty has been 'posit[ed] as an element for constructive trust..." Id.

According to Plaintiffs, "'New York Courts do not insist that a constructive trust must fit within the framework of these elements.'" Pl. Br. at 18 (quoting Counihan v. Allstate Insurance Co., 194 F.3d 357 (2d Cir. 1999))[Emphasis in Pl. Br.]. Here, the facts do not fit the framework of an action for a constructive trust because Kleinhandler, a mere stakeholder, is not a fiduciary,

---

[10] In their brief, Plaintiffs more strongly assert that "Kleinhandler emptied Frederica's estate of assets when he and Frederica created the Trust and put all of Frederica's assets into it...," further proof that their claims against Kleinhandler accrued in 2002. Pl. Br. at 2.

[11] Indeed, in Brewer v. Simpson, 53 Cal. 2d 567, 588-89(1960)(Pl. Br. at 11, 15) the suit against the testator alleging a breach of a contract to make wills was brought during the testator's lifetime.

[12] See Ratka v. St. Francis Hosp., 44 N.Y.2d 604, 612 (1978) (Statutes of Limitations are "statutes of repose" representing "a legislative judgment that...occasional hardship [resulting from not applying the tolling provisions] is outweighed by the advantage of barring stale claims.").

8

1215416.3

was not unjustly enriched, and Plaintiffs were not injured by anything Kleinhandler allegedly said or did. Moreover, in Counihan v. Allstate Insurance Co., 194 F.3d 357 (2d Cir. 1999), the court's statement that a fiduciary relationship is not required for a constructive trust was mere *dicta* since the court held that "the first, or fiduciary relation, factor is made out by the trust and confidence reposed by the government in Counihan." 194 F.3d at 362.[13]

"A constructive trust will not be imposed unless it is demonstrated that a legal remedy is inadequate…" Weiss v. North Shore Motor Group, Inc., 2011 N.Y. Misc. LEXIS 4506, at *6-7 (Sup. Ct. Nassau Co. Sept. 14, 2011)(citations omitted). The Amended Complaint alleges a legal remedy, namely a breach of contract claim against Frederica or her estate. See, e.g. Exh. 1, ¶96.[14] In critical contrast, the Amended Complaint does not allege that Plaintiffs lack an adequate remedy at law.

Plaintiffs cite no authority holding that a fiduciary relationship is not an indispensable element of a claim for an equitable accounting.[15] Thus, at the very minimum, that claim should be dismissed.[16]

### F. Under Applicable California Law, The Underlying Breach Of Contract Claim Against Frederica Is Time-Barred

An agreement to make a will is not an "ordinary contract." Rubin v. Irving Trust Co., supra, 305 N.Y. at 298. "A contract to make or to refrain from altering a will amounts for all practical purposes to a testamentary disposition." Id. Moreover, is "the settled proposition that

---

[13] In Palazzo v. Palazzo, 121 A.D.2d 261, 263 (1st Dep't 1986) (Pl. Br. at 18), "[p]laintiff conced[ed] that the parties did have a confidential relationship since they were married at the time of the events in question."

[14] First Keystone Consultants, Inc. v. DDR Constr. Servs., 74 A.D.3d 1135, 1138 (2d Dep't 2010); Ellner v. Pope, 285 A.D.2d 624, 625 (2d Dep't 2001).

[15] See Faulkner v. Arista Records LLC, 602 F. Supp. 2d 470, 484 (S.D.N.Y. 2009)("Proof of a fiduciary relationship is a mandatory element of an accounting claim under New York law."); Adam v. Cutner & Rathkopf, 238 A.D.2d 234, 242 (1st Dep't 1997).

[16] See Palazzo v. Palazzo, supra, 121 A.D. 2d at 265 ("The right to an accounting is premised upon the existence of a confidential or fiduciary relationship…")

9

1215416.3

the law of the testator's final domicile is the law of the will and controls the devolution of estates...." Rubin v. Irving Trust Co., supra, 305 N.Y. at 299. California law is this applicable to a breach of the contract to make wills claim against Frederica.[17]

Plaintiffs do not dispute that Cal. Proc. Code §366.3 bars a breach of contract claim against Frederica since that statute requires that the claim be brought within one year of Frederica's death. See Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 555 (2008). Allen v. Stoddard, 212 Cal. App. 4th 807, 815 (4th Dist. 2013)(Pl. Br. at 23) noted that Cal. Proc. Code § 366.3 "'irreconcilably conflicts' with the sections of the California Probate Code that govern the timing of suits against estates." Pl. Br. at 23. However, Allen held that if Section 9353 of the Probate Code could not be reconciled with Section 366.3, "section 366.3 prevails over section 9353." Id. at 816. More importantly, the Allen court did not deal with Section 9351 of the Probate Code (on which Plaintiffs rely), declining to hold that an action otherwise barred under Sect. 366.3 can still proceed if no demand had been made under section 9351. Id. at 817. Allen is thus of no probative value, Section 366.3 applies and bars a breach of contract claim against Frederica's estate.

Finally, since Kleinhandler did not owe Plaintiffs a duty to inform them of Frederica's death, and Plaintiffs do not allege when they learned of her passing, Kleinhandler is not "equitably estopped" from raising Section 366.3 as a bar to a claim against Frederica's estate. See Pl. Br. at 24.

## CONCLUSION

For the foregoing reasons as well as those set forth in his moving papers, Defendant Neil Kleinhandler, in his individual capacity and as the Trustee of the Trust, respectfully requests that

---

[17] Critically, Plaintiffs cite no law supporting their erroneous argument that New York law applies to a claim that Frederica breached the alleged agreement.

10

his motion to dismiss the Amended Complaint in its entirety be granted, with costs and disbursements, including Kleinhandler's attorney's fees, and such other and further relief as is warranted.

Dated: New York, New York
       November 19, 2013

                                PHILLIPS NIZER LLP

                                By: _____(2676)
                                   Perry S. Galler (PG-5708)
                                   Bruce J. Turkle (BT-2676)
                                PHILLIPS NIZER LLP
                                666 Fifth Avenue
                                New York, NY  10103-0084
                                (212) 977-9700
                                Attorneys for Defendant Neil Kleinhandler,
                                individually and as Trustee of the Frederica Fisher
                                Thea Revocable Trust
                                pgaller@phillipsnizer.com
                                bturkle@phillipsnizer.com

1215416.3