UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DONALD M. THEA and DEBORAH L. THEA,   :
                                      :
              Plaintiffs,             :
                                      :
         -against-                    :
                                      :
NEIL C. KLEINHANDLER, individually and as   :       Civil Action No.: 13-cv-04895-PKC
trustee of the FREDERICA FISHER THEA   :
REVOCABLE TRUST, NEW SCHOOL   :
UNIVERSITY, and ERIC T. SCHNEIDERMAN   :
as Attorney General of the State of New York,   :
                                      :
              Defendants.             :
                                      :
                                      :
-------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW OF THE NEW SCHOOL
## IN SUPPORT OF DISMISSAL OF THE AMENDED COMPLAINT

## ORAL ARGUMENT REQUESTED

SCHULTE ROTH & ZABEL LLP

Marcy Ressler Harris
Kathleen McDermott

919 Third Avenue
New York, New York 10022
Telephone:   (212) 756-2000
Facsimile:   (212) 593-5955

*Attorneys for The New School*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ............................................................................................................... 3

I.  THE AMENDED COMPLAINT MUST BE DISMISSED ................................ 3

II.  PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF. .................... 3

    A.  Plaintiffs Have An Adequate Remedy At Law ......................................... 3

    B.  Plaintiffs' Own Actions Are Inequitable. ................................................. 7

III.  ABSENT DISMISSAL, THIS ACTION SHOULD BE STAYED. .................... 9

CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blackmon v. Estate of Battcock*,
   168 A.D.2d 590 (2d Dept. 1990) ...............................................................................5

*Blackmon v. Estate of Battcock*,
   78 N.Y.2d 735 (1991) ...................................................................................4, 5, 6

*Boyle v. Kelley*,
   42 N.Y.2d 88 (1977) ...............................................................................................3

*Brewer v. Simpson*,
   53 Cal.2d 567 (1960) ..............................................................................................9

*Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*,
   117 F.3d 655 (2d Cir. 1997).....................................................................................3

*Matter of Carvel*,
   8 Misc.3d 1025(A) (Surr. Ct. Westchester Co. 2002) ........................................6, 9

*Central Union Trust Co. of New York v. Trimble*,
   255 N.Y. 88 (1930) .................................................................................................6

*In re Chase Manhattan Bank*,
   6 N.Y.3d 456 (2006) ...............................................................................................6

*Di Lorenzo v. Ciancio*,
   49 A.D.2d 756 (2d Dept. 1976) ...............................................................................9

*Dickinson v. Seaman*,
   193 N.Y. 18 (1908) .................................................................................................6

*Druschke v. Banana Republic*,
   359 F. Supp.2d 308 (S.D.N.Y. 2005)......................................................................10

*Estate of Marsh*,
   NYLJ, Aug. 6, 1997 (Surr. Ct. N.Y. Co.) ............................................................5-6

*In the Matter of the Estate of Burton Wallens*,
   9 N.Y.3d 117 (2007) ...........................................................................................6, 7

*Matter of the Estate of Weisman*,
   251 A.D.2d 112 (1st Dept. 1998).............................................................................5

*Friedl v. City of New York*,
   210 F.3d 79 (2d Cir. 2000)..................................................................................10

*Goldstein v. Hoffman*,
   213 Cal. App.2d 803 (1st Dist. 1963) .................................................................6, 9

*Klein v. Bower*,
   421 F.2d 338 (2d Cir. 1970)...................................................................................4

*Lefkowitz v. Bank of New York*,
   528 F.3d 102 (2d Cir. 2007)...................................................................................8

*Leskinen v. Halsey*,
   No. 12-623 (JFB) (ETB), 2013 WL 802915 (E.D.N.Y. Jan. 28, 2013)....................8

*Marshall v. Marshall*,
   547 U.S. 293 (2006).........................................................................................7, 8

*Mercury Bay Boating Club, Inc. v. San Diego Yacht Club*,
   76 N.Y.2d 256 (1990) .....................................................................................6-7

*Olsen v. Olsen*,
   189 Misc. 1046 (Sup. Ct. Queens Co. 1947) .......................................................6, 9

*PenneCom B.V. v. Merrill Lynch & Co., Inc.*,
   372 F.3d 488 (2d Cir. 2004)...................................................................................9

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
   324 U.S. 806 (1945) ...........................................................................................7

*Rand v. Rand*,
   138 Misc.2d 226 (Sup. Ct. Nassau Co. 1986) .......................................................6

