```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 5-13-14              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

DONALD M. THEA and DEBORAH L. THEA,

                          Plaintiffs,                              13 Civ. 4895 (PKC)

           -against-                                              MEMORANDUM
                                                                  AND ORDER

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN
as Attorney General of the State of New York,

                          Defendants.

-------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs Donald Thea and Deborah Thea (the "Theas") bring this action against defendants Neil Kleinhandler, the Frederica Fisher Thea Revocable Trust, the New School University (the "New School"), and Eric Schneiderman, as Attorney General of the State of New York. The Theas request a declaration as to their rights to property allegedly belonging to the estate of Frederica Fisher Thea, their stepmother, as well as other relief.

        Kleinhandler and the New School now move to dismiss all claims for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 32, 35.) The Theas ask for leave to further amend in the event the Court dismisses the Amended Complaint. The Court concludes that, because a representative of the estate is not a party to the action, it is unable to adjudicate the Theas' claims. For reasons further explained, Kleinhandler and the New School's motions to dismiss are granted. The Theas' claims are dismissed without prejudice.

BACKGROUND

The following facts are taken from the Amended Complaint (the "AC"),
documents incorporated by reference in the AC, and matters of which judicial notice may
appropriately be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir.
2002).  All facts are assumed to be true for the purpose of deciding defendants' motion to
dismiss.  All reasonable inferences are drawn in favor of the plaintiffs as non-movants.  See In re
Elevator Antitrust Litig., 502 F.3d 47, 50–51 (2d Cir. 2007) (per curiam).

In or about 1985, Stanley Thea ("Stanley") married his third wife, Frederica
Fisher Thea ("Frederica").  (Am. Compl. ("AC")  ¶ 11, Docket # 12.)  On April 13, 1995,
Stanley and Frederica executed an agreement under which they agreed to execute mutually
beneficial wills (the "Agreement").  (See id. ¶¶ 12, 16, 18.)  The Agreement was subsequently
modified on January 12, 1996 to reflect changes made to Stanley's Last Will and Testament.  (Id.
¶ 13.)  Under the terms of the Agreement, Stanley was to execute a will that bequeathed the
majority of his estate to Frederica.  (AC Ex. 1, at 3–5.)  In the event that Frederica were to
predecease Stanley, the Theas, his children by his first marriage, would inherit.  (Id.; AC ¶ 11.)
In exchange, Frederica was to execute a Last Will and Testament naming Stanley as the
beneficiary of her estate.  (AC Ex. 1, at 33–34.)  Should Stanley predecease her, the estate would
go to the Theas.  (Id.)  Under the terms of the Agreement, neither party was to alter or revoke
their Last Will and Testament without the written consent of the other.  (Id. at 2.)  On January
12, 1996, Stanley executed a Last Will and Testament in accordance with the Agreement.  (Id.
¶ 15.)  On April 13, 1995, Frederica executed a Last Will and Testament in accordance with the
Agreement.  (See id.; AC ¶ 17.)

On September 1, 1998, Stanley passed away, predeceasing Frederica.  (AC ¶ 20.)
Pursuant to Stanley's Last Will and Testament, which conformed to the Agreement, Frederica

inherited the majority of Stanley's estate.  (See id. ¶ 22.)  After Stanley's death, Frederica created

the Frederica Fisher Thea Revocable Trust (the "Trust").  (Id. ¶ 35.)  The Trust named defendant

Neil Kleinhandler as the sole trustee, and the New School as the sole remainder beneficiary of

the Trust.  (Id. ¶¶ 4–5.)  Subsequently, Frederica transferred all, or substantially all, of her assets

into the Trust.  (Id. ¶¶ 38–39.)

    For the remainder of Frederica's life, the Trust managed the assets for her benefit.

(See id. ¶¶ 42–47.)  Frederica passed away on or about February 4, 2012.  (Id. ¶ 50.)  At the time

of her death, Frederica was a resident of California.  (See id. ¶ 49.)  After Frederica's death,

Kleinhandler was contacted by law enforcement officials and arranged for the disposition of

Frederica's body.  (Id. ¶¶ 55, 57.)  Kleinhandler did not inform the Theas of Frederica's death

and, since her death, has not administered the Trust for their benefit.  (Id. ¶ 65.)

