Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

DONALD M. THEA and DEBORAH L. THEA,

                           Plaintiffs,

          - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

                           Defendants.

    :   Civil Action No.  13-cv-4895 (PKC)

------------------------------------------------------------- x

## DEFENDANT NEIL KLEINHANDLER'S
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTFFS'
## MOTION TO AMEND COMPLAINT

 

PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler,
individually and as Trustee of the Frederica Fisher
Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

Preliminary Statement ................................................................................ 1

PROCEDURAL HISTORY ................................................................................ 5

THE PROPOSED SECOND AMENDED COMPLAINT ................................................ 7

The Spurious Allegations Against Kleinhandler ................................................ 9

ARGUMENT ................................................................................ 10

POINT I      ASSUMING PLAINTIFFS HAVE STANDING, PLAINTIFFS'
MOTION FOR LEAVE TO AMEND SHOULD BE DENIED
BECAUSE THEIR CLAIMS ARE DEFECTIVE ................................ 10

  (1)  Standard Governing A Motion to Amend ................................................ 10

  (2)  Standard Governing A Motion To Dismiss ................................................ 11

  (3)  Plaintiffs' Underlying Breach Of Contract Claim Against
Frederica's Estate Is Time-Barred Under California Law ....................... 11

  (4)  Kleinhandler Did Not Owe A Fiduciary Duty To Plaintiffs
Either Individually, Or As Trustee Of The Trust, Let Aone
Breach Such A Duty ................................................................................ 14

  (5)  Plaintiffs' Equitable Claims Should Be Dismissed Since No
Fiduciary Relationship Existed Between Kleinhandler And
Plaintiffs ................................................................................ 16

  (6)  Plaintiffs' Constructive Trust Claim Against Kleinhandler Is
Time Barred ................................................................................ 16

  (7)  Plaintiffs' Claims For A Declaratory Judgment Against
Kleinhandler Are Time Barred ................................................................ 18

  (8)  Plaintiffs' Claim For An Equitable Accounting Against
Kleinhandler Is  Time Barred ................................................................ 19

POINT II     IN THE EVENT PLAINTIFFS' MOTION IS NOT DENIED
AND THEIR ACTION DISMISSED, THE ACTION SHOULD BE
STAYED  PENDING PROBATE OF FREDERICA'S WILL IN
CALIFORNIA ................................................................................ 19

CONCLUSION ................................................................................ 20

# TABLE OF AUTHORITIES

**Page**

## CASES

Allen v. Stoddard,
   212 Cal. App. 4th 807 (4th Dist. 2013)...............................................................13

Anderson News, L.L.C. v. Am. Media, Inc.,
   680 F.3d 162 (2d Cir. 2012)...............................................................................10

AQ Asset Mgmt. LLC v. Levine,
   2013 N.Y. Misc. LEXIS 2054 (Sup. Ct. N.Y. County Mar. 28, 2013) ...................19

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)............................................................................................11

ATSI Communications, Inc. v. Shaar Fund, Ltd.,
   493 F.3d 87 (2d Cir. 2007).................................................................................11

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)............................................................................................11

Bontecou v. Goldman,
   103 A.D.2d 732, 477 N.Y.S.2d 192 (2d Dep't 1984) .........................................16

Brown v. Powell,
   2012 N.Y. Misc. LEXIS 1612 (Sup. Ct. Queens County Apr. 4, 2012).................17

Christopher v. Tomeck,
   82 A.D.3d 1307,  917 N.Y.S.2d 751 (3d Dep't 2011) .........................................18

Davis v. CornerStone Tel. Co. LLC,
   2008 N.Y. Misc. LEXIS 3264 (Sup. Ct. Albany County June 5, 2008).................16

DeLaurentis v. DeLaurentis,
   47 A.D.3d 750, 850 N.Y.S.2d 557 (2d Dep't), lv. denied, , 868 N.Y.S.2d 598 (2008) .... 16, 17

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,
   282 F.3d 83 (2d Cir. 2002)..................................................................................10

Estate of Ziegler,
   187 Cal. App. 4th 1357 (2010) .....................................................................12, 13

Ferraro v. Camarlinghi,
   161 Cal. App. 4th 509 (2008) ......................................................................12, 13

Golden v. Zwickler,
    394 U.S. 103 (1969) ................................................................................... 18

Hayden v. County of Nassau,
    180 F.3d 42 (2d Cir. 1999) ......................................................................... 10

In re Elevator Antitrust Litigation,
    502 F.3d 47 (2d Cir. 2007) ......................................................................... 11

Independent Asset Mgmt. LLC v. Zanger,
    538 F. Supp. 2d 704 (S.D.N.Y. 2008) ......................................................... 14

Kaufman v. Cohen,
    307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ........................... 16, 17

Nazzaro v. Nazzaro,
    2011 N.Y. Misc. LEXIS 1554 (Sup. Ct. Suffolk County Apr. 7, 2011) ................. 17

Nettis v. Levitt,
    241 F.3d 186 (2d Cir. 2001) ....................................................................... 10

New York City Health & Hosps. Corp. v. McBarnette,
    84 N.Y.2d 194 (1994) ................................................................................. 18

Parekh v. Cain,
    96 A.D.3d 812, 948 N.Y.S.2d 72 (2d Dep't 2012) ...................................... 14

Ponnambalam v. Sivaprakasapillai,
    35 A.D.3d 571, 829 N.Y.S.2d 540 (2d Dep't 2006) .................................... 16

Reiner v. Jaeger,
    50 A.D.3d 761, 855 N.Y.S.2d 613 (2d Dep't 2008) .................................... 17

