UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DONALD M. THEA and DEBORAH L. THEA,    :
:
                Plaintiffs,    :
:
               -against-    :
:
NEIL C. KLEINHANDLER, individually and as    :   Civil Action No.: 13-cv-04895-PKC
trustee of the FREDERICA FISHER THEA    :
REVOCABLE TRUST, NEW SCHOOL    :
UNIVERSITY, and ERIC T. SCHNEIDERMAN    :
as Attorney General of the State of New York,    :
:
                Defendants.    :
:
:
------------------------------------------------------------x

**MEMORANDUM OF LAW OF THE NEW SCHOOL
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

                                SCHULTE ROTH & ZABEL LLP

                                Marcy Ressler Harris
                                Kathleen McDermott

                                919 Third Avenue
                                New York, New York 10022
                                Telephone:  (212) 756-2000
                                Facsimile:   (212) 593-5955

                                *Attorneys for The New School*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................3

I.   STANDARD FOR LEAVE TO AMEND. .........................................................................3

II.  THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE THE THEAS'
     AMENDMENT WOULD BE FUTILE. ..............................................................................4

III. THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE THE
     PROPOSED COMPLAINT WOULD ADD CLAIMS BEYOND THOSE
     ANTICIPATED BY THE ORDER THAT ALSO WOULD BE FUTILE. ........................7

IV.  ABSENT DISMISSAL, THIS ACTION SHOULD BE STAYED PENDING
     PROBATE OF FREDERICA'S WILL IN CALIFORNIA. ................................................9

CONCLUSION ............................................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Alcon S'holder Litig.*,
   719 F. Supp. 2d 280 (S.D.N.Y. 2010)..................................................................................3, 4

*Anderson News, L.L.C. v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012)...................................................................................................4, 5

*Blackmon v. Estate of Battcock*,
   78 N.Y.2d 735 (1991) ...............................................................................................................7

*Credit Suisse First Boston LLC v. Intershop Commc'ns AG*,
   407 F. Supp. 2d 541 (S.D.N.Y. 2006)...................................................................................5, 6

*In re Estate of Tomeck*,
   29 A.D. 3d 156 (3d Dept. 2006) ...............................................................................................8

*Ferraro v. Camarlinghi*,
   161 Cal. App. 4th 509 (2008) ...................................................................................................6

*Foman v Davis*,
   371 U.S. 178 (1962)..................................................................................................................4

*Matter of Gonzalez*,
   586 N.Y.S. 2d 861 (Sup. Ct. Nassau Cnty. 1992) ....................................................................8

*Health-Chem. Corp. v. Baker*,
   915 F.2d 805 (2d Cir 1990).......................................................................................................5

*Lee v. Regal Cruises, Ltd.*,
   916 F. Supp. 300 (S.D.N.Y. 1996)............................................................................................4

*Lucente v. Int'l Bus. Machs. Corp.*,
   310 F.3d 243 (2d Cir. 2002)......................................................................................................5

*Palm Beach Strategic Income, LP v. Salzman*,
   457 F. App'x. 40 (2d Cir. 2012) ...............................................................................................8

*Ruffolo v. Oppenheimer & Co.*,
   98 F.2d 129 (2d Cir. 1993)........................................................................................................3

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*,
   921 F.2d 409 (2d Cir. 1990)..................................................................................................4, 8

*State v. Coyle*,
    171 A.D.2d 288 (3d Dept. 1991) ..................................................................................8

*State v. Hawes*,
    169 A.D.2d 919 (3d Dept. 1991) ..................................................................................8

*Estate of Ziegler*,
    187 Cal. App. 4th 1357 (2010) .....................................................................................6

**Statutes and Rules**

California Code of Civil Procedure § 366.3 ...............................................................6, 9

E.P.T.L.§ 7-3.1............................................................................................... *passim*

Federal Rule of Civil Procedure 12(b)(6) .........................................................................5

Federal Rule of Civil Procedure 15(a)(2) .........................................................................3

**Other Authorities**

3 Moore's Federal 15.08 (2d ed. 1992)...........................................................................3

Defendant The New School, sued herein as New School University, respectfully submits this Memorandum of Law in opposition to the Motion of Plaintiffs Donald and Deborah Thea ("Plaintiffs" or the "Theas") to amend their Amended Complaint and serve and file a proposed Second Amended Complaint (the "Proposed Complaint").

