Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

DONALD M. THEA and DEBORAH L. THEA,

                    Plaintiffs,

    - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

                    Defendants.

---------------------------------------------------------------- x

Civil Action No. 13-cv-4895 (PKC)

## DEFENDANT NEIL KLEINHANDLER'S
## MEMORANDUM OF LAW IN RESPONSE TO
## THE COURT'S JULY 11, 2014 ORDER

PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler,
individually and as Trustee of the Frederica Fisher
Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com

1235507.2

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

Preliminary Statement ............................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

POINT I      UNDER NEW YORK'S BORROWING STATUTE, THE STATUTES OF LIMITATIONS OF CALIFORNIA AND MASSACHUSETTS CONTROL ................................................................. 4

    A.   California Law Bars Plaintiffs' Claims ......................................................... 6

    B.   Massachusetts Law Bars Plaintiffs' Claims ................................................... 8

    C.   New York Law Does Not Provide A Limitations Period Shorter Than One Year ................................................................................................ 9

POINT II     PLAINTIFFS' CLAIMS AGAINST KLEINHANDLER ARE BARRED UNDER THE LAW OF CALIFORNIA AND MASSACHUSETTS .................................................................................. 10

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

Page

## CASES

Appel v. Kidder, Peabody & Co.,
 628 F. Supp. 153 (S.D.N.Y. 1986) ........................................................................................... 5

BPP Illinois, LLC v. Royal Bank of Scotland Group, PLC,
 2013 U.S. Dist. LEXIS 161761 (S.D.N.Y. Nov. 13, 2013) ....................................................... 5

Corporate Trade, Inc. v. Golf Channel,
 2013 U.S. Dist. LEXIS 136781 (S.D.N.Y. Sept. 24, 2013), aff'd, 2014 U.S. App.
 LEXIS 7988 (2d Cir. Apr. 29, 2014) ........................................................................................ 5

Embree v. Embree,
 125 Cal. App. 4th 487, 22 Cal. Rptr. 3d 782 (2004) .......................................................... 6, 10

Eresian v. Mattei,
 52 Mass. App. Ct. 16 (2001) ..................................................................................................... 8

Ferraro v. Camarlinghi,
 161 Cal. App. 4th 509, 75 Cal. Rptr. 3d 19 (2008) ................................................................... 6

Flanagan v. G.R. Fina & Co.,
 7 Misc. 2d 96, 161 N.Y.S.2d 620 (Sup. Ct. Kings Co. 1957) ................................................... 9

Forest Park Pictures v. Universal Television Network, Inc.,
 683 F.3d 424 (2d Cir. 2012) ...................................................................................................... 4

Global Fin. Corp. v. Triarc Corp.,
 93 N.Y.2d 525, 693 N.Y.S.2d 479 (1999) ................................................................................. 5

Hughes v. LaSalle Bank, N.A.,
 419 F. Supp. 2d 605 (S.D.N.Y. 2006) ....................................................................................... 5

Mohsen v. Morgan Stanley & Co.,
 2013 LEXIS U.S. Dist. LEXIS 135682 (S.D.N.Y. Sept. 23, 2013) .......................................... 3

Muto v. CBS Corp.,
 668 F.3d 53 (2d Cir. 2012) .................................................................................................... 3, 5

Parker v. Rich,
 297 Mass. 111 (1937) ................................................................................................................ 8

Portfolio Recovery Assocs., LLC v. King,
 14 N.Y.3d 410, 910 N.Y.S.2d 575 (2010) ................................................................................ 4

Roloson v. State,
    77 A.D.2d 694, 429 N.Y.S.2d 502 (3d Dep't 1980) .................................................. 9

Salwasser v. Sauermilch,
    2011 Cal. App. Unpub. LEXIS 537 (5th Dist. Jan. 25, 2011) ............................ 7, 10

Seippel v. Jenkens & Gilchrist, P.C.,
    341 F. Supp. 2d 363 (S.D.N.Y. 2004) ..................................................................... 5

Stewart v. Seward,
    148 Cal. App. 4th 1513, 56 Cal. Rptr. 651 (2007) ................................................. 6

Stuart v. American Cyanamid Co.,
    158 F.3d 622 (2d Cir.1998) ..................................................................................... 4