*Rastettter v. Hoenninger*,
   214 N.Y. 66 (1915) .............................................................................................9

*Rothberg v. Marger*,
   Case No. 11-5497, 2013 WL 1314699 (D.N.J. Mar. 28, 2013)..............................8

*Matter of Salisbury*,
   242 A.D. 645 (2d Dept. 1934) .............................................................................6

*Soley v. Wasserman*,
   Case No. 08-Civ-9262 (KMW) (FM), 2013 WL 5780814 (S.D.N.Y. Oct. 23, 2013)..............3

*Matter of Totten*,
   179 N.Y. 112 (1904) ...........................................................................................4

*Tutunjian v. Vetzigian*,
    299 N.Y. 315 (1945) ................................................................................................6, 9

*Wells Fargo Bank, N.A. v. Hughes*,
    27 Misc. 3d 628 (Sup. Ct. 2010) ...............................................................................7

**Statutes**

EPTL §§ 7-5.1 through 7-5.8 ............................................................................................4

## PRELIMINARY STATEMENT

In the 21½ months that have passed since the death of Frederica Fisher Thea ("Frederica") on February 4, 2012, Plaintiffs, who are Frederica's step-children, have been actively litigating in this Court to recover, for their own benefit, assets Frederica placed into a trust for the benefit of The New School (the "Trust").[1]   According to Plaintiffs, when Frederica placed the assets into the Trust, she thereby violated a joint will agreement she had entered into in 1995 with Stanley Thea, Plaintiffs' father.  (Amended Complaint at ¶¶ 27, 29-31.)  Plaintiffs argue that the assets in the Trust are Frederica's estate assets.  As such, they argue that the Trust assets belong to them, as the residuary beneficiaries under Frederica's alleged will (the "Will"). Plaintiffs ask this Court for equitable relief, including a finding that the Trustee, Neil Kleinhandler (the "Trustee"),[2] holds the Trust assets earmarked for The New School in a constructive trust for Plaintiffs' benefit.

What Plaintiffs have not done – now nearly two years after Frederica's passing – is commence a probate or administration proceeding in Monterey County, California, where Frederica lived and died, and where Plaintiffs agree such a proceeding would have to be commenced.  (Plaintiffs Donald M. Thea and Deborah L. Thea's Memorandum of Law in Opposition to Defendants Neil C. Kleinhandler's and New School University's Motions to Dismiss ("Pl. Br.") at 13.)   Plaintiffs have bypassed estate proceedings altogether, even though they allege that (i) they now have a conformed copy of Frederica's alleged Will (Pl. Br. at 2), which designates them as her executors; and (ii) the Trust assets to which they lay claim are

---

[1]   Plaintiffs are no strangers to the courthouse steps.  Indeed, the instant action is effectively their third action against Frederica, the prior actions having been dismissed or withdrawn.  *See* Kleinhandler's Memorandum of Law In Support of His Motion to Dismiss the Amended Complaint ("Trustee's Br.") at 3-4.

[2]   As used herein, the term "Trustee" shall refer to Defendant Neil Kleinhandler both individually and as a representative of the Trust.

1

probate assets they seek for themselves as beneficiaries under Frederica's alleged Will.  Yet there has been no threshold determination by a probate court that the alleged Will can be probated, or that Plaintiffs are the beneficiaries of Frederica's estate.  Nor has there been any administrative effort undertaken to identify and marshal Frederica's estate assets.

This case should be dismissed so that Plaintiffs, who are named as executors of Frederica's estate under her alleged Will, may commence a probate proceeding to determine if the conformed copy of the alleged Will may be probated.  If so, and if Plaintiffs qualify as designated executors of Frederica's estate, then Plaintiffs must undertake the responsibilities of executors:  to identify, locate and gather Frederica's assets, account to her creditors and the probate court, and distribute her assets consistent with the Will.  Until the extent of Frederica's estate is determined by her executors, Plaintiffs lack standing to have their equitable claims heard by this Court.  Moreover, even if Plaintiffs are deemed to have standing to bring their claims here, the absence of any fiduciary relationship between Plaintiffs and the Trustee dooms their equitable claims as a matter of law.  In addition, their claims are time-barred; they have an adequate remedy at law, which precludes them from bringing a claim in equity; and their failure to probate the alleged Will may cause irreparable injury to The New School.