    Since Frederica's death, no probate proceedings have been initiated regarding her

estate.  (Id. ¶ 66.)  The Theas request that this Court declare that Frederica and the Trust's assets

rightfully belong to them, and any transfers of assets in violation of the Agreement, or

subsequent to Frederica's death are null and void.  (Id. ¶¶ 84–88.)  The Theas also allege that the

transfer of assets into the Trust was a violation of the Agreement and, consequently, the assets

were placed in a constructive trust for their benefit.  (Id. ¶¶ 95–99.)  The Theas further request an

equitable accounting in order to determine the assets that rightfully belong to Frederica's estate.

(Id. ¶¶ 104–06.)  Finally, the Theas allege that Kleinhandler, as the personal representative of

Frederica's estate, breached a fiduciary duty toward them by not administering her assets in their

interest.  (Id. ¶¶ 109–11.)

    Donald Thea is a citizen of Massachusetts.  (Id. ¶ 1.)  Deborah Thea is a citizen of

California.  (Id. ¶ 2.)  Kleinhandler is a citizen of New York and the sole trustee of the Fund.  (Id.

¶¶ 3–4.)  The New School is a not-for-profit organization located in New York.  (Id. ¶ 5.)
Defendant Eric Schneiderman, the Attorney General of New York, is named as a party pursuant
to the New York Estate Powers and Trusts Law § 8-1.4 and is a citizen of New York.  (Id. ¶ 8.)
Jurisdiction is based on diversity of citizenship.  See 28 U.S.C. § 1332(a).

LEGAL STANDARDS

### I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule
12(b)(1)[, Fed. R. Civ. P.,] when the Court lacks the statutory or constitutional power to
adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The party asserting
jurisdiction bears the burden of proving subject matter jurisdiction by a preponderance of the
evidence.  Id.  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule
12(b)(1), a district court . . . may refer to evidence outside the pleadings."  Id.  However, a court
must accept all material factual allegations in the complaint as true and draw all reasonable
inferences in the plaintiff's favor.  Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635,
638 (2d Cir. 2005); Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir.
1992).

### II.   Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss for failure to state a claim upon which relief can
be granted, "a complaint must contain . . . sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing a complaint,
courts draw all reasonable inferences in favor of the non-movant.  See In re Elevator Antitrust
Litig., 502 F.3d at 50.  Legal conclusions, however, are not entitled to any presumption of truth,
and a court assessing the sufficiency of a complaint disregards them.  Iqbal, 556 U.S. at 678.

Instead, the court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

## DISCUSSION

### I.   The Court Is Unable to Adjudicate the Theas' Declaratory Judgment Claim.

The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., permits federal courts to declare the "rights and other legal relations" of parties to an "actual controversy." An "actual controversy" is deemed to exist when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). In determining whether subject matter jurisdiction exists for a declaratory judgment action, a court must "conceptually realign the declaratory judgment parties and claims and analyze them as they would appear in a coercive suit." Granti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 67 (2d Cir. 2012). Thus, "'a complaint seeking a declaratory judgment is to be tested, for purposes of the well-pleaded complaint rule, as if the party whose adverse action the declaratory judgment plaintiff apprehends had initiated a lawsuit against the declaratory judgment plaintiff." Id. at 68 (quoting Fleet Bank, N.A. v. Burke, 160 F.3d 883, 886 (2d Cir. 1998)).

According to the AC, the Theas request a declaration against Kleinhandler and the Trust that "any and all property or assets or accounts of Frederica and/or the Trust are their rightful property, and theirs alone." (AC ¶ 84.) For the Court to issue such a declaration, it must reach two conclusions. First, the Court must find that the Theas are the proper beneficiaries of Frederica's estate. Second, the Court must find that the Trust assets are part of Frederica's estate. These two findings encapsulate two related causes of action. The first cause of action

may be characterized as an action for specific performance to enforce the Agreement, akin to a breach of contract action.  See Tutunjian v. Vetzigian, 299 N.Y. 315, 319 (1949).  The second cause of action is to invalidate the Trust, which is an action to recover estate property.  See In re Estate of Schneiderman, 963 N.Y.S.2d 250, 251–52 (1st Dep't 2013).