Ruffolo v. Oppenheimer & Co.,
    987 F.2d 129 (2d Cir. 1993) ................................................................. 10, 12

Sharp v. Kosmalski,
    40 N.Y.2d 119, 386 N.Y.S.2d 72 (1976) .................................................... 16

Solnick v. Whalen,
    49 N.Y.2d 224, 425 N.Y.S.2d 68 (1980) .................................................... 18

Stewart v. Seward,
    148 Cal. App. 4th 1513 (2d Dist. 2007) ................................................. 12, 13

Tornheim v. Tornheim,
    67 A.D.3d 775, 888 N.Y.S.2d 603 (2d Dep't 2009) .................................... 18

<u>Velvet Underground v. Andy Warhol Found.</u>,
  890 F. Supp. 2d 398 (S.D.N.Y. 2012)............................................................ 18

<u>Village of Hoosick Falls v. Allard</u>,
  249 A.D.2d 876, 672 N.Y.S.2d 447 (3d Dep't), <u>lv. denied</u>, 92 N.Y.2d 807 (1998)............... 16

## STATUTORY AUTHORITIES

Cal. Civ. Proc. Code § 366.3 ............................................................ 12, 13

N.Y. Civ. Prac. L. & R. § 213(1) ............................................................ 16

## RULES AND REGULATIONS

Fed. R. Civ. P. §12(b)(6)............................................................ 5

Fed. R. Civ. P. § 15(a) ............................................................ 10

Fed. R. Civ. P. 15(a) ............................................................ 10

## ADDITIONAL AUTHORITIES

Assem. Floor Analysis, Concurrence in Sen. Amends., Assem. Bill No. , 1491 (1999-
  2000 Reg. Sess.)............................................................ 12

Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DONALD M. THEA and DEBORAH L. THEA,                        :    Civil Action No.  13-cv-4895 (PKC)

                          Plaintiffs,    :

        - against -                                      :

NEIL C. KLEINHANDLER, individually and as                  :
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL                                :
UNIVERSITY, and ERIC T. SCHNEIDERMAN as                    :
Attorney General of the State of New York,

                          Defendants.    :
------------------------------------------------------------- x

## DEFENDANT NEIL KLEINHANDLER'S
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
## MOTION TO AMEND COMPLAINT

### Preliminary Statement

Defendant, Neil Kleinhandler ("Kleinhandler"), sued here individually and in his capacity

as Trustee of the Frederica Fisher Thea Revocable Trust (the "Trust"), respectfully submits this

Memorandum of Law in opposition to the motion of the Plaintiffs, Donald M. Thea and Deborah

Thea (collectively, the "Plaintiffs"), to amend their Complaint, or, more particularly, to serve a

Second Amended Complaint.

Plaintiffs are the children of the late Stanley Thea ("Stanley") and his first wife.

Plaintiffs allege that Stanley's third wife, Frederica Fisher Thea ("Frederica"), who died in

Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DONALD M. THEA and DEBORAH L. THEA,

                                  Plaintiffs,

                - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

                                Defendants.
------------------------------------------------------------ x

:   Civil Action No. 13-cv-4895 (PKC)

## DEFENDANT NEIL KLEINHANDLER'S
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
## MOTION TO AMEND COMPLAINT

### Preliminary Statement

      Defendant, Neil Kleinhandler ("Kleinhandler"), sued here individually and in his capacity

as Trustee of the Frederica Fisher Thea Revocable Trust (the "Trust"), respectfully submits this

Memorandum of Law in opposition to the motion of the Plaintiffs, Donald M. Thea and Deborah

Thea (collectively, the "Plaintiffs"), to amend their Complaint, or, more particularly, to serve a

Second Amended Complaint.

      Plaintiffs are the children of the late Stanley Thea ("Stanley") and his first wife.

Plaintiffs allege that Stanley's third wife, Frederica Fisher Thea ("Frederica"), who died in

February, 2012, eighteen (18) months before this action was started, breached an alleged 1996 contract she had with Stanley, by which Frederica and Stanley allegedly agreed that they would execute mutual wills leaving their assets to each other, but should the spouse predecease the testator, the assets would pass to Plaintiffs. Plaintiffs claim that Frederica breached the agreement in 2002, twelve (12) years ago, by creating the Trust and transferring the assets of Stanley's Estate (as well as her own assets) into the Trust and naming Defendant The New School University ("The New School") as beneficiary. Kleinhandler, as Trustee of the Trust, is a mere stakeholder.

By Memorandum and Order dated May 12, 2014 (the "Order"), this Court dismissed Plaintiffs' Amended Complaint, without prejudice, concluding that "a full adjudication of the Theas' [Plaintiffs'] claim requires that a representative of Frederica's estate be appointed," and directing that "[t]he executor or administrator of the estate may seek to amend within 21 days." Exh. 2 at 10.[1] The Court did not address the merits of the several arguments raised by Kleinhandler and The New School in their respective motions to dismiss the Amended Complaint.

Plaintiffs now claim that, by virtue of an *ex parte* application brought before the Superior Court of California, Monterey County, they have been appointed Special Administrators of Frederica's Estate and seek to prosecute a Second Amended Complaint, individually, and in their capacities as Special Administrators and as purported "creditors" of the Estate. Kleinhandler has never been appointed a representative of Frederica's Estate.