The Theas are the step-children of Frederica Fisher Thea ("Frederica"), who passed away on February 4, 2012, more than two years ago. Nearly 18 months later, without commencing a probate or other proceeding to determine their rights, if any, as purported beneficiaries of Frederica's estate, on July 15, 2013, the Theas filed a declaratory judgment action in this Court to determine their alleged right to assets Frederica had placed into trust for the benefit of The New School (the "Trust"). Their complaint named Neil Kleinhandler, as trustee ("Kleinhandler" or "Trustee"), as sole defendant. Shortly thereafter, the Theas amended their complaint, *inter alia*, to add The New School, the New York Attorney General, and Kleinhandler individually as additional defendants (the "Amended Complaint").

In response to The New School's and the Trustee's motion to dismiss, by memorandum and order dated May 13, 2014 (the "Order"), the Court concluded that it could not adjudicate the Theas' claims in the Amended Complaint because a representative of Frederica's estate was not a party to this action. Order at 1. However, rather than dismissing the action outright, the Court agreed to dismiss the Theas' claims without prejudice, unless, within 21 days, the Theas sought leave to amend the Amended Complaint to include allegations demonstrating the appointment of an executor or administrator of Frederica's estate. Order at 10. Only in such case would all necessary parties be before the Court, enabling adjudication of the underlying legal issues concerning the Trust. Order at 7-9.

On June 2, 2014, the Theas moved for leave to amend and file a Second Amended Complaint (the "Proposed Complaint"). The Proposed Complaint alleges that "[t]he Theas have been duly appointed as Special Administrators" of Frederica's estate (Proposed Complaint at ¶3). It also alleges, *inter alia*, that the Theas are "creditors" of the estate (*id*. at ¶85), and adds a wholly new statutory cause of action under New York's E.P.T.L.§ 7-3.1 to invalidate all transfers to the Trust (*id*. at ¶¶113-120).

The means by which the Theas obtained their alleged appointments as Special Administrators, on an *ex parte* basis, denied The New School an opportunity to be heard and was fundamentally unfair. *See* Affidavit of Marcy Ressler Harris, sworn to on June 16, 2014 ("Harris. Aff."), and Affidavit of Bruce J. Turkle, sworn to on June 16, 2014 ("Turkle Aff.").

If the Court concludes that all necessary parties are now before the Court and that it now has standing to adjudicate the Theas' claims, it should deny as futile the Thea's motion for leave to amend, and should dismiss this case, *with prejudice*. Dismissal with prejudice is warranted because the Theas' claims to invalidate Frederica's Trust are time-barred or otherwise fail as a matter of law, for the reasons set forth herein, in the opposition being filed today by Kleinhandler ("Kleinhandler's Opposition"), and in the submissions The New School and Kleinhandler previously filed in support of dismissal,[1] all of which are expressly adopted and incorporated by reference herein.

Alternatively, if the Court were to find that the claims in the Proposed Complaint are not futile or otherwise subject to dismissal on the merits, the Court should

---

[1] *See* Defendant Neil Kleinhandler's Memorandum of Law in Support of his Motion to Dismiss the Amended Complaint, filed Oct. 7, 2013 ("Trustee's Opening Br."); Memorandum of Law of The New School in Support of Dismissal of the Amended Complaint, filed Oct. 7, 2013 ("TNS's Opening Br."); Defendant Neil Kleinhandler's Reply Memorandum of Law in Support of Motion to Dismiss the Amended Complaint, filed Nov. 19, 2013 ("Trustee's Reply Br."); and Reply Memorandum of Law of The New School in Support of Dismissal of the Amended Complaint, filed Nov. 19, 2013 ("TNS Reply Br.").

grant the Theas' motion to amend on a limited basis only, to permit the addition of proposed new allegations that support their standing as estate representatives.  However, the Court should not permit the Theas to make substantive amendments beyond standing allegations, or to add a new cause of action under E.P.T.L. § 7-3.1 unrelated to standing, as such amendments would exceed the scope of the Order and would be futile in any event.  In addition, the Court should stay this proceeding pending a determination of the admissibility of a copy of Frederica's alleged will (the "Will") in the probate proceeding the Theas finally commenced in Monterey County, California (the "California Court") at the time they filed their Motion for Letters of Special Administration.  A hearing on the admissibility of a copy of Frederica's Will to probate is scheduled in the California Court on August 13, 2014.  That probate determination must be made before this Court may adjudicate the Theas' Trust-related claims, if any of those claims survive dismissal.