Ziegler v. W.C. Cox & Co.,
    187 Cal. App. 4th 1357, 114 Cal. Rptr. 3d 863 (2010) ....................................... 6, 7

## STATUTORY AUTHORITIES

Cal. Civ. Proc. Code §366.3 ......................................................................... 2, 6, 7, 9, 10

Mass. Gen. L. G.K. c. 190B, §3-803(a), (b) ...................................................... 2, 8, 9, 10

N.Y. Civ. Prac. L. & R. §202 .................................................................................. 2, 4, 5

N.Y. Civ. Prac. L. & R. §210(b) ...................................................................................... 9

Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually,
and as Trustee of the Frederica Fisher Thea Revocable Trust

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
DONALD M. THEA and DEBORAH L. THEA,

             Plaintiffs,

     - against -

NEIL C. KLEINHANDLER, individually and as
trustee of the FREDERICA FISHER THEA
REVOCABLE TRUST, NEW SCHOOL
UNIVERSITY, and ERIC T. SCHNEIDERMAN as
Attorney General of the State of New York,

             Defendants.
----------------------------------------------------------------- x

Civil Action No. 13-cv-4895 (PKC)

### DEFENDANT NEIL KLEINHANDLER'S
### MEMORANDUM OF LAW IN RESPONSE TO
### THE COURT'S JULY 11, 2014 ORDER

#### Preliminary Statement

     Defendant, Neil Kleinhandler, sued here individually and in his capacity as Trustee of the Frederica Fisher Thea Revocable Trust (the "Trust"), respectfully submits this Memorandum of Law in response to the Court's July 11, 2014 Order (Document 54) wherein the parties were invited to address the issues of whether Section 366.3 of the California Code of Civil Procedure "applies to claims brought under New York law and whether it applies to claims brought against third parties, rather than against a decedents' estate." Order at 1.

1

1235507.2

Under New York's borrowing statute ( CPLR §202)[1], the applicable law of California where Deborah Thea resides, and of Massachusetts where Donald Thea resides, bar Plaintiffs' claims against Kleinhandler and compels dismissal of this action in its entirety, with prejudice. California Code of Civil Procedure §366.3 and Massachusetts General Laws G.K. c. 190B, § 3-803(a), (b) control here and mandate that any claim to distribution from an estate or trust, or under other instrument, arising from a promise or agreement with a decedent must be brought within one (1) year of the decedent's death.

Frederica died on February 4, 2012. Plaintiffs did not bring a claim against Frederica's estate (the "Estate"). Instead, in July 2013, nearly eighteen (18) months after Frederica's death, they sued Kleinhandler, a mere stakeholder, later amending their pleading to name the beneficiary of the Trust, The New School University ("The New School"), as a defendant.

The applicable one year limitations periods bar Plaintiffs' claims against Kleinhandler for the following reasons: (1) the California and Massachusetts statutes contain broad language which encompasses Plaintiffs' claims against Kleinhandler; (2) since Plaintiffs have consistently argued that the statute of limitations on their claims against Kleinhandler, a third party, accrue from the date of Frederica's death (relying on cases involving claims against an estate), they cannot simultaneously argue that California and Massachusetts statutes apply only to claims against the estate or its administrators, not to third parties;[2] and (3) equity precludes Plaintiffs

---

[1] New York's "borrowing statute" provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. CPLR §202.

[2] Alternatively, if this Court finds that the statute of limitations on Plaintiffs' claims against Kleinhandler for breach of fiduciary duty, and seeking a declaratory judgment, an equitable accounting and the imposition of a constructive

2

from suing Kleinhandler while acknowledging that whatever wrong was allegedly committed was purportedly committed by Frederica, particularly since Plaintiffs' claims against Frederica's Estate are time-barred.

Plaintiffs should be also denied equitable relief since they have forum shopped, knowingly bringing this action in New York to avoid the preclusive effect of the California and Massachusetts statutes of limitation.[3]

Accordingly, the Court should permit Plaintiffs to file their Proposed Second Amended Complaint to the extent that the proposed pleading identifies Plaintiffs as appearing in this action in their individual capacity, in their representative capacity as special administrators of Frederica's Estate, and in their capacity as alleged creditors of the Estate. Kleinhandler respectfully requests that the Court, upon the filing of the Second Amended Complaint, dismiss the pleading in its entirety, with prejudice, on the grounds that the claims alleged therein are time-barred under the controlling California and Massachusetts statutes.