For all of the reasons herein, and based on the arguments in Defendants' opening briefs and in the reply brief being filed today by the Trustee, all of which are incorporated by reference and adopted herein, Plaintiffs have failed to state a cause of action upon which relief may be granted.  Accordingly, the Amended Complaint should be dismissed in its entirety.

Further, should the Amended Complaint not be dismissed in its entirety, then this action should be stayed pending the probate of Frederica's alleged Will in California, now that Plaintiffs have acknowledged that "if for some reason it is necessary to probate [Frederica's Will], under applicable law [   ] [Plaintiffs] will be able to do so." (Amended Complaint at 2.)

2

## ARGUMENT

### I.   THE AMENDED COMPLAINT MUST BE DISMISSED.

The New School respectfully refers the Court to the arguments in the opening briefs and in the Trustee's brief being filed today, adopted herein by reference and made a part hereof, to support its request for dismissal of the Amended Complaint based on Plaintiffs' lack of standing, failure to allege that the Trustee owed them a fiduciary duty as a matter of law, and because Plaintiffs' equitable claims are time-barred.

### II.   PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF.

Even if this Court were to find that Plaintiffs have adequately pleaded claims for equitable relief that are not time-barred, the Court nonetheless would have to dismiss this action, as Plaintiffs are not entitled to equitable relief because they have an adequate remedy at law, and their own actions in failing to probate the alleged Will may severely prejudice The New School.

#### A.   Plaintiffs Have An Adequate Remedy At Law.

It is well-settled that a court may not grant equitable relief where, as here, there is an adequate remedy at law. *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997) (denying equitable relief because appellants "have or have had other available remedies at law"). *See also Soley v. Wasserman*, Case No. 08-Civ-9262 (KMW) (FM), 2013 WL 5780814, at *2 (S.D.N.Y. Oct. 23, 2013) (denying plaintiff's request for equitable relief because "[p]laintiff has failed to carry her burden to demonstrate that she has no adequate remedy at law"); *Boyle v. Kelley*, 42 N.Y.2d 88, 91 (1977) ("equity will not entertain jurisdiction where there is an adequate remedy at law"). Here, although Plaintiffs seek various equitable forms of relief – including a constructive trust and an equitable accounting – their claim, fundamentally, is for breach of contract:  they allege Frederica breached the joint will agreement by creating and funding the Trust.  Of course, Plaintiffs nowhere assert a direct breach of

3

contract claim against Defendants or Frederica's estate, knowing that (i) a breach of contract claim cannot be brought against either the Trustee or The New School, as neither was a party to the joint will agreement; (ii) a breach of contract claim would be time-barred[3]; and (iii) Frederica's creation and funding of the Trust did not breach the joint will agreement.

By its terms, the joint will agreement contained only two substantive provisions. First, both Stanley and Frederica were to execute wills in a form annexed to the agreement.  *See* Exhibit A to Amended Complaint at ¶ 5.  Second, the wills "shall continue in full force and effect and shall not be altered or revoked . . . except with the written consent of the other party." (*Id.* at ¶ 6.)   Although the Amended Complaint does not expressly allege that Frederica breached either provision, Plaintiffs argue that Frederica attempted to "end-run the Agreement" by creating the Trust and funding it with assets they claim she held in a constructive trust for them.  (Pl. Br. at 13.)

The New York Court of Appeals has expressly rejected  Plaintiffs' argument.  In *Blackmon v. Estate of Battock*, 78 N.Y.2d 735, 739-40 (1991), the Court of Appeals held that when an agreement to not alter a will is silent as to whether a trust can be created, the agreement does not prohibit creation of the trust.  In *Blackmon*, Elizabeth Battock, the decedent, pursuant to a settlement agreement, promised to "leave intact and without change" her last will and testament.  78 N.Y.2d at 737-38.  She then created a number of Totten trusts[4] by which she disposed of a portion of her assets pre-death.  *Id.*  The Surrogate's Court granted summary

---

[3] The fact that the applicable statute of limitations has expired on a breach of contract action does not entitle Plaintiffs to avail themselves of an equitable remedy.  Rather, New York courts have long held that "a prayer for equitable relief will not bring an action under the longer limitations period for equity actions when full relief can be granted at law."  *Klein v. Bower*, 421 F.2d 338, 344 (2d Cir. 1970).

[4]  A Totten trust, so named by *Matter of Totten*, 179 N.Y. 112 (1904), and now governed by EPTL §§ 7-5.1 - 7-5.8, is a revocable trust account created by the settlor by placing trust funds in a bank account or security, and providing instructions that upon the settlor's death, the remaining trust funds are to be distributed to a named beneficiary.