a.   The Action to Enforce the Agreement

The Theas argue that, as beneficiaries under the Agreement, they have standing to directly bring an action against Kleinhandler, as trustee of the Trust, to enforce the Agreement. An action to enforce a contract to make a will is typically prosecuted in two stages.  An action is first brought by putative beneficiaries against an estate.  See Glass v. Battista, 43 N.Y.2d 620, 625 (1978); Rich v. Mottek, 11 N.Y.2d 90, 93–94 (1962); Tutunjian, 299 N.Y. at 319.  Once the validity and enforceability of an agreement are established, a court may then use its equitable powers to compel performance by parties in possession of estate assets of the obligations assumed by the decedent, who are deemed to hold the estate as a resulting trust in favor of the plaintiffs.  Tutunjian, 299 N.Y. at 320–21.  The resulting trust may be enforced through an action brought on behalf of the estate against parties holding estate assets.  See Di Lorenzo v. Ciancio, 373 N.Y.S.2d 167, 167 (2d Dep't 1975).  A beneficiary may consolidate the actions by bringing suit against both the estate and those holding estate assets in one action.  See Kates v. Yeshiva Univ., 13 N.Y.2d 805, 809–12 (1963); Tutunjian, 299 N.Y. at 319.

In an action brought by putative beneficiaries to enforce an agreement, before ordering the transfer of assets, a court must first find an estate in breach and compel the executor to enforce the resulting trust.  See Glass, 43 N.Y.2d at 625 ("Since the [decedent] breached the agreement by executing a will other than that agreed upon, the Appellate Division properly compelled the [decedent's] executors to fulfill the agreed upon testamentary disposition."); Rich, 11 N.Y.2d at 94 ("In other words, if the survivor of the two testators breaches the contract by

executing a will other than that agreed upon, the courts will compel his executors to 'perform the contract.'"). Thus, an estate's administrator, or its executor, is a necessary party. See, e.g., Rich, 11 N.Y.2d at 94 (executor as a defendant in an action to enforce a contract); Di Lorenzo, 373 N.Y.S.2d at 167 (executor as a plaintiff in an action to enforce a resulting trust).

In the present action, the Theas have not named the representative of Frederica's estate as a defendant. The Theas do allege that Kleinhandler acted as "the personal representative of Frederica's estate," but do not allege that he is the administrator or executor of Frederica's estate as authorized under the law of California, or any other state. (See AC ¶ 63.) Furthermore, they have not named him as a defendant in this capacity.

According to the AC, no probate proceedings "of any sort" have been initiated regarding Frederica's estate. (Id. ¶ 66.) As such, in determining whether Kleinhandler has the authority to administer the estate, the Court looks to the law of California, the place where Frederica was domiciled at the time of her death. Cal. Prob. Code § 7051. According to the California Probate Code, "[a] person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective." Id. § 8400(a). An appointment is effective when the representative has been "issued letters." Id. Aside from the allegation that Kleinhandler acted on behalf of the estate, the AC is silent as to whether Kleinhandler had been appointed, or whether the appointment was effective. Consequently, the Court cannot conclude that it has authority over Frederica's estate through Kleinhandler. See N.Y. Est. Powers & Trusts Law § 11-3.1 ("Any action, other than an action for injury to person or property, may be maintained by and against a personal representative in all cases and in such manner as such action might have been maintained by or against his decedent."); Dearborn v. Peugeot Auto Imp. Co., 155 N.Y.S. 769, 772 (3d Dep't 1915) ("An executor or administrator

- 7 -

stands in the shoes of the deceased . . . .").  Without the ability to bind Frederica's estate, this Court does not have the ability to declare any estate assets to be the property of the Theas.