The proposed Second Amended Complaint, like Plaintiffs' prior pleadings, baselessly rests its claims on an alleged fiduciary duty between Kleinhandler and Plaintiffs, parties who are

---

[1] Unless otherwise indicated, all exhibit numbers refer to the exhibits annexed to the accompanying Affidavit of Bruce J. Turkle, sworn to on June 16, 2014, submitted in opposition to Plaintiffs' motion to amend ("Turkle Aff.").

complete strangers and always have been.  The proposed pleading requests that the Court: (a) hold that Kleinhandler, as the alleged personal representative of Frederica's Estate, failed to administer Frederica's assets in their interest; (b) declare that the Trust's assets rightfully belong to Plaintiffs; (c) declare that transfers of assets in alleged violation of the Agreement, or prior to or following Frederica's death, are null and void; (d) impose a constructive trust for Plaintiffs' benefit; and (e) direct an equitable accounting to determine the assets that rightfully belong to Frederica's Estate.

Plaintiffs' motion for leave to amend is deficient and it should be denied, with prejudice, for the reasons set forth herein, in Kleinhandler's Memorandum of Law and Reply Memorandum of Law submitted in support of his motion to dismiss Plaintiffs' Amended Complaint, the contents of which are adopted and incorporate herein by reference, and in The New School's Memorandum of Law in Opposition to Plaintiffs' Motion to Amend (and its Memorandum of Law and Reply Brief submitted in support of its motion to dismiss Plaintiffs' Amended Complaint), the contents of which are also adopted and incorporated herein by reference.  Those reasons are as follows:

> (1) Assuming the Court concludes that all necessary parties are now before the Court and that Plaintiffs now have standing to adjudicate their claims, Plaintiffs' motion to amend should be denied as futile because even if Plaintiffs' successfully probate Frederica's Will, their claim as alleged creditors of her Estate to the proceeds of the Trust is barred by Section 366.3 of the California Code of Civil Procedure which requires that claims alleging a breach of a contract to make a will be brought within one year of the decedent's death.

(2) Plaintiffs' proposed pleading is fatally defective because its claims are predicated on a non-existent fiduciary duty allegedly owed by Kleinhandler to the Plaintiffs. The parties were complete strangers; no relationship of trust and confidence ever existed between them and even if it did, Kleinhandler did not breach the alleged duty, and Plaintiffs do not allege having been damaged as a result of any alleged breach.

(3) Plaintiffs' claims are, in any event, time-barred since the underlying alleged wrongs, Frederica's creation of the Trust and transfer of assets therein, are alleged to have occurred in 2002, eleven (11) years before the start of this action. Moreover, absent the existence of a fiduciary obligation running from Kleinhandler, Plaintiffs' equitable claims fail as a matter of law.

(4) Alternatively, if the Court were to find that the claims in Plaintiffs' proposed Second Amended Complaint are not futile or otherwise defective, the Court should grant Plaintiffs' motion to amend only to the extent of allowing the inclusion of proposed new allegations that support their standing as representatives of Frederica's Estate.  However, the Court should not permit the Plaintiffs to make substantive amendments beyond standing allegations, particularly their baseless claim under Section 7.3. 1 of the New York Estates, Powers and Trusts Law (the "EPTL"), the underlying allegations of which claim are unrelated to the standing issue.

(5) In addition, if the Court permits Plaintiffs to amend their pleading, the Court should stay this proceeding pending a determination of Plaintiffs' proceeding to probate Frederica's alleged Will brought before the Superior Court of the State of

California, Monterey County.  A hearing on the admissibility of a copy of

Frederica's Will to probate is scheduled in the California court on August 13,

2014.  That probate determination should be made before this Court adjudicates

Plaintiffs' Trust-related claims, if any of those claims survive dismissal.

## PROCEDURAL HISTORY

Plaintiffs originally commenced this action in July, 2013, electing not to probate

Frederica's Estate and not to sue Frederica or her Estate for breach of contract, but rather naming

only Kleinhandler, in his capacity as Trustee of the Trust, as a defendant, in a suit in this Court.

The original Complaint requested a declaration that that the funds in the Trust belonged to

Plaintiffs, and sought an equitable accounting and the imposition of a constructive trust.

On or about August 27, 2013, Plaintiffs served an Amended Complaint naming, for the

first time, defendants The New School, the Office of the New York State Attorney General, and

Kleinhandler, personally.  The Amended Complaint also included, for the first time, a claim for

breach of fiduciary duty against Kleinhandler, both individually and as Trustee of the Trust, and

asserted a series of specious allegations against Kleinhandler not included in the Complaint. The

Amended Complaint does not distinguish between alleged wrongs Kleinhandler purportedly

committed, personally, as opposed to as Trustee of the Trust.  The pleading is devoid of any

allegations of wrongdoing by Kleinhandler, personally.  The decision to name Kleinhandler,

individually, smacks of bad faith and the Amended Complaint should, at minimum, be dismissed

as against him.

In October, 2013, defendants Kleinhandler and The New School brought motions,

pursuant to Fed. R. Civ. P. §12(b)(6), to dismiss the Amended Complaint in its entirety.  By

Order dated May 13, 2014, this Court granted the dismissal motions of Kleinhandler and The

New School, without prejudice, with leave "for an executor or administrator of the estate…to

5

seek to amend within 21 days" of the Order. Exh. 2 at 10. As noted, the Court, in dismissing the action for lack of standing, did not address the merits of the substantive arguments raised by Kleinhandler and The New School.

"[O]n about May 23, 2014, the Theas' California counsel filed on their behalf a petition seeking, inter alia, probate of Frederica's Will and letters testamentary." Declaration of Anthony Viola, Esq., dated June 2, 2014 ("Viola Dec."), ¶8. However, Plaintiffs' petition has not been considered, let alone granted and, indeed, is not returnable before the Superior Court of California, Monterey County until August 13, 2014. Id.