## THE PROPOSED SECOND AMENDED COMPLAINT

To avoid duplication, The New School adopts herein the section entitled The Proposed Second Amended Complaint in Kleinhandler's Opposition.

## ARGUMENT

### I.   STANDARD FOR LEAVE TO AMEND.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with leave of court.  F.R.C.P. 15(a)(2).  Whether to grant leave to amend, however, remains within the court's discretion. *Ruffolo v. Oppenheimer & Co.*, 98 F.2d 129, 131 (2d Cir. 1993) (affirming district court's denial of leave to amend, explaining that "[t]he district court has discretion whether or not to grant leave to amend," citing 3 Moore's Federal ¶ 15.08 [4], at 15–64 (2d ed. 1992)); *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010).  "[T]he [c]ourt may deny leave if the amendment (1) has been

delayed unduly, (2) is sought for dilatory purposes or is made in faith bad, (3) the opposing party would be prejudiced, or (4) would be futile." *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 303 (S.D.N.Y. 1996), citing *Foman v Davis*, 371 U.S. 178, 182 (1962).  *See State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (enumerating similar factors).  Additionally, "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India*, 921 F. 2d at 418.

## II. THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE THE THEAS' AMENDMENT WOULD BE FUTILE.

Here, the Court should deny Plaintiffs' motion for leave to amend on the basis that such amendment would be futile.  An amendment is futile when granting leave to amend "would be insufficient to salvage [a plaintiff's] case." *Lee,* 916 F. Supp. at 304 (denying leave to amend as futile). *See also In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280 (denying leave to amend as futile).  Here, leave to amend should be denied, as the claims in the Proposed Complaint are futile for the reasons already identified in the motions to dismiss the claims in the Amended Complaint.  *See Anderson News, L.L.C. v. Am. Media, Inc.,* 680 F.3d 162, 185-86 (2d Cir. 2012).  The Theas' new claim under E.P.T.L. § 7-3.1 also is futile.

Plaintiffs' Proposed Complaint would amend the Amended Complaint in the following ways, among others:[2]

- Plaintiffs would bring the action both individually and as Special Administrators of the Estate of Frederica Fisher Thea.  Proposed Complaint at 1.

---

[2] Plaintiffs' Proposed Complaint contains additional amendments beyond the scope of the Court's May 13, 2014 Order; such amendments – none of which would be sufficient to salvage Plaintiffs' Proposed Complaint – should be denied for the reasons discussed *infra* at Point III.

- Plaintiffs would allege that they have been appointed Special Administrators of the Estate of Frederica Fisher Thea. Proposed Complaint ¶ 3, 77.

- Plaintiffs would add claims for a declaratory judgment, a constructive trust, an equitable accounting, and breach of fiduciary duty in their capacity as Special Administrators. Proposed Complaint at Counts II, IV, V, and VI.

These amendments would not salvage the legal deficiencies in Plaintiffs' case, as the Proposed Complaint still would fail to state a claim under Fed. R. Civ. P. 12(b)(6), for all the same reasons set forth in The New School's and Kleinhandler's prior papers in support of dismissal. Moreover, because denial of leave to amend based upon futility is a decision on the merits, *see Anderson News, L.L.C. v American Media, Inc.*, 680 F.3d 162, 185-86 (2d Cir. 2012) ("a denial of leave to amend a complaint on the ground that the proposed new complaint does not state a claim on which relief can be granted is a decision based on a legal ruling"); *Credit Suisse First Boston LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546, 551 (S.D.N.Y. 2006) (denying leave to amend based on futility because proposed amendment was insufficient as matter of law, and explaining that "Second Circuit case law makes clear that a district court addressing the futility of proposed amendments to a complaint should consider whether the amendments are sufficient on the merits" (internal citations omitted)), *see Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 260 (2d Cir. 2002) (denying leave to amend after finding there was no merit in proposed amendments), *Health-Chem. Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir 1990) (same), the Court's denial of leave to amend should be made with prejudice.