## STATEMENT OF FACTS[4]

Plaintiffs, the children of the late Stanley Thea ("Stanley") and his first wife, allege that Frederica (Stanley's third wife) breached a purported 1995 agreement by which she and Stanley allegedly agreed to execute wills leaving their assets to each other, but in the event the spouse predeceased the testator, the assets would pass to Plaintiffs. Plaintiffs claim that after Stanley's death in 1998, Frederica created the Trust in 2002 (11 years before this action was started) and

---

trust began running upon the transfer of assets into the Trust in 2002 and 2006, those claims expired prior to the 2013 commencement of this action.

[3] See Muto v. CBS Corp., 668 F.3d 53, 59 (2d Cir. 2012) ("plaintiffs' proposed analysis would disserve the beneficial aims of the borrowing statute, which attempts to discourage forum-shopping by out-of-state plaintiffs -- a goal that we see no reason to discount, especially in light of the history of this litigation.") (citing Portfolio Recovery Assocs., LLC v. King, 14 N.Y.3d 410, 910 N.Y.S.2d 575 (2010)). Accord, Mohsen v. Morgan Stanley & Co., 2013 U.S. Dist. LEXIS 135682, at *24-25 (S.D.N.Y. Sept. 23, 2013).

[4] For a more complete statement of the procedural history and relevant facts, the Court is respectfully referred to Kleinhandler's Memorandum of Law in opposition to Plaintiffs' motion to amend, pp. 5-11.

3

1235507.2

impermissibly transferred assets of Stanley's estate (as well as her own assets) therein more than six (6) prior to the commencement of this action.

Frederica resided in Carmel, California at the time of her death in February, 2012. In May, 2014, more than two years after Frederica's death, Plaintiffs sought to probate Frederica's purported will in Monterey County, California.

Although Plaintiffs' dispute centers on their alleged inheritance under Frederica's alleged will, Plaintiffs have not named Frederica's Estate as a defendant in this proceeding or directly challenged her alleged contractual breach, presumably because that claim is time-barred. Instead, they make an end run around the limitations bar, baselessly accusing Kleinhandler, the Trustee of the Trust, of breaching a non-existent fiduciary duty, while seeking equitable remedies primarily designed to preserve the assets in the Trust.

## ARGUMENT

### POINT I

#### UNDER NEW YORK'S BORROWING STATUTE, THE STATUTES OF LIMITATIONS OF CALIFORNIA AND MASSACHUSETTS CONTROL

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." Stuart v. American Cyanamid Co., 158 F.3d 622, 626 (2d Cir.1998). See also, Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012) ("A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state."). "New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York." Stuart v. American Cyanamid Co., supra, 158 F.3d at 627. However, "this general rule ... is subject to ... New York's 'borrowing' statute, C.P.L.R. §202." Id. See Portfolio Recovery Associates v. King, supra, 14 N.Y.3d at 416.

New York's "borrowing" statute provides that "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." CPLR § 202. Thus, "[u]nder C.P.L.R. §202, when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." Stuart v. American Cyanamid Co., supra, 158 F.3d at 627. See also, Muto v. CBS Corp., supra, 668 F.3d at 57; Corporate Trade, Inc. v. Golf Channel, 2013 U.S. Dist. LEXIS 136781, at *10 (S.D.N.Y. Sept. 24, 2013), aff'd, 2014 U.S. App. LEXIS 7988 (2d Cir. Apr. 29, 2014); BPP Illinois, LLC v. Royal Bank of Scotland Group, PLC, 2013 U.S. Dist. LEXIS 161761, at *16 (S.D.N.Y. Nov. 13, 2013); Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528-29, 693 N.Y.S.2d 479, 485 (1999) (New York Court of Appeals rejected the argument that in analyzing where a claim accrues for purposes of CPLR §202, the court should apply a choice-of-law "grouping of contracts" or "center of gravity approach").[5]

"New York courts interpreting the borrowing statute hold that the cause of action accrues in the place of the injury, and 'where an ... injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss.'" Seippel v. Jenkens

---

[5] The Global Financial court added that:

> "CPLR 202 is designed to add clarity to the law and to provide the certainty of uniform application to litigants." This goal is better served by a rule requiring the single determination of a plaintiff's residence than by a rule dependent on a litany of events relevant to the "center of gravity" of a contract dispute.