4

judgment in favor of the beneficiaries of the Totten trusts, but the Second Department, finding

the question was one of first impression, held that Battcock was precluded from creating the

Totten trusts, reading into the agreement an implied promise not to create any trusts.   *Blackmon*

*v. Estate of Battcock*, 168 A.D.2d 590, 590-91 (2d Dept. 1990).  The Court of Appeals reversed

and reinstated the Surrogate Court's decision, granting summary judgment to the Totten trust

beneficiaries.  In a strongly-worded opinion, the court cautioned that "the law strictly scrutinizes

the renunciation of the right to revoke a will," 78 N.Y.2d at 739, and further explained:

> We disagree that the promise [not to create Totten trusts] must be implied into
> decedent's 1971 agreement not to change her will.  To do so constitutes a
> significant ***judicial*** alteration and addition to the settlement agreement of the
> parties.  The agreement itself is silent as to Totten trusts or any other
> testamentary-like forms of disposition of property.  Only the change of the will is
> forbidden.  Moreover, the significant infringement of decedent's rights during her
> lifetime to do whatever she wished with her property is not fairly inferable by
> 'reasonable construction and necessary implication'.  The application and
> expansion of the proposition of the law flowing from this case would be a most
> unsettling, troubling and unwise development in this area of the law.  In the
> absence of an express provision in the agreement or factors far more substantial
> within the four corners of the settlement agreement itself from which a judicial
> inference could comfortably and properly be drawn, ***courts should not innovate***
> ***for parties after the fact.  The parties, after all, could have explicitly provided***
> ***for the significant limitation on the right to create Totten trusts***.  Decedent
> therefore retained her right in this respect, just as she retained her rights to convey
> all or any part of her property by inter vivos gifts or transfers... (citations omitted,
> emphasis added.)  *Id.* at 739-40.

Since the Court of Appeal's decision in *Blackmon*, similar decisions from the

lower courts likewise have held that a joint will agreement does not prohibit a decedent from

making gifts and disposing of assets not referenced in the joint will agreement.  *See, e.g., Matter*

*of the Estate of Weisman*, 251 A.D.2d 112, 112 (1st Dept. 1998) ("Even an agreement that the

survivor's entire estate will be left to certain beneficiaries will not necessarily prevent the

survivor from making a lifetime gift, since such gift does not necessarily defeat the purpose of

the agreement"); *Estate of Marsh*, NYLJ, Aug. 6, 1997 at 2 (Surr. Ct. N.Y. Co.) ("[T]he parties

were at liberty to dispose of their property during their lifetimes, short of making a different testamentary disposition or a gift to defeat the purpose of the agreement").  While Plaintiffs cite cases to the contrary, all but one of Plaintiffs' cases – a decision from a Westchester County Surrogate's Court – pre-date the Court of Appeals' ruling in *Blackmon*.  *See* Pl. Br. at 15-16.[5] Moreover, even prior to *Blackmon*, New York courts long recognized that a joint will agreement does not, as Plaintiffs argue, prohibit the making of gifts.  *See, e.g., Dickinson v. Seaman*, 193 N.Y. 18 (1908); *Matter of Salisbury*, 242 A.D. 645, 645 (2d Dept. 1934); *Rand v. Rand*, 138 Misc.2d 226, 230-31 (Sup. Ct. Nassau Co. 1986).

Because Frederica's creation of the Trust was not prohibited by the joint will agreement, Frederica's expressed wishes must govern the disposition of the assets in the Trust.  *See In the Matter of the Estate of Burton Wallens*, 9 N.Y.3d 117, 122 (2007) (settlor's intent controls distribution of trust assets).  *See also In re Chase Manhattan Bank*, 6 N.Y.3d 456, 460 (2006) ("It is well settled that the trust instrument is to be construed as written and the settlor's intention determined solely from the unambiguous language of the instrument itself" (internal citations omitted)); *Central Union Trust Co. of New York v. Trimble*, 255 N.Y. 88, 93 (1930) ("it would be a dangerous doctrine which would permit us to write [words] into the trust deed").