The Theas assert that they have found a copy of Frederica's will that may be admitted to probate in California.  This will allegedly names the Theas as executors of the will and sole beneficiaries.  (See AC ¶ 18.)  Assuming the will is admitted to probate and the Theas are properly named executors and beneficiaries, they would then have standing to bring their action against any holders of estate assets in this Court.  See Di Lorenzo, 373 N.Y.S.2d at 167.  As this Court does not have the authority to probate the will, the proper avenue for the Theas to adjudicate their rights under the will is through the probate courts of California and New York.  See Lefkowitz v. Bank of N.Y., 528 F.3d 102, 105 (2d Cir. 2007) ("The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction.").

### b.  The Action to Invalidate the Trust

The Theas allege that Frederica wrongfully transferred estate assets into the Trust.  When assets are outside the control of an estate, an action may be brought against a third party to recover the assets.  See Schneiderman, 963 N.Y.S.2d at 251–52; Orentreich v. Prudential Ins. Co. of Am., 713 N.Y.S.2d 330, 332 (1st Dep't 2000).  Being on behalf of the estate, such an action, absent extraordinary circumstances, may only be brought by an executor or administrator of an estate.  Garmon v. Cnty. of Rockland, No. 10 Civ. 7724(ALC)(GW), 2013 WL 541380, at *3 (Feb. 11, 2013) (citing Palladino v. Metro. Life Ins. Co., 590 N.Y.S.2d 601, 602 (3d Dep't 1992)); Lewis v. DiMaggio, 981 N.Y.S.2d 844, 845 (3d Dep't 2014) (citing McQuaide v. Perot, 223 N.Y. 75, 79–80 (1918)).  "[E]xtraordinary circumstances may be implicated where the executor is allegedly directly involved in purported egregious conduct and self-dealing that negatively impacts the potential assets of the estate."  Lewis, 981 N.Y.S.2d at 845.

As discussed above, the Theas have not been named executors of Frederica's estate, and it is not alleged that Kleinhandler has been appointed as the estate's administrator under the law of any jurisdiction.  As such, the existence of exceptional circumstances has not been sufficiently pleaded.  Consequently, the Theas do not have standing to invalidate the Trust, or obtain a declaration that it constitutes part of Frederica's estate.

II.   The Court Is Unable to Adjudicate the Theas' Remaining Claims.

In addition to a request for declaratory judgment, the AC also requests the Court to institute a constructive trust over the assets of the Trust, order an equitable accounting to determine which assets belong the Frederica's estate, and find that Kleinhandler breached his fiduciary duty toward them by failing to administer the estate for their benefit.  (AC ¶¶ 99, 106, 109–11.)  These claims are all premised on a finding that the Theas are Frederica's beneficiaries.  (See id. ¶¶ 94–95, 101, 108–09.)  Furthermore, a finding that Kleinhandler breached his fiduciary duty is premised on a finding that he was the personal representative of Frederica's estate.  (See id. ¶ 108.)

As discussed above, the AC does not allege that an administrator of Frederica's estate has been duly appointed and none is a party to the action.  No court has identified Frederica's beneficiaries.  As the Court is unable to adjudicate the Theas' rights regarding the estate, it necessarily is unable to compel the creation of a constructive trust, or order an equitable accounting, on the Theas' behalf.  In addition, because the Court is unable to determine that Kleinhandler is the representative of Frederica's estate, it may not find that, in this role, he breached his fiduciary duty toward either the estate or the Theas as its putative beneficiaries.

III. Leave to Further Amend Is Denied

The Theas ask for leave to further amend in the event the Court dismisses the AC. The Court has concluded a full adjudication of the Theas' claims requires that a representative of

Frederica's estate be appointed.  If, during the pendency of this motion, an executor or administrator has been appointed, then this may warrant an amendment.  If none has been appointed, then the proper remedy at this juncture—more than two years after the death of Frederica, is dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, Kleinhandler and the New School's motions to dismiss (Docket # 32, 35) are GRANTED.  The Theas' claims are dismissed without prejudice.  The executor or administrator of the estate may seek leave to amend within 21 days.  If no motion is filed within 21 days, then the Clerk is directed to enter judgment for the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
      May 12, 2014