"[T]he Theas' California counsel also filed an 'ex parte' Petition for Letters of Special Administration…," which application was allegedly granted by the Superior Court of California, Monterey County, on May 28, 2014. Viola Dec., ¶¶8, 12.[2]

On June 2, 2014, Plaintiffs, personally, and in their capacities as Special Administrators of Frederica's Estate and as alleged creditors of the Estate, moved to file a Second Amended Complaint. In addition to seeking to amend the caption, the proposed Second Amended Complaint rehashes the same declaratory judgment language previously alleged in Count I, now seeking such relief in Plaintiffs' capacities as Special Administrators (Count II, ¶¶ 102-112) and as alleged creditors of the Estate, seeking to invalidate all transfers to the Trust pursuant to EPTL §7-3.1.[3] Count III, ¶¶116-120.

---

[2] As detailed in the accompanying Turkle Aff., Plaintiffs' California counsel failed to give Kleinhandler adequate notice of the May 28, 2014 hearing on their *ex parte* application to be appointed Special Administrators of Frederica's Estate. Kleinhandler did not learn of the emergency application scheduled for May 28th until the late morning of the prior day, May 27th, leaving him with insufficient time to locate, educate and retain California counsel to appear on his behalf at the hearing.

[3] Plaintiffs' proposed claim under EPTL. §7-3.1 should be dismissed, with prejudice, on the grounds that it is unrelated to the standing issue and, therefore, exceeds the scope of this Court's May 13, 20134 Order and would be futile in any event. See The New School's Memorandum of Law, Point III.

## THE PROPOSED SECOND AMENDED COMPLAINT

The underlying facts alleged in the proposed Second Amended Complaint effectively mirror those set forth in the Complaint and the Amended Complaint.

In or about 1985, Stanley married his third wife, Frederica. See Exh. 1, ¶13. Plaintiffs, Donald and Deborah, are Stanley's children from his first wife. Id. Stanley and Frederica never had children together. Id.

On April 13, 1995, Stanley and Frederica allegedly entered into an agreement by which they promised to execute Last Wills and Testaments in the specific forms annexed thereto. Exh. 1, ¶14. On January 12, 1996, Stanley and Frederica amended their purported agreement to reflect a new form of Will for Stanley. Id., ¶15[4]. Stanley and Frederica's 1995 agreement and 1996 amended agreement are referred to in the proposed Second Amended Complaint, collectively, as the "Agreement." The Agreement provided, in pertinent part:

> 5.      The parties hereby agree that the Husband shall execute a Last Will and Testament in the form annexed hereto as Exhibit A and that the Wife shall execute a Last Will and Testament in the form annexed hereto as Exhibit B.

> 6.      The parties further agree that the Will executed by Husband pursuant hereto, and the designation of the Wife as a beneficiary of the Husband's IRA account as referred to in such Will, and the Will executed by the Wife pursuant hereto, shall continue in full force and effect and shall not be altered nor revoked by the respective party executing the same during his or her life, except with the written consent of the other party.

Exh. B to proposed Second Am. Cmpl., ¶¶5-6.[5]

---

[4] The "amended agreement also recited that Frederica had executed a Last Will and Testament in the form annexed to the April 13, 1995 Agreement." Exh. 1, ¶15.

[5] The proposed Second Amended Complaint does not allege that the Agreement specifically identified any assets of Stanley or Frederica, or contained any language restricting the surviving spouse's use of the assets during his or her lifetime, or mandate that assets of equivalent value to those bequeathed to the surviving spouse be available to pass to Donald and Deborah. See Exh. 1.

Plaintiffs concede, "upon information and belief," that "Frederica did in fact execute a will in the form required pursuant to the Agreement," and do not claim that she revoked or amended such alleged will. Exh. 1, ¶27. Plaintiffs also admit that the copy of Frederica's Will which they allegedly located "is in the form mandated by the Agreement." Id., ¶28.

Stanley died in 1998, predeceasing Frederica. See Exh. 1, ¶29. Thereafter, "in or about December, 2002 (shortly after the Theas' claim against Frederica regarding the IRA was dismissed) Frederica caused the Trust to be created…." Id., ¶44. Frederica and Kleinhandler were named as co-trustees of the Trust. Id., ¶47.

In December, 2002 (more than 11 years before this action was commenced), Frederica allegedly transferred Stanley's Manhattan Apartment to the Trust; in May, 2007 (more than 6 years ago), the Trust sold the Manhattan Apartment for approximately $1.65 million and the assets of that sale were placed in the Trust; and at some other time Frederica sold the Astoria Apartment and placed the assets of that sale in the Trust. Exh.1,¶¶ 48, 51, 53.[6]

In or about on June, 2011, the Trust allegedly purchased a residence located at 24704 Aguajito Road, Carmel, California 93923 for approximately $1,900,000 (the "California Residence"), which residence was purportedly purchased with some or all of the proceeds of the sale of the Manhattan Apartment and/or the Astoria Apartment . Exh. 1, ¶¶54, 56. "Frederica resided at the California Residence" and died there on February 4, 2012, 18 months before the start of this action. Id., ¶¶ 58-59.

---

[6] Kleinhandler has no knowledge of the alleged sale of the Astoria apartment. Upon information and belief, and based on his review of the files concerning the administration of the Trust, the alleged proceeds of that purported sale were never transferred into the Trust. Kleinhandler can only speculate that the Astoria apartment referenced in Stanley's Will was sold prior to Stanley's death and, accordingly, did not pass to Frederica.