For the reasons The New School and Kleinhandler moved to dismiss these claims in the Amended Complaint, they would seek to deny leave to amend now:

*First*, Plaintiffs' claim that Frederica violated an alleged joint wills agreement with her late husband, Stanley Thea (father to the Plaintiffs), by allegedly using

5

the Trust to deprive Plaintiffs of their purported inheritance, is barred by the applicable statute of limitations. Under California Code of Civil Procedure § 366.3, a *one-year* statute of limitations – measured from a decedent's date of death – applies to any claims based upon a decedent's "agreement to distribute estate or trust property in a specified manner." *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 555 (2008); Cal. § 366.3; *Estate of Ziegler*, 187 Cal. App. 4th 1357, 1365 (2010). *See* Trustee's Opening Br. at 20-23; Trustee's Reply Br. at 9-10, Kleinhandler's Opposition. Plaintiffs' claim to Trust assets based on the alleged agreement between Stanley and Frederica, first asserted more than one year after Frederica's death, is time-barred.

In addition, Plaintiffs' constructive trust and other equitable claims also are time-barred. As set forth in Kleinhandler's Opening Brief supporting his motion to dismiss the Amended Complaint, Plaintiffs' claims for a constructive trust, a declaratory judgment, and an equitable accounting are subject to a six-year statute of limitations running from the date of the Trust's establishment in 2002. *See* Trustee's Opening Br. at 18-20; Trustee's Reply Br. at 7-8. As such, the time to assert such claims has long passed.

*Second*, notwithstanding the statute of limitations infirmities, Plaintiffs' claims still fundamentally fail on the merits: even *if* Plaintiffs are found to be the beneficiaries of Frederica's Estate, they are not thereby entitled to assets of the Trust. The joint will agreement between Frederica and Stanley Fisher contained only two substantive provisions. *See* Exhibit A to Amended Complaint at ¶¶ 5, 6. First, both Stanley and Frederica were to execute wills in a form annexed to the agreement. *Id.* at ¶ 5. Second, the wills "shall continue in full force and effect and shall not be altered or revoked . . . except with the written consent of the other party." *Id.* at ¶ 6. Plaintiffs do not allege that either provision was breached. Rather, they challenge Frederica's creation of the Trust, given the

joint will agreement. However, the New York Court of Appeals has expressly held that when an agreement not to alter a will is silent as to whether a trust can be created, as the joint will agreement between Frederica and Stanley is, the agreement does not prohibit creation of the trust. *Blackmon v. Estate of Battcock*, 78 N.Y.2d 735, 739-40 (1991); *see* TNS's Reply Br. at 4-7.

Plaintiffs' Proposed Complaint fails to allege any new facts that would alter the above analysis. For these reasons, and for those additional reasons set forth in the Defendants' prior motion papers and in Kleinhandler's Opposition, the Court should deny leave to amend, on the merits, as futile.

### III. THE COURT SHOULD DENY LEAVE TO AMEND BECAUSE THE PROPOSED COMPLAINT WOULD ADD CLAIMS BEYOND THOSE ANTICIPATED BY THE ORDER THAT ALSO WOULD BE FUTILE.

In addition, the Court should deny Plaintiffs leave to amend to the extent their Proposed Complaint contains amendments beyond those permitted by the Court's Order. In allowing the Theas to seek leave to amend upon the appointment of an executor or administrator of Frederica's Estate, the Court nowhere authorized amendment of claims unrelated to the appointment of an estate representative. *See* Order at 1, 9-10. Yet the Proposed Complaint contains numerous claims wholly unrelated to the appointment of an estate representative. Among other things, paragraphs 17-20 contain new factual assertions regarding the validity of the agreement between Stanley and Frederica (Proposed Complaint ¶¶17-20), and paragraphs 26-28 contain new factual assertions regarding Frederica's alleged Will (Proposed Complaint ¶¶26-28).

Moreover, the Proposed Complaint asserts an entirely new cause of action under N.Y. E.P.T.L. § 7-3.1, which provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator." Adding a new

7

cause of action unrelated to standing exceeds the scope of the Order and should not be permitted.  *See, e.g., Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x. 40, 43-44 (2d Cir. 2012) (upholding dismissal of amended complaint where plaintiff "had gone beyond the limited leave it had been given to amend its original complaint" to fix standing problem and included unrelated amendments); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 2009) (denying leave to amend, noting that plaintiff's "decision not to plead the additional causes of action was a tactical one").