Global Fin. Corp. v. Triarc, supra, 93 N.Y.2d at 530 (quoting Insurance Co. v. ABB Power Generation, 91 N.Y.2d 180, 187, 668 N.Y.S.2d 143 (1997)).

& Gilchrist, P.C., 341 F. Supp. 2d 363, 374 (S.D.N.Y. 2004) (quoting Global Fin. Corp. v. Triarc Corp., [supra] 93 N.Y.2d at 529). See Hughes v. LaSalle Bank, N.A., 419 F. Supp. 2d 605, 611 (S.D.N.Y. 2006); Appel v. Kidder, Peabody & Co., 628 F. Supp. 153, 155-56 (S.D.N.Y. 1986).

Here, Plaintiffs seek to recover for injuries that are purely economic. Any injuries sustained took place in Plaintiffs' respective places of residence, namely, California and Massachusetts, and, as detailed below, the applicable statutes in those states bar Plaintiffs' claims.

A.   **California Law Bars Plaintiffs' Claims**

Cal. Code of Civ. P. §366.3 provides:

> (a)If a person has a claim that **arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument**, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply. ¶(b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in Sections 12, 12a, and 12b of this code, and former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code, as that part read prior to its repeal by Chapter 174 of the Statutes of 2008, ¶(c) This section applies to actions brought on claims concerning persons dying on or after the effective date of this section.

Cal. Code of Civ. P. .§366.3 [Emphasis added].

The statute thus broadly pertains to claims "predicated upon the decedent's agreement to distribute estate or trust property in a specified manner," and proscribes a one-year statute of limitations measured from the decedent's date of death. Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 555, 75 Cal. Rptr. 3d 19, 57 (2008). See Stewart v. Seward, 148 Cal. App. 4th 1513, 1521-23, 56 Cal. Rptr. 651, 657-59 (2007). Section 366.3 applies to any claims, so long as they are "predicated on a decedent's promise to make specified distributions upon his death." Id. See Ziegler v. W.C. Cox & Co., 187 Cal. App. 4th 1357, 1365, 114 Cal. Rptr. 3d 863, 868 (2010)

6

1235507.2

(Sect. 366.3 deemed applicable to fraud and unjust enrichment claims); Ferraro v. Camarlinghi, supra, 161 Cal. App. 4th at 555(family dispute over an estate, though framed in terms of fraud and conversion as well as breach of contract, was governed by section 366.3).

Section 366.3 has also been held to "apply to claims based on a contract to leave certain property by will, even when the claimant is seeking only damages for breach of the contract and is not seeking the property itself." Ziegler, supra, 187 Cal. App. 4th at 1365 (citation omitted). See also, Embree v. Embree, 125 Cal. App. 4th 487, 492, 22 Cal. Rptr. 3d 782, 785-86 (2004) ("Alvin's agreement to establish a trust upon his death to provide monthly payments to Joanne appears to fall squarely within the ambit of section 366.3. Accordingly, Joanne's claim, filed more than one year after Alvin's death, is time-barred.")

Section 366.3 encompasses Plaintiffs' claims against Kleinhandler. "[T]he Legislature clearly intended Code of Civil Procedure section 366.3 to apply, at a minimum, to a claim based on a contract to make a will." Ziegler, supra, 187 Cal. App. 4th at 1365. "The Legislature even referred broadly to all 'equitable and contractual claims to distribution of estates.'" Id. (quoting Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1491 [1999-2000 Reg. Sess], at p. 4). More recently, the court in Salwasser v. Sauermilch, 2011 Cal. App. Unpub. LEXIS 537 (5th Dist. Jan. 25, 2011) stressed that:

> [t]he intent of section 366.3 is to reach **any action predicated upon the decedent's agreement to distribute estate or trust property** in a specified manner. The statute is not limited by its terms to contract claims. Rather, it extends to any claim that arises from the decedent's promise or agreement. The statute applies to all actions predicated on a decedent's promise to make specified distributions upon his or her death. Ferraro v. Camarlinghi, [supra]161 Cal. App. 4th 509, 555 (2008).