The Trust unambiguously provides that the Trust's assets are to be distributed to The New School and are to be used for the benefit of the Mannes College of Music for its general purposes.  *See Mercury Bay Boating Club, Inc. v. San Diego Yacht Club*, 76 N.Y.2d 256 (1990) (trustee did not violate its fiduciary duties because it fulfilled settlor's intention, as

---

[5] Additionally, *Tutunjian v. Vetzigian*, 299 N.Y. 315 (1945), *Olsen v. Olsen*, 189 Misc. 1046 (Sup. Ct. Queens Co. 1947), and *Goldstein v. Hoffman*, 213 Cal. App.2d 803 (1st Dist. 1963), all concerned surviving spouses who had drafted a new will in violation of the joint will agreement.  No such violation is or could be alleged here.  The decision in *Matter of Carvel*, 8 Misc.3d 1025(A), *4-*5 (Surr. Ct. Westchester Co. 2002), involved a joint will agreement that explicitly prohibited "gratuitous transfers."  No such language, or any similar language, is or could be alleged here.

determined by reference to unambiguous language of trust instrument). Here, the Trustee has a fiduciary duty to administer the Trust in the interest of its remainder beneficiary, The New School. *In the Matter of the Estate of Burton Wallens*, 9 N.Y.3d 117, 122 (2007) ("a trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary" (internal citations omitted).) While Plaintiffs allege the Trustee owes fiduciary duties to *them*, they have cited no case in which the trustee of a trust is liable for breach of fiduciary duty owed to non-beneficiaries. *See* Pl. Br. at 14-16. *See also* Trustee's Reply Br. at 3-6.

### B.   Plaintiffs' Own Actions Are Inequitable.

In addition, Plaintiffs are not entitled to the equitable relief they seek because their own conduct is inequitable. *See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) ("He who comes into equity must come with clean hands"). It is well-settled that "a plaintiff seeking equitable relief . . . has the burden of satisfying the requisites of equity by coming to court with 'clean hands.'" *Wells Fargo Bank, N.A. v. Hughes*, 27 Misc. 3d 628, 634 (Sup. Ct. 2010).

Among other things, Plaintiffs purport to seek quick and easy access to Frederica's Trust funds in this proceeding as purported beneficiaries of Frederica's alleged Will. Yet there has been no determination to date that Frederica's alleged Will may be probated, or that Plaintiffs are the beneficiaries of her estate. Nor have Plaintiffs – designated as her executors under the alleged Will – attempted to identify, locate and collect her estate assets.

In *Marshall v. Marshall*, 547 U.S. 293, 312 (2006), the Supreme Court upheld federal court jurisdiction only after concluding that Petitioner's tortious interference with inheritance claim did not "involve the administration of an estate, the probate of a will, or any other purely probate matters." (citation omitted.) Where purely probate matters are at issue, including the probate or annulment of a will, the administration of an estate, or the disposition of

property in the custody of a probate court, under *Marshall* the federal courts are without jurisdiction to decide the matter. *Id.* at 311-12.

Here, under Plaintiff's own constructive trust theory, the *res* at issue in Frederica's Trust allegedly was part of Frederica's estate at her death and therefore within the probate court's jurisdiction. Plaintiffs have provided no reason why this Court, rather than a probate court, should make legal determinations regarding the probate of a "conformed copy" of Frederica's alleged Will, or make administrative determinations relating to identifying and marshaling Frederica's estate assets. Moreover, Plaintiffs have provided no reason how or why their present claims must be decided *prior to* the probate of Frederica's Will. Indeed, determinations by a California probate court might very well *moot* the present claims entirely. *See Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007) (dismissing for lack of subject matter jurisdiction claims that "[sought], in essence, disgorgement of funds that remain under the control of the Probate Court"); *Leskinen v. Halsey*, No. 12-623 (JFB) (ETB), 2013 WL 802915, at *7 (E.D.N.Y. Jan. 28, 2013) (recommending plaintiff's complaint be dismissed based on probate exception); *see also Rothberg v. Marger*, Case No. 11-5497 (RBK/KMW), 2013 WL 1314699, at *8 (D.N.J. Mar. 28, 2013) (refusing to apply probate exception because "[i]t is quite clear that Plaintiff is asking the Court to exercise jurisdiction over specific property that the Amended Complaint quite clearly acknowledges is part of the Estate").