**The Spurious Allegations Against Kleinhandler**

The proposed Second Amended Complaint, like its predecessor pleadings, alleges, with no factual basis, that "after Stanley's death, Frederica and Kleinhandler ... actively and intentionally attempted to evade the Agreement and deprive the Theas of their inheritance." Exh. 1., ¶34. See also, id., ¶¶ 79, 90.  Plaintiffs base that conclusory pronouncement on a string of irrelevancies, namely that "Kleinhandler was one of the attorneys representing Frederica with respect to Stanley's estate"; his "firm, Phillips Nizer LLP, served as Frederica's attorneys in connection with Stanley's contested probate," i.e., Plaintiffs' failed lawsuit against Frederica; Kleinhandler "was apparently representing Frederica ever since [the failed lawsuit and] is the one who reported Frederica's death to authorities, but he did not report her death to [Plaintiffs];" did not communicate to Plaintiffs "the fact of Frederica's death, nor the attempt to sell the California Residence; [and] did not release or cause to be released an obituary for Frederica." Exh. 1, ¶¶ 36-39, 63-64.

The proposed pleading erroneously claims that "Kleinhandler de facto undertook to act as personal representative of Frederica's estate and de facto to act for her estate" based on nothing more than the allegation that when "Kleinhandler was contacted by law enforcement authorities about Frederica's suicide [he] represented to...those authorities that he was authorized to act for Frederica's estate." Exh. 1, ¶¶65-66.  Plaintiffs insist, with no foundation in law or fact, that "[b]y operation of law [they] are the beneficiaries of a trust for their ultimate sole and exclusive benefit over all of Frederica's property, assets and accounts" and that Kleinhandler "undertook a duty and responsibility to...inform [Plaintiffs] of the fact of Frederica's death and to administer her affairs for [Plaintiffs'] benefit;", but "did not inform the Theas of Frederica's death.  Nor has he administered Frederica's affairs for their benefit." Id., ¶¶ 74-75, 84.

9

Plaintiffs do not allege that Kleinhandler was ever appointed a representative of the Estate.  They nowhere allege that they are beneficiaries under the Trust; sought advice from Kleinhandler; relied on statements made by Kleinhandler; reasonably trusted him; or even knew of his existence until shortly before this action was commenced.  Moreover, the Amended Complaint does not allege that Kleinhandler was a party to the Agreement; transferred, or caused to be transferred assets into or out of the Trust outside of his authority as Trustee; or intentionally misled – or even communicated with – either Plaintiff.

## ARGUMENT

### POINT I

### ASSUMING PLAINTIFFS HAVE STANDING, PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THEIR CLAIMS ARE DEFECTIVE

**(1)    Standard Governing A Motion to Amend**

Fed. R. Civ. P. 15(a) precludes proposed amendments "where [the] amendment would be futile or where the proposed amendment has no merit."  Fed. R. Civ. P. § 15(a).  See generally, Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the [moving party] is unable to demonstrate that he would be able to amend his [pleading] in a manner which would survive dismissal, opportunity to replead is rightfully denied"); Nettis v. Levitt, 241 F.3d 186, 193 (2d Cir. 2001) (to the same effect); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).[7]  An amendment is "futile" when it could not withstand a motion to dismiss under Rule 12(b)(6).  See, e.g., Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (stating that "[l]eave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted") (citations omitted).

---

[7] See also, Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

(2)     **Standard Governing A Motion To Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, supra, 550 U.S. at 555). "[T]he plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, supra, 550 U.S. at 555)(footnote omitted).  This "does not require heightened fact pleading of specifics, [but] it does require enough facts to 'nudge [plaintiffs] claims across the line from conceivable to plausible.'" In re Elevator Antitrust Litigation, 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, supra, 550 U.S. at 570).

Here, it would be futile for Plaintiffs to prosecute the claims alleged in their proposed Second Amended Complaint for the following reasons:

(3)     **Plaintiffs' Underlying Breach Of Contract Claim Against Frederica's Estate Is Time-Barred Under California Law**

The crux of this action is a breach of contract claim, namely that Plaintiffs, as the alleged beneficiaries under Frederica's Will, contend that Frederica breached her Agreement with Stanley by creating the Trust, thereby depriving Plaintiffs of the assets purportedly left to them in her Will.  Plaintiffs, rather than bringing this claim against Frederica's Estate in California (where she was domiciled at the time of her death and where they are seeking to probate her Will), sued Kleinhandler and others in federal court in New York, raising claims predicated on Frederica's alleged breach.  However, Plaintiffs' house of cards fall because they are time-barred under California law from suing Frederica's Estate for breach of her contract to make a will.

11

Section 366.3 of the California Code of Civil Procedure pertains to claims "predicated upon the decedent's agreement to distribute estate or trust property in a specified manner," and proscribes a one-year statute of limitations measured from the decedent's date of death.[8] Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 555 (2008). Specifically, it has been held to apply even to fraud and unjust enrichment claims, as long as they are "predicated on a decedent's promise to make specified distributions upon his death." Id. Moreover, it has been held to apply to claims based on an agreement to leave certain property by will, even when the claimant is seeking only damages for breach of the agreement and is not seeking the property itself. Stewart v. Seward, 148 Cal. App. 4th 1513, 1521-23 (2d Dist. 2007).[9] See Estate of Ziegler, 187 Cal. App. 4th 1357, 1365 (2010) ("[T]he Legislature clearly intended Code of Civil Procedure section 366.3 to apply, at a minimum, to a claim based on a contract to make a will. The Legislature even referred broadly to all 'equitable and contractual claims to distribution of estates.' (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1491, at p. 4))."