Claims under E.P.T.L. § 7-3.1 typically are brought in cases where parties seek to shield assets in trust and then qualify for governmental assistance.  *See, e.g., Matter of Gonzalez*, 586 N.Y.S. 2d 861 (Sup. Ct. Nassau Cnty. 1992) (placing funds in trust to avoid paying medical assistance payments violated E.P.T.L. § 7.3-1); *State v. Coyle*, 171 A.D.2d 288 (3d Dept. 1991) (granting summary judgment to plaintiff based on violation of E.P.T.L. § 7.3-1 where defendant received state health services yet had funds in trust); *State v. Hawes*, 169 A.D.2d 919 (3d Dept. 1991) (judgment for plaintiff where defendant had received state mental health services yet had funds in trust).  The sole case we found under E.P.T.L. § 7.3-1 involving an estate likewise related to an effort to recover from an estate for state-funded medical care prior to decedent's death.  *In re Estate of Tomeck*, 29 A.D. 3d 156 (3d Dept. 2006).

In any event, based on well-established choice-of-law principles, to the extent that the claims in the Proposed Complaint – including the proposed new claim under E.P.T.L. § 7.3-1 – relate to the Theas' alleged inheritance from Frederica's estate, they are governed by California law.  *See supra* at 5-6; Trustee's Opening Br. at 20-23; Trustee's Reply Br. at 9-10, Kleinhandler's Opposition.  As such, even if the Theas had a cognizable

claim under N.Y. E.P.T.L. § 7-3.1 – which they do not – California law, and not E.P.T.L § 7-3.1, would apply to their claim.  Because under California law, the Theas' claims are time-barred, their motion for leave to amend to add a claim under E.P.T.L § 7-3.1 should be dismissed as futile. Under no circumstance should the Theas be permitted to amend to add a claim under E.P.T.L. § 7-3.1 in order to "plead around" the statute of limitations bar imposed by § 366.3 of the California Code of Civil Procedure.

### IV. ABSENT DISMISSAL, THIS ACTION SHOULD BE STAYED PENDING PROBATE OF FREDERICA'S WILL IN CALIFORNIA.

In the absence of a dismissal based on futility grounds, this action should be stayed pending a determination as to the admissibility of a copy of Frederica's Will to probate in California.  While Plaintiffs purportedly were granted Letters of Special Administration on May 28 and 30, 2014 (*see* Exhibit A to Proposed Complaint), the California Court's hearing on Plaintiffs' Petition to Administer the Estate is not scheduled to be heard until August 13, 2014.  *See* Declaration of Anthony J. Viola, Esq. in Support of Plaintiffs' Motion for Leave to Amend the Amended Complaint, at ¶8, sworn to June 2, 2014.  Until it is determined whether the Will may be admitted to probate and whether the Theas are beneficiaries of Frederica's estate, this Court remains unable to make any determination regarding Plaintiffs' claims of purported entitlement to Trust assets.  *See also* TNS Reply Br. at 7-10.  For these reasons, if this action survives dismissal and if limited amendment is permitted, this Court should stay any action until the California Court determines these threshold issues.

### CONCLUSION

For the foregoing reasons, and for the reasons set forth in Kleinhandler's Opposition and in the previous submissions of The New School and Kleinhandler

9

supporting dismissal of the Amended Complaint, The New School respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend their Complaint, and that Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice. In the alternative, The New School requests that the Court permit amendment of the Proposed Complaint only for the limited purpose of adding allegations that would support standing, and then stay the action pending a determination by the California Court of the threshold probate issues.

Dated:  New York, New York
        June 16, 2013

SCHULTE ROTH & ZABEL LLP

By: /s/ Marcy Ressler Harris

Marcy Ressler Harris
Kathleen McDermott

919 Third Avenue
New York, New York 10022
Telephone:   (212) 756-2000
Facsimile:   (212) 593-5955
E-mail: Marcy.harris@srz.com
E-mail: Kathleen.McDermott@srz.com

*Attorneys for The New School*