2011 Cal. App. Unpub. LEXIS 537, at *14. [Emphasis added].

7

Here, Frederica died on February 4, 2012. Nearly eighteen months later, in July, 2013, Plaintiffs sued Kleinhandler for his alleged failure to safeguard the Trust assets for their benefit as alleged beneficiaries of Frederica's Estate. Plaintiffs did so, notwithstanding the fact that they had not been designated Estate beneficiaries, the Trust assets had not been determined to be part of Frederica's Estate, and any claim against Frederica's Estate already was time-barred under Cal. Code of Civ. P. §366.3. Plaintiffs' claims against Kleinhandler are time-barred under California law.

B.  **Massachusetts Law Bars Plaintiffs' Claims**

Massachusetts General Laws G.K. c. 190B, § 3-803(a), (b) (formerly, General Laws c. 197, §9) provides in pertinent part:

> (a) Except as provided in this chapter, a personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within 1 year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such personal representative or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed with the register.
>
> (b) **A trustee of a trust, the assets of which are subject as a matter of substantive law to being reached by creditors of the deceased shall not be held to answer to an action by a creditor of the deceased** unless such action is commenced against such trustee or against the personal representative of the deceased within the time and in the manner provided in subsection (a). Such trustee shall have immunity from personal liability to a creditor or the deceased in the same manner as a personal representative has, pursuant to section 3-807.

Mass. Gen. Laws G.K. c. 190B, § 3-803(a), (b) [Emphasis added].

The Massachusetts statute thus sets forth a one-year limitations period for "an action by a creditor of the deceased" against the deceased's executor or administer or the trustee of a trust.

8

1235507.2

The purpose of the statute is to expedite the settlement of estates. See Parker v. Rich, 297 Mass. 111, 113 (1937). See also, Eresian v. Mattei, 52 Mass. App. Ct. 16, 17 (2001)("The general purpose of these provisions 'is that the settlement of the estates of deceased persons should not be unnecessarily delayed.'")(quoting Forbes v. Harrington, 171 Mass. 386, 391 (1898)).

Under Massachusetts law, if Plaintiffs were to now sue Frederica's Estate for allegedly breaching the purported contract to make a will, the action would be time-barred. Plaintiffs' claims against Kleinhandler, brought in July, 2013, nearly eighteen months after Frederica's death, are also time-barred under Massachusetts law.

### C. New York Law Does Not Provide A Limitations Period Shorter Than One Year

Kleinhandler is unaware of any New York statute comparable to the above-discussed California and Massachusetts provisions. However, he is aware that under New York law the statute of limitations does not begin to run until a personal representative of the estate is appointed, which, due to Plaintiffs' own delays, did not occur until May 28, 2014. See, e.g., Roloson v. State, 77 A.D.2d 694, 695, 429 N.Y.S.2d 502, 503 (3d Dep't 1980), Flanagan v. G.R. Fina & Co., 7 Misc. 2d 96, 97, 161 N.Y.S.2d 620, 621 (Sup. Ct. Kings Co. 1957). Moreover, under CPLR §210(b)[6] there is an 18-month period of repose "after the death, within or without the state, of a person against whom a cause of action exists [which period] is not part of the time within which the action must be brought." CPLR §210(b). Accordingly, the 1 year California and Massachusetts limitations periods are shorter than any applicable New York provision.

---

[6]NY CPLR ¶210(b) provides:

> Death of person liable. The period of eighteen months after the death, within or without the state, of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his executor or administrator.