Although Plaintiffs, the Trustee and the Court previously considered the applicability of the probate exception in this case, such consideration occurred before The New School was a party, and before Frederica's alleged Will or a conformed copy had been located. Thus, not only was there no alternative probate proceeding then pending, but no such proceeding even was considered possible. Since then, Plaintiffs filed the Amended Complaint which added The New School and the New York Attorney General as parties. The Amended Complaint also

8

clarified Plaintiffs' constructive trust theory, that the *res* at issue in Frederica's Trust was part of Frederica's estate at her death.  Given those important changes, and Plaintiffs' admission that they have located a conformed copy of Frederica's Will they can probate (Pl. Br. at 12), a different conclusion is required as to the applicability of the probate exception.[6]

      The reason is not simply academic.  Plaintiffs' failure to seek to probate Frederica's alleged Will – whether to avoid dismissal of this action under the probate exception, or to avoid learning of the existence of estate creditors – is likely to cause irreparable injury to The New School.  Among other reasons, only Frederica's duly appointed executors will have authority to obtain full financial information about the scope and extent of Frederica's estate assets, other than the assets in the Trust which Plaintiffs' claim to be estate assets.  If Plaintiffs, who are designated as Frederica's executors under her alleged Will, continue to avoid probate, Defendants may be denied the ability to obtain the very information that is necessary to their defenses herein, should this case not be dismissed.  For this reason, Plaintiffs are barred from obtaining equitable relief.  *See PenneCom B.V. v. Merrill Lynch & Co., Inc*., 372 F.3d 488, 493 (2d Cir. 2004) (Merrill Lynch not entitled to collateral estoppel when facts suggested PenneCom "was not afforded a full and fair opportunity to prove its losses in the arbitration").

## III.    ABSENT DISMISSAL, THIS ACTION SHOULD BE STAYED.

      If the Court does not dismiss the Complaint in its entirety for failure to state a claim, lack of standing, or the other grounds asserted in the Motions, the present action should be stayed pending the probate of Frederica's alleged Will in California.  Only through the probate of

---

[6] Notably, five of the six cases Plaintiffs cite to support their purported right Frederica's Trust assets (*see* Pl. Br. at 15-16) were decided either within the context of a probate proceeding, or *subsequent to* a probate proceeding.  *See Tutunjian v. Vetzigian*, 299 N.Y. 315 (1949); *Rastettter v. Hoenninger*, 214 N.Y. 66 (1915); *Di Lorenzo v. Ciancio*, 49 A.D.2d 756 (2d Dept. 1976); *Matter of Carvel*, 8 Misc. 3d 1025(A) (Surr. Ct. Westchester Co. 2002); *Olsen v. Olsen*, 189 Misc. 1046 (Sup. Ct. Queens Co. 1947); *Goldstein v. Hoffman*, 213 Cal. App. 2d 803 (1st Dist. 1963).  The sixth, *Brewer v. Simpson*, 53 Cal.2d 567 (1960), is inapplicable because the surviving spouse was still alive.

Frederica's Will can Frederica's executors gain access to the financial and other records concerning Frederica's estate assets that are critical to this case, absent dismissal.[7]

## <u>CONCLUSION</u>

For the foregoing reasons, and the reasons set forth in the moving papers and in the Trustee's reply brief, The New School respectfully requests that the Amended Complaint be dismissed in its entirety, with prejudice.  In the alternative, The New School requests that the action be stayed pending the probate and final accounting of Frederica's estate.  The New School also requests an award of costs and disbursements, including attorneys' fees, and such other and further relief as the Court deems warranted.

Dated:  New York, New York
        November 19, 2013

SCHULTE ROTH & ZABEL LLP

By:    /s/ Marcy R. Harris

     Marcy Ressler Harris
     Kathleen McDermott

     919 Third Avenue
     New York, New York 10022
     Telephone:   (212) 756-2000
     Facsimile:   (212) 593-5955
     E-mail: Marcy.harris@srz.com
     E-mail: Kathleen.McDermott@srz.com

     *Attorneys for The New School*

---

[7]  Plaintiffs' fact-laden response to the Motions underscores the need for discovery to resolve the underlying issue in this case.  However, at this stage of the proceeding, in response to the Motions to Dismiss, the Court should disregard all facts introduced in Plaintiffs' Brief.  *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (court may not consider materials outside pleadings on motion to dismiss).  *See also Druschke v. Banana Republic*, 359 F. Supp.2d 308, 314 (S.D.N.Y. 2005) (non-moving party may not, by citation to factual record, "unilaterally convert [the moving party's] motion to dismiss into a motion for summary judgment").  Particularly here, where The New School has had no opportunity for discovery, and discovery by other parties was stayed, *see* Docket Entry No. 26, all facts outside the pleadings should be disregarded.