---

[8] Section 366.3 provides:

> "(a) If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply. ¶(b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in Sections 12, 12a, and 12b of this code, and former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code, as that part read prior to its repeal by Chapter 174 of the Statutes of 2008, ¶(c) This section applies to actions brought on claims concerning persons dying on or after the effective date of this section."

[9] The Stewart court noted that the "[t]he underlying legislative history states section 366.3 '[e]stablishes a one-year statute of limitations for claims *which arise from a promise or agreement with a decedent to a distribution from an estate or trust, or under another legal instrument. It also generally prohibits any tolling or extension of this limitations period,* and applies this provision prospectively." Stewart v. Seward, supra, 148 Cal. App. 4th at 1520 (quoting Assem. Floor Analysis, Concurrence in Sen. Amends., Assem. Bill No. 1491 (1999-2000 Reg. Sess.) as amended Apr. 4, 2000, pp. 1-2). [Emphasis in original].

In Estate of Ziegler, supra, 187 Cal. App. 4th at 1365, the court determined that plaintiff's claim was "indistinguishable from a claim on a contract to make a will." Ziegler, supra, 187 Cal. App. 4th at 1365. "The Agreement was a promise to transfer property upon death. It could be performed only after death, by the decedent's personal representative, by conveying property that otherwise belonged to the estate." Id. The court held that even if the written agreement was viewed as a present obligation to convey a distribution of the estate, it would still come within the scope of section 366.3. Id., at 1366. The court concluded that plaintiff's claims were time-barred by section 366.3 because they were brought more than one year after the decedent's death. Id., at 1366-67. See also, Stewart v. Seward, supra, 148 Cal. App. 4th 1513, 1521 (dismissing claim against estate, concluding that plaintiff was suing on "'a promise or agreement with a decedent to distribution from an estate or trust or . . . another instrument . . . .'") (citations omitted); Ferraro v. Camarlinghi, supra, 161 Cal. App. 4th at 555 (§366.3 "extends to any claim that 'arises from' the decedent's promise or agreement" to make a distribution).[10]

Simply put, Plaintiffs should not be entitled to assert and prosecute a litany of equitable claims designed to protect their alleged entitlement to Trust assets when they cannot succeed on a claim for possession of the assets themselves.

---

[10] Plaintiffs may cite to the statement in Allen v. Stoddard, 212 Cal. App. 4th 807, 815 (4th Dist. 2013)(Pl. Br. at 23) that Cal. Proc. Code § 366.3 "irreconcilably conflicts" with the sections of the California Probate Code that govern the timing of suits against estates.   However, Allen held that if Section 9353 of the Probate Code could not be reconciled with Section 366.3, "section 366.3 prevails over section 9353." Id. at 816. More importantly, the Allen court did not deal with Section 9351 of the Probate Code (on which Plaintiffs may rely), declining to hold that an action otherwise barred under Sect. 366.3 can still proceed if no demand had been made under section 9353. Id. at 817.   Allen is thus of no probative value; Section 366.3 applies and bars a breach of contract claim against Frederica's estate.

**(4)    Kleinhandler Did Not Owe A Fiduciary Duty To Plaintiffs Either
Individually, Or As Trustee Of The Trust, And Did Not Breach Such A Duty**

Even if Plaintiffs acted properly in suing Kleinhandler rather than asserting the breach of contract claim against the Estate, their proposed Second Amended Complaint is deficient because its claims are predicated on a non-existent fiduciary obligation Kleinhandler allegedly owed Plaintiffs.

This Court, in its May 12, 2014 Order, held that "a finding that Kleinhandler breached his fiduciary duty is premised on a finding that he was the personal representative of Frederica's estate." Exh. 2 at 9 (citing Amended Complaint, ¶108).  Kleinhandler has never been held to be the personal representative of Frederica's estate; indeed, Plaintiffs recently elected to petition to have themselves, not Kleinhandler, appointed as the Estate's representatives.  Plaintiffs' claims fail for this reason alone.  See, id. at 8-9.

Plaintiffs, moreover, fail to allege facts from which it can be inferred that Kleinhandler acted as the personal representative of Frederica's Estate, or that, if he did, he breached a duty or that Plaintiffs were somehow damaged by Kleinhandler's alleged breach.  Critical here is that each of these elements must be alleged with requisite particularity.  See CPLR 3016(b). See generally, Parekh v. Cain, 96 A.D.3d 812, 816-17, 948 N.Y.S.2d 72, 77 (2d Dep't 2012).

Plaintiffs were not beneficiaries under the Trust, or clients of Kleinhandler, a lawyer, or ever met or spoke with Kleinhandler, or relied on anything said by Kleinhandler.  Plaintiffs do not even allege when and how they first learned of Kleinhandler's existence, further undercutting a claim that they somehow placed their trust in anything Kleinhandler did or said.  See Independent Asset Mgmt. LLC v. Zanger, 538 F. Supp. 2d 704, 711 (S.D.N.Y. 2008).

Kleinhandler is not alleged to have dissipated the assets of the Trust, mishandled same, or failed to preserve the assets of the Trust.  Moreover, the fact that Kleinhandler allegedly

14

represented to law enforcement authorities who had contacted him after Frederica's suicide that he was authorized to act for her Estate, is, by itself, meaningless absent proof that he improperly exercised that alleged authority. Exh.1,¶¶66-67.