9

## POINT II

## PLAINTIFFS' CLAIMS AGAINST KLEINHANDLER ARE BARRED UNDER THE LAW OF CALIFORNIA AND MASSACHUSETTS

The California and Massachusetts one year statutes of limitations bar Plaintiffs' claims against Kleinhandler. The statutes contain broad language, applying to "all claims to distribution from an estate or trust, or under other instrument, arising from an oral or written promise or agreement with a decedent" (California Code of Proc. §366.3 ), and to any "action by a creditor of the deceased" (Massachusetts General Laws G.K. c. 190B, §3-803(a)), thus, encompassing claims against Kleinhandler. Section 366.3 specifically has been applied to bar claims brought against trustees and trusts. See, e.g., Embree v. Embree, supra, 125 Cal. App. 4th at 490-91, 497 (applying Section 366.3 to bar claims brought against trust beneficiaries); Salwasser v. Sauermilch, supra, 2011 Cal. App. Unpub. LEXIS 537, *14 (applying Section 366.3 to bar claims brought against a trustee).

Moreover, Section §3-803(b) of the Massachusetts General Laws, contains a one year limitations period on claims against "[a] trustee of a trust, the assets of which are subject as a matter of substantive law to being reached by creditors of the deceased…."

Plaintiffs cannot legitimately argue that the California and Massachusetts statutes do not apply and bar their claims against Kleinhandler. Putting aside the breadth of the respective statutes, Plaintiffs have consistently argued that the statute of limitations on their claims against Kleinhandler (breach of fiduciary duty and requests for an equitable accounting, a constructive trust and for a declaratory judgment) did not accrue until Frederica's death in February, 2012.[7] Plaintiffs have supported that contention by citing cases concerning claims against the executor

---

[7] See Plaintiffs' Memorandum of Law in Opposition to Defendants Neil C. Kleinhandler's and New School University's Motion to Dismiss (Document 52) (pages 19-20), and Plaintiffs' Reply Memorandum in Support of their Motion for Leave to Amend (Document 39) (pp. 6-8).

10

1235507.2

or administrator of an estate, not third parties like Kleinhandler. See, e.g., Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss at 19-21 (Document 39) (citing Rubin v. Irving Trust Co., 305 N.Y. 288, 298 (1953); Matter of Halbert, 28 Misc. 3d 1233(A) (Surr. Ct. N.Y. Sullivan Co. 2010); Allen v. Payson, 170 Misc. 759 (S. Ct. Queens Co. 1939)). Plaintiffs, having taken that position, cannot now argue that the statutes of limitations applicable to claims by creditors for distributions from an estate or trust apply only to claims against the estate, not to Kleinhandler.

Finally, the equities favor the application of the California and Massachusetts statutes to claims against Kleinhandler. Plaintiffs have clearly forum shopped, bringing this action in New York because of their presumed knowledge that their underlying claim is time-barred in the respective States in which they reside. Plaintiffs, moreover, should be precluded from raising equitable claims, seeking to preserve assets in the Trust, having never brought suit against Frederica's Estate, even though Frederica is the person whom they contend is directly liable for their alleged loss.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Kleinhandler's opposition to Plaintiffs' motion to amend (Document 49), and in support of Kleinhandler's prior motion to dismiss the Amended Complaint (Documents 34 and 40), and for the reasons set forth in the memoranda of law submitted by The New School in support of its motion to dismiss the Amended Complaint (Documents 36 and 41), in opposition to Plaintiffs' motion to amend (Document 50), and in response to this Court's July 11, 2014 Order,[8] Kleinhandler respectfully requests that the Court permit Plaintiffs to file their Proposed Second Amended Complaint to the extent that the proposed pleading identifies Plaintiffs as appearing in this action in their individual capacity, in their representative capacity as special administrators of Frederica's Estate, and in their capacity as alleged creditors of the Estate.

---

[8] Kleinhandler specifically incorporates by reference the arguments set forth by The New School in response to the Court's July 14, 2014 Order.

Kleinhandler further respectfully requests that the Court, upon the filing of the Second Amended Complaint, dismiss the pleading in its entirety, with prejudice, on the grounds that the claims alleged therein are time-barred under the controlling California and Massachusetts statutes, with costs and disbursements, and such other relief as the Court deems just and proper.

Dated: New York, New York
July 25, 2014

PHILLIPS NIZER LLP

By: _____
Perry S. Galler (PG-5708)
Bruce J. Turkle (BT-2676)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY  10103-0084
(212) 977-9700
Attorneys for Defendant Neil Kleinhandler, individually and as Trustee of the Frederica Fisher Thea Revocable Trust
pgaller@phillipsnizer.com
bturkle@phillipsnizer.com

13

1235507.2