Kleinhandler did not become a *de facto* fiduciary, a "concept…[that] has generally been applied to cases where the *de facto* executor has abused his or her fiduciary status and has, therefore, been held obligated to account to the beneficiaries of the estate for his or her abuse and self-dealing." Seth v. Lakeden Realty Corp., 17 Misc. 3d 1113(A), 2007 N. Y. Misc. LEXIS 6934, at*17-18 (Sup. Ct. Kings County Oct. 12, 2007) (Pl. Br. at 17).[11] Kleinhandler is not the executor under Frederica's alleged Will; has not been appointed a representative of her Estate; and is not alleged to have abused his responsibilities as Trustee of the Trust, or having engaged in self-dealing. Kleinhandler is a mere stakeholder.

Plaintiffs speculate that "[h]ad Kleinhandler not misrepresented his position to law enforcement, upon information and belief, law enforcement would have made a search for Frederica's next of kin…[and] would have located Donald or Deborah and informed them of Frederica's death." Exh. 1,¶¶60-61. Such conjecture cannot substitute for facts. In any event, their allegation is factually incorrect since Plaintiffs are not the next of kin of Frederica (the third wife of their father, Stanley); Frederica has a living half-brother, Ned Gershenson.[12]

---

[11] Moreover, under Plaintiffs' "operation of law" theory, Kleinhandler's alleged fiduciary duty towards Plaintiffs did not arise until after Frederica's death in February, 2012; stated otherwise, such alleged duty did not exist in 2002 when the Trust was created and Frederica allegedly transferred her assets (including those she purportedly inherited from Stanley) therein. See Exh. 1,¶¶ 35, 40-41. For this reason alone, this Court should dismiss the Amended Complaint.

[12] Plaintiffs fail to state when and how they actually learned of Frederica's death, and what, if anything, they would have done differently had Kleinhandler informed them of same. Plaintiffs have known of the alleged Will, the Agreement and the Trust for some time, but did not act to probate Frederica's alleged Will until May, 2014, twenty-seven (27) months after her death in February, 2012, thus undercutting any claim that they would have acted differently had they known any of these alleged facts.

In sum, Kleinhandler was never adjudicated to be a representative of Frederica's Estate and it cannot be inferred from the alleged facts that he ever acted in that capacity, or that a relationship of trust and confidence otherwise existed between Plaintiffs and Kleinhandler. Consequently, Plaintiffs cannot allege that Kleinhandler, either individually or as Trustee of the Trust, owed Plaintiffs a fiduciary duty or breached such an alleged duty.  All claims against Kleinhandler should be dismissed in their entirety.

**(5)    Plaintiffs' Equitable Claims Should Be Dismissed Since No Fiduciary Relationship Existed Between Kleinhandler And Plaintiffs**

Plaintiffs' equitable claims, including their request for an equitable accounting and the imposition of a constructive trust, require the existence of a fiduciary relationship between Kleinhandler and Plaintiffs. See generally, Sharp v. Kosmalski, 40 N.Y.2d 119, 386 N.Y.S.2d 72 (1976); Village of Hoosick Falls v. Allard, 249 A.D.2d 876, 879, 672 N.Y.S.2d 447, 449 (3d Dep't), lv. denied, 92 N.Y.2d 807 (1998); Davis v. CornerStone Tel. Co. LLC, 2008 N.Y. Misc. LEXIS 3264, at *31 (Sup. Ct. Albany County June 5, 2008); Bontecou v. Goldman, 103 A.D.2d 732, 733, 477 N.Y.S.2d 192, 194 (2d Dep't 1984)("there are essential elements which must be shown to establish a constructive trust…[including] a confidential or fiduciary relationship…")(citations omitted).  Because no such relationship exists, those claims should be dismissed in their entirety. See also, Exh. 2 at 9 (noting that Kleinhandler has not been adjudged a representative of Frederica's Estate.)

**(6)    Plaintiffs' Constructive Trust Claim Against Kleinhandler Is Time Barred**

Plaintiffs' claim to impose a constructive trust or equitable lien is subject to a 6-year statute of limitations. See CPLR § 213(1).  See also DeLaurentis v. DeLaurentis, 47 A.D.3d 750, 751, 850 N.Y.S.2d 557, 558 (2d Dep't), lv. denied, 11 N.Y.3d 706, 868 N.Y.S.2d 598 (2008). The limitations period "commences to run upon the occurrence of the wrongful act giving rise to

16

a duty of restitution." Ponnambalam v. Sivaprakasapillai, 35 A.D.3d 571, 574, 829 N.Y.S.2d 540, 542 (2d Dep't 2006). See Kaufman v. Cohen, 307 A.D.2d 113, 127, 760 N.Y.S.2d 157, 171 (1st Dep't 2003) ("[a]n action to impose a constructive trust is governed by the six-year statute of limitations…which commences to run upon occurrence of the wrongful act giving rise to a duty of restitution, and not from the time when the facts constituting the fraud are discovered…") (citations omitted); DeLaurentis v. DeLaurentis, supra, 47 A.D.3d at 751 (to the same effect); Reiner v. Jaeger, 50 A.D.3d 761, 761, 855 N.Y.S.2d 613, 614 (2d Dep't 2008)(to the same effect); Nazzaro v. Nazzaro, 2011 N.Y. Misc. LEXIS 1554, at *15 (Sup. Ct. Suffolk County Apr. 7, 2011).

The proposed Second Amended Complaint alleges that the Trust was created in 2002 and that Kleinhandler purportedly caused transfers to be contemporaneously made therein.  Exh. 1, ¶¶44, 49-50.  Those transfers occurred more than six years ago; consequently, the claim for a constructive trust is time barred and should be dismissed.  See Reiner v. Jaeger, supra, 50 A.D.3d 761; Nazzaro v. Nazzaro, supra, 2011 N.Y. Misc. LEXIS 1554, at *15-16.  See also, Brown v. Powell, 2012 N.Y. Misc. LEXIS 1612, at *11 (Sup. Ct. Queens County Apr. 4, 2012).

To the extent Plaintiffs claim that the Agreement was breached by the selling the Manhattan Apartment and transferring the assets of that sale to the Trust, such sale and transfer allegedly occurred in May, 2007, also more than six years prior to the commencement of this Action. Id., ¶¶50-51.[13]

Plaintiffs' claim for a constructive trust should be dismissed in its entirety.

---

[13] Although the proceeds from the sale of the Manhattan Apartment were placed into the Trust in 2007, "Frederica transferred Stanley's Manhattan Apartment-which she had inherited under Stanley's Will-to the Trust" on or about December 17, 2002. Exh. 1, ¶48.  Thus, the alleged breach of the Agreement occurred in December, 2002.

(7)    **Plaintiffs' Claims For A Declaratory Judgment Against Kleinhandler Are Time Barred**

Putting aside the fact that until Plaintiffs are deemed proper beneficiaries under Federica's Will they cannot allege the existence of a controversy warranting the issuance of a declaratory judgment (Exh. 2 at 5),[14] their requests for a declaratory judgment (Counts I, II and III) are time-barred.

"Actions for declaratory judgments are not ascribed a certain limitations period." Waldman v. 853 St. Nicholas Realty Corp., 64 A.D.3d 585, 587, 882 N.Y.S.2d 481, 482 (2d Dep't 2009). See Solnick v. Whalen, 49 N.Y.2d 224, 229, 425 N.Y.S.2d 68, 71 (1980). "The nature of the relief sought in a declaratory judgment action dictates the applicable limitations period." Waldman, supra, 64 A.D.3d at 587. "To the extent that the plaintiff asserts a cause of action for a declaratory judgment, such a cause of action also could have been brought, as it was, as an action to impose a constructive trust." Tornheim v. Tornheim, 67 A.D.3d 775, 777, 888 N.Y.S.2d 603, 606 (2d Dep't 2009).

As in Tornheim, "because the cause of action to impose a constructive trust…is time-barred, the declaratory judgment cause of action against him is also time-barred under the six-year limitations period applicable to a cause of action to impose a constructive trust." Id. (citing New York City Health & Hosps. Corp. v. McBarnette, 84 N.Y.2d 194, 201 (1994) and Waldman v. 853 St. Nicholas Realty Corp, supra., 64 A.D.3d at 585). Accordingly, Plaintiffs requests for declaratory judgments are time barred. See id. See also, Christopher v. Tomeck, 82 A.D.3d 1307, 1309, 917 N.Y.S.2d 751, 754 (3d Dep't 2011)("[a]s the final transfer of funds to the trust from

---

[14] See generally, Golden v. Zwickler, 394 U.S. 103, 108 (1969); Velvet Underground v. Andy Warhol Found., 890 F. Supp. 2d 398, 408 (S.D.N.Y. 2012)

decedent occurred in 2001...plaintiff's claims asserted in June 2008 based on....EPTL 7-3.1 [is] time-barred").

### (8)    Plaintiffs' Claim For An Equitable Accounting Against Kleinhandler Is Time Barred

The statute of limitations for an equitable accounting is six years from the time the fiduciary relationship is openly repudiated or otherwise comes to an end. See cf., AQ Asset Mgmt. LLC v. Levine, 2013 N.Y. Misc. LEXIS 2054, at *37 (Sup. Ct. N.Y. County Mar. 28, 2013).

Here, no fiduciary relationship existed between Kleinhandler and Plaintiffs.  However, even assuming, for the sake of this motion, such a relationship did exist, the alleged breach of trust allegedly occurred in 2002 when Kleinhandler and Frederica "actively and intentionally attempted to evade the Agreement and deprive the Theas of their inheritance" by creating the Trust in December, 2002 and allegedly using the Trust to evade Frederica's obligations under the Agreement. Exh. 1, ¶¶34, 43.  Since those alleged events occurred eleven years prior to the commencement of this action, Plaintiffs' claim for an equitable accounting is time-barred.

### POINT II

### IN THE EVENT PLAINTIFFS' MOTION IS NOT DENIED AND THEIR ACTION DISMISSED, THE ACTION SHOULD BE STAYED PENDING PROBATE OF FREDERICA'S WILL IN CALIFORNIA

Kleinhandler incorporates by reference the argument set forth in Point IV of The New School's Memorandum of Law dated June 16, 2014 and joins in its request that this Court stay this action pending Plaintiffs' efforts to probate Frederica's alleged Will before the California court.  However, Kleinhandler respectfully requests that in granting of the stay, this Court should contemporaneously deny Plaintiffs' motion to amend to the extent the proposed Second Amended Complaint contains claims against Kleinhandler, personally.

## CONCLUSION

For the foregoing reasons, Defendant Neil Kleinhandler, in his individual capacity and as the Trustee of the Trust, respectfully requests that Plaintiffs' motion for leave to amend be denied, with prejudice, with costs and disbursements, including Kleinhandler's attorney's fees, and such other and further relief as is warranted.

Dated: New York, New York
      June 16, 2014

PHILLIPS NIZER LLP

By: _____
    Perry S. Galler (PG-5708)
    Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler,
individually and as Trustee of the Frederica Fisher
Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com