UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DONALD M. THEA and DEBORAH L. THEA,  :
  :
          Plaintiffs,  :
  :
          -against-  :
  :
NEIL C. KLEINHANDLER, individually and as  :     Civil Action No.: 13-cv-04895-PKC
trustee of the FREDERICA FISHER THEA  :
REVOCABLE TRUST, NEW SCHOOL  :
UNIVERSITY, and ERIC T. SCHNEIDERMAN  :
as Attorney General of the State of New York,  :
  :
          Defendants.  :
  :
  :

------------------------------------------------------------x

# MEMORANDUM OF LAW OF THE NEW SCHOOL
# IN RESPONSE TO THE COURT'S JULY 11, 2014 ORDER

SCHULTE ROTH & ZABEL LLP

Marcy Ressler Harris
Kathleen McDermott

919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955

*Attorneys for The New School*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..........................................................................................................................4

I.     UNDER N.Y. C.P.L.R. § 202, PLAINTIFFS' CLAIMS ARE UNTIMELY UNLESS THEY ARE TIMELY UNDER THE STATUTES OF LIMITATIONS OF NEW YORK, CALIFORNIA, AND MASSACHUSETTS. ..........................................................4

     A.    Plaintiffs Allege Financial Harm As A Result of Defendants' Alleged Actions. ...................................................................................................5

     B.    N.Y. C.P.L.R. § 202 Applies, Because This Is An Action That Accrued Outside Of New York, Brought By Non-Residents....................................6

     C.    Application Of N.Y. C.P.L.R. § 202's Directive To Apply The Stricter Statute Of Limitations Requires That This Court Apply California's And Massachusetts' Statutes Of Limitations. ..............................................10

          1.    New York's Statute Of Limitations Began To Run As Of May 28, 2014..........................................................................................................11

          2.    California Provides A One-Year Statute Of Limitations Which Began To Run As Of Frederica's Death On February 4, 2012. ..........................12

          3.    Massachusetts Also Provides A One-Year Statute Of Limitations Which Began To Run As Of Frederica's Death On February 4, 2012.......13

          4.    This Court Must Apply California's And Massachusetts' Stricter Statutes Of Limitations, Consistent With N.Y. C.P.L.R. § 202's Policy Discouraging Forum Shopping. ..............................................................14

II.    PLAINTIFFS' CLAIMS ARE TIME-BARRED UNDER CALIFORNIA'S AND MASSACHUSETTS' ONE-YEAR STATUTES OF LIMITATIONS. ..........................15

     A.    California Code Of Civil Procedure 366.3(a) Is Applicable To All Of Plaintiffs' Claims.................................................................................15

     B.    California Code Of Civil Procedure 366.3 Provides A One-Year Statute Of Limitations, With No Exceptions. .......................................................18

     C.    The Massachusetts Statute Of Limitations Also Provides For A One-Year Limitation Period From Date Of Death. .............................................20

CONCLUSION.....................................................................................................................24

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                      <u>Page(s)</u>

*Allen v. Stoddard*,
   212 Cal. App. 4th 807 (Cal. Ct. App., 4th Dist. 2013) ........................................15-16, 19-20

*Antone v. Gen. Motors Corp., Buick Motor Div.*,
   64 N.Y.2d 20 (1984) .................................................................................................14

*Appel v. Kidder, Peabody & Co.*,
   628 F. Supp. 153 (S.D.N.Y. 1986).............................................................................8

*Baena v. Woori Bank*,
   No. 05 Civ.7018(PKC), 2006 WL 2935752 (S.D.N.Y. Oct. 11, 2006)....................6

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*,
   No. 93 CIV. 6876(LMM), 2001 WL 492363 (S.D.N.Y. May 9, 2001) ...................9

*Barrett v. Metropolitan Life Ins. Co.*,
   No. 06 CV 6345(NGG)(RLM), 2008 WL 141924 (E.D.N.Y. Jan. 14, 2008) .....................7-8

*Matter of Behr*,
   191 A.D.2d 431 (2d Dep't 1993).................................................................................12

*Bennett v. Hannelore Enterprises, Ltd.*,
   296 F. Supp. 2d 406 (E.D.N.Y. 2003) ......................................................................10

*BPP Illinois, LLC v. Royal Bank of Scotland Group, PLC*,
   No. 13 Civ. 0638(JMF), 2013 WL 6003701 (S.D.N.Y. Nov. 13, 2013) ................10

*Cameron v. LR Credit 22, LLC*,
   No. 13 Civ. 1493(PAC), 2014 WL 704308 (S.D.N.Y. Feb. 24, 2014).....................6

*Christou v. Christou*,
   109 A.D.2d 1058 (4th Dep't 1985) ..........................................................................11

*Matter of Cudahy*,
   49 Misc. 2d 668 (N.Y. Surr. Ct., Nassau Cnty. 1966) ............................................11

*Dagliano v. Eli Lilly*,
   538 Fed. Appx. 110 (2d Cir. 2013) ..........................................................................9

*DeLaurentis v. DeLaurentis*,
   47 A.D.3d 750 (2d Dep't 2008)................................................................................11

*Deitrick v. Hayward*,
   24 N.E.2d 683 (Sup. Jud. Ct. of Mass., Suffolk 1939) ..........................................22

*Disabled American Veterans v. Phillips*,
   824 N.Y.S.2d 753 (Sup. Ct. Nassau Cnty. 2006) ................................................................12

*Embree v. Embree*,
   125 Cal. App. 4th 487 (Cal. Ct. App., 2d Dist. 2004) ................................................. 17-18, 19

*Eresian v. Mattei*,
   750 N.E.2d 30 (App. Ct. of Mass., Worcester 2001)........................................................13, 21

*Estabrook v. Moulton*,
   111 N.E. 859 (Sup. Jud. Ct. of Mass., Suffolk 1916) ...................................................... 22-23

*Estate of Gronlund*,
   No. G035991, 2006 WL 2709463 (Cal. Ct. App., 4th Dist. Sept. 22, 2006)............... 15-16, 19

*Estate of Ziegler*,
   187 Cal. App. 4th 1357 (Cal. Ct. App., 4th Dist. 2010) ...................................... 12-13, 15, 16

*Ferraro v. Camarlinghi*,
   161 Cal. App. 4th 509 (Cal. Ct. App., 6th Dist. 2008) ...........................................................16

*Flannery v. Flannery*,
   705 N.E.2d 1140 (Sup. Jud. Ct. of Mass., Norfolk 1999) ...........................................13, 20, 21

*In re Gaston & Snow*,
   243 F.3d 599 (2d Cir. 2001).................................................................................................10

*Global Financial Corp. v. Triarc Corp.*,
   93 N.Y.2d 525 (1999) ................................................................................................ *passim*

*Gordon & Co. v. Ross*,
   63 F. Supp. 2d 405 (S.D.N.Y. 1999).......................................................................................8

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
   12 N.Y.3d 132 (2009) ...........................................................................................................12

*Johnson v. Clabburn*,
   144 N.E. 105, 249 Mass. 216 (Sup. Jud. Ct. of Mass., Suffolk 1924)....................................22

*Kitchner v. Kitchner*,
   100 A.D.2d 954 (2d Dep't 1984)...........................................................................................11

*Lang v. Paine, Webber, Jackson & Curtis, Inc.*,
   582 F. Supp. 1421 (S.D.N.Y. 1984).........................................................................................6

*Lynch v. Springfield Safe Deposit & Trust Co.*,
   13 N.E.2d 611 (Sup. Jud. Ct. of Mass., Hampden 1938).......................................................21

*New England Trust Co. v. Spaulding*,
  38 N.E.2d 672 (Sup. Jud. Ct. of Mass., Suffolk 1941) ...........................................21

*Nichols v. Pope*,
  191 N.E. 387 (Sup. Jud. Ct. of Mass., Suffolk 1934) .............................................22

*Norex Petroleum Ltd. v. Blavatnik*,
  No. 121, 2014 WL 2883898 (N.Y. Ct. App. June 26, 2014) ...................................14

*Portfolio Recovery Associates, LLC v. King*,
  14 N.Y.3d 410 (2010) ................................................................................. *passim*

*Prefabco, Inc. v. Olin Corp*.,
  71 A.D.2d 587 (1st Dep't 1979) .....................................................................8

*Roloson v. State*,
  77 A.D.2d 694 (3d Dep't 1980) ......................................................................11

*Salwasser v. Sauermilch*,
  No. F059020, 2011 WL 213061 (Cal. Ct. App., 5th Dist. Jan. 25, 2011) ..................15, 17-18

*Salzmann v. Prudential Securities, Inc.*,
  No. 91 Civ. 4253 (KTD), 1994 WL 191855 (S.D.N.Y. May 16, 1994)................................12

*Sowin v. Edmundson*,
  No. A130035, 2011 WL 3328897 (Cal. Ct. App., 1st Dist. Aug. 3, 2011) ....................15, 18

*Stebbins v. Scott*,
  52 N.E. 535 (Sup. Jud. Ct. of Mass., Nantucket 1899).........................................21

*Stewart v. Seward*,
  148 Cal. App. 4th 1513 (Cal. Ct. App., 2d Dist. 2007) ..................................12-13, 17, 18, 19

*Stuart v. American Cyanamid Co*.,
  158 F.3d 622 (2d Cir. 1998)........................................................................4, 10-11

*Sykes v. Meacham*,
  103 Mass. 285 (Sup. Jud. Ct. of Mass. 1869) .....................................................23

*Tornheim v. Tornheim*,
  67 A.D.3d 775 (2d Dep't 2009)......................................................................12

*Vincent v. The Money Store*,
  915 F. Supp. 2d 553 (S.D.N.Y. 2013).................................................................7

## Statutes

Cal. Code Civ. P. § 366.3.......................................................................... *passim*

Cal. Code Civ. P. § 366.3(a) ...................................................................2, 12, 15, 17

Cal. Code Civ. P. § 366.3(b) ...................................................................18, 19

Cal. Prob. Code § 9353 ........................................................................ 19-20

Mass. Gen. Laws Ann. 190B § 3-803(a) .......................................... *passim*

Mass. Gen. Laws Ann. 190B § 3-803(b) .......................................... *passim*

Mass. Gen. Laws Ann. 190B § 3-803(e) ................................................22

**Rules**

N.Y. C.P.L.R. § 202 (McKinney 2014) .............................................. *passim*

N.Y. C.P.L.R. § 213 (McKinney 2014) .............................................. 11-12

N.Y. C.P.L.R. § 213(1) (McKinney 2014) .......................................... 11-12

N.Y. C.P.L.R. § 214(4) (McKinney 2014) ................................................12

**Other Authorities**

*Recommendations Relating to Probate Law*,
    20 Cal. L. Revision Comm'n Reports 501 (Dec. 1989) ........................................16

The New School respectfully submits this supplemental memorandum of law in further support of the denial of Plaintiffs' motion for leave to amend, except on the limited basis set forth herein, in response to the Court's July 11, 2014 Order, which stated, in relevant part:

> [T]he parties have raised arguments premised on the applicability of section 366.3 of the California Code of Civil Procedure. The parties dispute whether the California statute of limitations applies to claims brought under New York law and whether it applies to claims brought against third parties, rather than against a decedent's estate. The parties have not adequately addressed these issues, nor have they addressed whether New York CPLR § 202, and thus the California statute of limitations, would apply to the claims.

> The parties are invited to address the statute of limitations and choice of law issues simultaneously, within fourteen days of the issuance of this Order.

New York C.P.L.R. § 202 squarely applies to the Theas' claims. New York C.P.L.R. § 202 requires application of § 366.3 of the California Code of Civil Procedure (and 190B § 3-803(a) and (b) of the Massachusetts General Laws). Under the relevant California and Massachusetts statutory provisions, all of Plaintiffs' claims in the Amended Complaint ("AC") action are time-barred. The Court should permit Plaintiffs leave to file their Proposed Second Amended Complaint ("PSAC"), so there can be no question that Plaintiffs are appearing in this action in their representative capacity as Special Administrators of the Estate of Frederica Fisher Thea (the "Estate"), in their capacity as creditors of the Estate, and in their individual capacity. Following such filing, the Court should dismiss, with prejudice, all of the claims in the PSAC as time-barred, for the reasons herein. Dismissal also is warranted for the reasons in Defendants' prior submissions.

## PRELIMINARY STATEMENT

Plaintiffs Deborah and Donald Thea filed suit in this Court more than a year ago to recover assets contained in the Frederica Fisher Thea Revocable Trust (the "Trust") that they claim were promised to them as a distribution under the alleged Last Will and Testament of

Frederica Fisher Thea ("Frederica"), the third wife of their late father, Stanley.[1]   Yet because Plaintiffs' claims all were time-barred when this action was commenced, Plaintiffs' efforts to recover the Trust assets in this action are futile.  As a result, the claims in the AC and in the PSAC all should be dismissed, with prejudice.

New York C.P.L.R. § 202 applies to this case, as both Plaintiffs are non-New York residents whose claims accrued outside New York.  Pursuant to New York C.P.L.R. § 202, because Plaintiffs are non-New York residents whose claims did not accrue in New York, Plaintiffs' claims must be timely under the statutes of limitations of their respective residences – California for Deborah Thea, and Massachusetts for Donald Thea.  The statutes of limitations of both California and Massachusetts provide that all claims arising from a promise or agreement with a decedent to a distribution from an estate or trust must be brought within one year of the decedent's death.  *See* Cal. Code of Civil Procedure § 366.3(a); M.G.L.A. 190B § 3-803(a) and (b).  Pursuant to N.Y. C.P.L.R. § 202, therefore, Plaintiffs were required to bring the present action within one year of Frederica's death on February 4, 2012.  Yet this action was not commenced until July 15, 2013 – nearly eighteen months after Frederica's death.  Because Plaintiffs' claims were not brought within the one-year limitations period, they are time-barred and should be dismissed.

Plaintiffs' claims to the assets in Frederica's Trust are premised upon allegations of economic harm.[2]  New York law is unequivocal that under N.Y. C.P.L.R. § 202, in cases predicated upon allegations of economic harm, a court must apply the statute of limitations of the locale where the economic harm is felt.  Under New York law, economic harm is deemed to be felt where a plaintiff resides, regardless of where the alleged wrongful conduct occurred or

---

[1] The New School assumes the Court's familiarity with the underlying facts.

[2] *See*, e.g., PSAC at ¶¶ 95-100, 106-111, 116-119, 128, 130-135, 141 and AC at ¶¶ 84-89, 99, 103-104, 112.

where the underlying trust or bank account was located.  Thus, the Court must apply the statute of limitations of California to Deborah Thea's claims and of Massachusetts to Donald Thea's claims.  No further "grouping of contacts" or "interest analysis" is permitted, even if New York substantive law were to apply to Plaintiffs' claims.

Moreover, the broad terms of the California and Massachusetts statutes of limitations make those statutes applicable to **all** of Plaintiffs' claims.  Here, Plaintiffs allege that they are entitled to the assets of the Trust pursuant to an alleged "joint wills" agreement (the "Agreement") between Frederica and Stanley;[3] that the alleged Agreement provided that they were to inherit the entirety of Frederica's Estate;[4] and that the Trust assets belong to Frederica's Estate.[5]  They seek relief against Neil Kleinhandler, the Trustee of the Trust, as well as against The New School (sued herein as New School University), the named Trust beneficiary.

California courts repeatedly have recognized that claims based upon a promise to make a will fall "squarely within section 366.3's ambit," and have applied Section 366.3, the applicable California statute of limitations provision, to bar such claims regardless of whether the claim is captioned as one for a constructive trust, breach of fiduciary duty, or otherwise, and regardless of whether the proceeding is brought in a probate court.  California courts likewise have applied Section 366.3 to bar claims against trustees and trust beneficiaries, not just against an estate.  The legislative history and public policy behind the California and Massachusetts statutes of limitations provisions offer further support for applying those statutes to bar Plaintiffs' claims, as both statutes of limitations were designed to effectuate the expeditious administration

---

[3] PSAC at ¶¶ 14, 15, 24, 32, 44, 49, 50, 84; *see also* AC at ¶¶ 12, 13, 18, 23, 34, 35, 40, 41, 48, 73, 74.

[4] PSAC at ¶¶ 24, 32; *see also* AC at ¶¶ 18, 23.

[5] PSAC at ¶ 84; *see also* AC ¶ 74.

3

of estates.  Under each statutory provision, claims are barred if not brought within one year of a decedent's death.

N.Y. C.P.L.R. § 202 was designed to prevent the unfairness that would result if non-residents could file stale claims in New York under New York's more liberal statute of limitations.  Section 202 was designed to protect against such inequitable forum shopping.  For these reasons, as detailed below, and because all of Plaintiffs' claims would be untimely in California and Massachusetts, they also are untimely in New York.

## ARGUMENT

**I.    UNDER N.Y. C.P.L.R. § 202, PLAINTIFFS' CLAIMS ARE UNTIMELY UNLESS THEY ARE TIMELY UNDER THE STATUTES OF LIMITATIONS OF NEW YORK, CALIFORNIA, AND MASSACHUSETTS.**

Where, as here, jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York statute of limitations.  *Stuart v. American Cyanamid Co.,* 158 F. 3d 622, 626 (2d Cir. 1998).  N.Y. C.P.L.R. § 202 provides that when a non-resident of New York brings a cause of action in a New York forum, for claims that did not accrue in New York, the claims must be brought within the statute of limitations for ***both*** New York ***and*** the forum in which the claims accrued.  The relevant language of N.Y. C.P.L.R. § 202 is as follows:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Under N.Y. C.P.L.R. § 202, the court's analysis is therefore three-fold:

1. Are the Plaintiffs non-residents?

2. If so, did their causes of action accrue outside New York?

    3.  If so, were their claims brought within the statutes of limitations of both New York and the forum or forums in which their claims accrued?

*See Portfolio Recovery Associates, LLC v. King,* 14 N.Y.3d 410, 416 (2010); *Global Financial Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 525 (1999).

       Here, because (1) Plaintiffs are non-residents of New York, and (2) their claims accrued outside of New York (in California, where Deborah Thea resides, and in Massachusetts, where Donald Thea resides), their claims must be timely under the statutes of limitations of California and Massachusetts, in addition to under the statute of limitations of New York. Because Plaintiffs' claims are untimely under both the California and Massachusetts statutes of limitations, their claims also are untimely under N.Y. C.P.L.R. § 202.  Accordingly, Plaintiffs' claims must be dismissed, with prejudice.

    **A.**    <u>**Plaintiffs Allege Financial Harm As A Result of Defendants' Alleged Actions.**</u>

       There can be no doubt that it is financial harm for which Plaintiffs seek recover. *See, e.g.,* AC at ¶ 84 (requesting declaratory judgment that "any and all property or assets or accounts of Frederica and/or the Trust are their rightful property, and theirs alone") and PSAC at ¶¶ 95, 106, and 116-118 (to the same effect).  They claim that, by virtue of the alleged "joint wills" agreement (the "Agreement") and the alleged mutual wills executed by Frederica and Stanley, (i) they are the sole beneficiaries of Frederica's Estate;[6] (ii) Frederica wrongfully created the Trust and transferred estate assets into the Trust in 2002 and 2006;[7] and (iii) they are entitled to all the assets in the Trust, which they contend are assets of the Estate.[8]  Plaintiffs seek a declaratory judgment stating that "any and all property or assets of Frederica and/or the Trust are their rightful property, and theirs alone" (*see* AC at ¶ 84 *and* PSAC at ¶¶ 95, 106, 116-118); a

---

[6] *See* PSAC at ¶ 24, 32; *see also* AC at ¶ 18, 23.

[7] *See* PSAC at ¶ 44, 48-57; *see also* AC at ¶¶ 35, 39-48.

[8] *See* PSAC at ¶¶ 83-85; *see also* AC at ¶ 73-74.

constructive trust over the entirety of the Trust (*see* AC at ¶ 99 *and* PSAC at ¶ 128); an equitable

accounting of the Trusts' assets (*see* AC at ¶ 103 *and* PSAC at ¶ 132); and money damages based

on Kleinhandler's alleged breach of fiduciary duty in connection with his actions as Trustee of

the Trust (*see* AC at ¶ 112 *and* PSAC ¶ 141).

### B.   N.Y. C.P.L.R. § 202 Applies, Because This Is An Action That Accrued Outside Of New York, Brought By Non-Residents.

The financial harm for which the Theas seek redress accrued at Deborah Thea's

residence in California and at Donald Thea's residence in Massachusetts – the places where the

alleged harm was felt – not in New York.  It is well established that "[w]hen an alleged injury is

purely economic, the place of injury usually is ***where the plaintiff resides and sustains the***

***economic impact of the loss***."  *Global Financial Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529

(1999) (emphasis added).[9]

In *Global Financial*, the New York Court of Appeals expressly ***rejected*** the

argument that in analyzing where a claim accrues for purposes of N.Y. C.P.L.R. § 202, the court

should apply a choice-of-law "grouping of contacts" or "center of gravity approach."  *Id*. at 528-

29.  Instead, New York's highest court directed that the "traditional definition of accrual"

governs, explaining, "[i]n using the word 'accrued' in CPLR 202 there is no indication that the

Legislature intended the term 'to mean anything other than the generally accepted construction

---

[9] *See also Portfolio Recovery Associates, LLC v. King*, 14 N.Y.3d 410, 416 (2010) ("If the claimed injury is an economic one, the cause of action typically accrues where the plaintiff resides and sustains the economic impact of the loss") (internal citations omitted); *Cameron v. LR Credit 22, LLC*, No. 13 Civ. 1493 (PAC), 2014 WL 704308, at *3 (S.D.N.Y. Feb. 24, 2014) (same).  Exceptions to this rule are extremely limited.  The only recognized exception that The New School is aware of is the so-called "*Lang*" exception, pursuant to which a plaintiff who maintains a separate financial base can argue that his financial base, rather than his residence, constituted the place of injury. *See Global Financial*, 93 N.Y.2d at 530 (recognizing exception with citation to *Lang v. Paine, Webber, Jackson & Curtis, Inc.*, 582 F. Supp. 1421 (S.D.N.Y. 1984)); *see also Baena v. Woori Bank*, No. 05 Civ. 7018 (PKC), 2006 WL 2935752, at *6-7 (S.D.N.Y. Oct. 11, 2006) (recognizing exception but explaining "the *Lang* exception [] is applied only in the 'extremely rare' case where the party has offered 'unusual circumstances' evincing that the economic injury occurred at a place other than the plaintiff's residence").  Plaintiffs have not alleged that they maintain a New York financial base, nor have they alleged "unusual circumstances" to support a finding that their alleged economic harm occurred at a place other than at their respective residences.  Thus, the narrow *Lang* exception does not apply.

applied throughout CPLR Article 2 – the time when, and the place where, the plaintiff first had

the right to bring the cause of action.'"  *Id*. at 528-530.  In *Global Financial*, plaintiff argued its

breach of contract claim accrued in New York because New York was "where the contract was

negotiated, executed, substantially performed and breached."  *Id*. at 528.  The Court rejected

plaintiff's argument, finding that the claim accrued in Pennsylvania, plaintiff's principal place of

business, or in Delaware, where plaintiff was incorporated.  *Id*. at 530.  The Court of Appeals

added:

> CPLR 202 is designed to add clarity to the law and to provide the certainty of
> uniform application to litigants.  This goal is better served by a rule requiring the
> single determination of a plaintiff's residence than by a rule dependent on a
> litany of events relevant to the 'center of gravity' of a contract dispute.

*Id*. at 530.  Consistent with the ruling and reasoning in *Global Financial*, because Plaintiffs

Deborah and Donald Thea do not reside in New York and because their claims seek recovery for

economic harm, their claims did not accrue in New York.

   Presumably because Plaintiffs knew their claims already were time-barred in

California and Massachusetts, they filed this action in New York; styled their claims as claims

against Kleinhandler personally and as Trustee, and against The New School as Trust

beneficiary; and sought purported equitable relief against Kleinhandler and the Trust.  Yet even

by this type of creative pleading, they could not escape the fact that their claims accrued outside

New York, where they allegedly felt the economic harm.  *Vincent v. The Money Store*, 915 F.

Supp. 2d 553, 568 (S.D.N.Y. 2013) (although allegedly wrongful conduct occurred in Colorado

and elsewhere throughout the country, claims accrued in California and Texas, where plaintiffs

resided and where plaintiffs suffered economic impact).

   Similarly, in *Barrett v. Metropolitan Life Ins. Co*., No. 06 CV 6345 (NGG)

(RLM), 2008 WL 141924, at *2-3 (E.D.N.Y. Jan. 14, 2008), the Court expressly rejected

plaintiff's argument that his claims accrued in New York, where the allegedly negligent conduct occurred, finding that plaintiff was mistaken to argue that the accrual of a cause of action occurs in the jurisdiction where the conduct giving rise to the injury occurred.  The Court explained instead that "*[u]nder CPLR 202, a cause of action accrues where the injury is suffered as opposed to where the allegedly tortious act occurred.*" (Emphasis added).  *See also Prefabco, Inc. v. Olin Corp.*, 71 A.D.2d 587, 588 (1st Dep't 1979) ("the cause of action, for purposes of New York's borrowing statute (CPLR 202), accrued not where the alleged fraudulent representations were made, but where the loss resulting from such representations were sustained").

    Here, the fact that the Trust is located in New York does not affect the analysis. A number of courts have considered and rejected the argument that economic harm under N.Y. C.P.L.R. § 202 is felt where the underlying trust or bank account in dispute is located, instead holding that the harm, for purposes of  N.Y. C.P.L.R. § 202, indisputably is felt *where the plaintiffs reside*.  For example, in *Appel v. Kidder, Peabody & Co.*, 628 F. Supp. 153, 155-56 (S.D.N.Y. 1986), although the trust at issue was located in New York, the trust beneficiaries resided in Connecticut.  Applying N.Y. C.P.L.R. § 202, the Court concluded that the economic loss, if any, resulting from defendant's alleged conduct was felt in Connecticut, not New York, rejecting plaintiffs' argument that the financial harm sustained by the trust was felt in New York. As the Court explained, "the thrust of the inquiry is who became poorer, and where did they become poorer." *Id.* at 156 (internal citations omitted).  Similarly, in reliance on N.Y. C.P.L.R. § 202, the Court in *Gordon & Co. v. Ross*, 63 F. Supp. 2d 405, 408 (S.D.N.Y. 1999), also expressly rejected the argument that an action accrued in New York because the alleged wrongful conduct involved a New York bank account.  The Court explained, "courts have

regularly held that the place of accrual for borrowing statute purposes is where the plaintiff

resides," not where the defendant brokerage account is located.  63 F. Supp. 2d at 408.  *See also*

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, No. 93 Civ. 6876 (LMM), 2001 WL

492363, at *3-4 (S.D.N.Y. May 9, 2001) (rejecting argument that conversion claim accrued in

New York on basis that Credit Lyonnais took possession of accounts receivable in New York,

when plaintiffs resided in Belgium, Switzerland, France, and Finland).

        Because Section 202's analysis focuses exclusively on where a claim accrued, its

analysis is distinct from any choice of law analysis, making wholly irrelevant that a choice of

law analysis might find that New York's substantive law would apply to Plaintiffs' claims.  The

Court of Appeals in *Global Financial* made clear that the locus-of-the-harm analysis required by

N.Y. C.P.L.R. § 202 is wholly separate and distinct from a traditional choice-of-law analysis.  93

N.Y.2d at 528-29 ("there is a significant difference between a choice-of-law question, which is a

matter of common law, and this Statute of Limitations issue, which is governed by particular

terms of the CPLR.")  *Global Financial* held that "these choice-of-law analyses" – referring to

"interest analysis," "grouping of contacts" and "center of gravity" tests – "are ***inapplicable*** to the

question of statutory construction presented by CPLR 202."  *Id.* at 529 (emphasis added).  *See*

*also Dagliano v. Eli Lilly*, 538 Fed. Appx. 110, 111 (2d Cir. 2013) (choice of law analysis "does

not apply" under N.Y. C.P.L.R. § 202) (summary order); *Bank Brussels Lambert v. Credit*

*Lyonnais (Suisse)*, No. 93 CIV. 6876(LMM), 2001 WL 492363 (S.D.N.Y. May 9, 2001) (choice

of law cases not relevant under *Global Financial*).   For these reasons, Plaintiffs' previous

arguments that a "group of contacts" test would favor application of New York law are wholly

irrelevant.  *See* Plaintiffs' Memorandum of Law in Opposition to Defendant Neil C.

Kleinhandler's and New School University's Motion to Dismiss, at 21-22.

As the  foregoing cases make clear, N.Y. C.P.L.R. § 202 is a well-recognized exception to the otherwise generally-applicable rule that a court will perform a choice of law analysis to determine which jurisdiction's law to apply.  *In re Gaston & Snow*, 243 F.3d 599, 608 (2d Cir. 2001) (N.Y. C.P.L.R. § 202 "mandate[d] the application of the statute of limitations of a jurisdiction whose contacts with the action are not the most significant," because "CPLR 202 is in the nature of an exception to the normal New York conflicts rule of applying the law of the jurisdiction with the most significant contacts").

Under N.Y. C.P.L.R. § 202, there is no conflict in finding that New York substantive law applies, while also finding that the California and Massachusetts statutes of limitations must be satisfied.  *See, e.g.*, *BPP Illinois, LLC v. Royal Bank of Scotland Group, PLC,* No. 13 Civ. 0638 (JMF), 2013 WL 6003701, at *4-6 (S.D.N.Y. Nov. 13, 2013) (under N.Y. C.P.L.R. § 202, Pennsylvania statute of limitations governed plaintiffs' claims, while New York substantive law applied); *Bennett v. Hannelore Enterprises Ltd.*, 296 F. Supp. 2d 406, 414 (E.D.N.Y. 2003) (rejecting plaintiff's argument that New York's borrowing statute could not be applied to claims founded solely upon New York law, noting that "plaintiffs cite no cases in support of this argument" and that "the New York Court of Appeals has expressed an unmistakable preference for a robust reading of CPLR 202").

C.    **Application Of N.Y. C.P.L.R. § 202's Directive To Apply
The Stricter Statute Of Limitations Requires That This Court
Apply California's And Massachusetts' Statutes Of Limitations.**

Because Plaintiffs are non-residents whose claims accrued outside of New York, both statutes of limitations – that of New York and that of the forums where the claims accrued – must be satisfied in order for this action to proceed.  *Portfolio Recovery Associates,* 14 N.Y.3d at 416 ("When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of ***both*** New York ***and*** the

jurisdiction where the cause of action accrued" (internal citations omitted; emphasis added)); *see also Stuart v. American Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998) ("Under C.P.L.R. § 202, when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period . . . of either: (1) New York; or (2) the state where the cause of action accrued.").

## 1. New York's Statute Of Limitations Began To Run As Of May 28, 2014.

New York law provides that the statute of limitations on claims against an estate does not begin to run until an estate representative is appointed. *Roloson v. State*, 77 A.D.2d 694, 695 (3d Dep't 1980) (upholding lower court's determination that "the Statute of Limitations has not commenced to run because a representative of the estate has not been appointed"); *Matter of Cudahy*, 49 Misc. 2d 668, 672 (N.Y. Surr. Ct. Nassau Cnty. 1966) (same). If Plaintiffs' claims are deemed to be claims against Frederica's Estate, as they should be, the statute of limitations on Plaintiffs' claims did not begin to run until May 28, 2014, when the Theas were appointed as Special Administrators of Frederica's Estate by the Superior Court of California, County of Monterey.

In the alternative, if Plaintiffs' claims are not deemed to be claims against Frederica's Estate, the statutes of limitations for Plaintiffs' claims for a declaratory judgment, constructive trust, equitable accounting, and breach of fiduciary duty under New York law already have expired:

- Plaintiffs' claim for a constructive trust is subject to a six-year statute of limitations. *Kitchner v. Kitchner*, 100 A.D.2d 954, 954 (2d Dep't 1984) (action for constructive trust was time-barred, explaining that "[i]t is well settled that the Statute of Limitations applicable in actions to impress constructive trusts can be found in CPLR 213 (subd 1), which prescribes a six-year period that commences to run upon occurrence of the wrongful act giving rise to a duty of restitution"); *see also DeLaurentis v. DeLaurentis*, 47 A.D.3d 750, 751 (2d Dep't 2008) (same); *Christou v. Christou*, 109 A.D.2d 1058, 1059 (4th Dep't 1985) (same).

- Plaintiffs' claim for a declaratory judgment, because it is in the nature of an action to impose a constructive trust, is likewise subject to a six-year statute of limitations. *Tornheim v. Tornheim*, 67 A.D.3d 775, 777 (2d Dep't 2009) ("because the cause of action to impose a constructive trust . . . is time barred, the declaratory judgment cause of action . . . is also time-barred under the six-year limitations period applicable to a cause of action to impose a constructive trust.").

- Plaintiffs' claim for an equitable accounting is subject to a six-year statute of limitations. *See Matter of Behr*, 191 A.D.2d 431, 431 (2d Dep't 1993) ("In proceedings for accountings, the governing limitations period is the six-year period set forth in CPLR 213(1)"); *Disabled Am. Veterans v. Phillips*, 824 N.Y.S.2d 753, at *3 (Sup. Ct. Nassau Cnty. 2006) (same).[10]

- Plaintiffs' claim for breach of fiduciary duty is subject to a three-year statute of limitations. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139-40 (2009) (dismissing breach of fiduciary duty claim as time-barred, explaining that breach of fiduciary duty claim seeking purely monetary relief is subject to three-year limitations period pursuant to N.Y. C.P.L.R. § 214(4)); *see Salzmann v. Prudential Securities, Inc.*, No. 91 Civ. 4253 (KTD), 1994 WL 191855, at *7 (S.D.N.Y. May 16, 1994) (holding breach of fiduciary duty claim was time-barred, explaining "a cause of action for a breach of fiduciary duty under New York law accrues upon the occurrence of the allegedly wrongful act"); *see also* PSAC at ¶ 141 (alleging monetary damage due to breach of fiduciary duty) and AC at ¶ 112 (same).

### 2.   California Provides A One-Year Statute Of Limitations Which Began To Run As Of Frederica's Death On February 4, 2012.

By contrast, California Code of Civil Procedure 366.3(a) provides a one-year statute of limitations for all claims arising from a promise or agreement with a decedent to a distribution from her estate or trust, running from the date of decedent's death. Cal. Code of Civil Procedure § 366.3(a) states:

> If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced ***within one year after the death of decedent***, and the limitations period that would have been applicable does not apply.

Cal. Code of Civil Procedure § 366.3(a) (emphasis added). *See also In re Estate of Ziegler*, 187 Cal. App. 4th 1357, 1364 (Cal. Ct. App., 4th Dist. 2010) (referring to Section 366.3 as imposing

---

[10] *See also* Defendant Kleinhandler's Memorandum of Law in Support of his Motion to Dismiss the Amended Complaint at 18-20 (claims for constructive trust, declaratory judgment, and equitable accounting are subject to six-year limitations period).

a "one-year-from-date-of-death statute of limitations") (internal citations omitted); *Stewart v. Seward*, 148 Cal. App. 4th 1513, 1519 (Cal. Ct. App., 2d Dist. 2007) ("Section 366.3 creates a limitation period of one year from death").  As applied to the instant action, the California statute of limitations is clearly shorter than New York's, as it began to run from the date of Frederica's death on February 4, 2012 *and it expired as of February 4, 2013*.  Yet, Plaintiffs did not commence the instant action until July 15, 2013, after the statute of limitations had expired.

### 3. Massachusetts Also Provides A One-Year Statute Of Limitations Which Began To Run As Of Frederica's Death On February 4, 2012.

Like California, Massachusetts provides a one-year statute of limitations running from decedent's date of death.  M.G.L.A. 190B § 3-803(a) and (b) provide in relevant part:

(a) [A] personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is *commenced within 1 year after the date of death of the deceased*.

(b) A trustee of a trust, the assets of which are subject as a matter of substantive law to being reached by creditors of the deceased shall not be held to answer to an action by a creditor of the deceased unless such action is commenced against such trustee or against the personal representative of the deceased *within the time and in the manner provided in subsection (a).*

M.G.L.A. 190B § 3-803(a) and (b) (emphasis added); *see, e.g., Eresian v. Mattei*, 52 Mass. App. Ct. 16, 17 (App. Ct. of Mass., Worcester 2001) (upholding dismissal of plaintiff's action, as predecessor statute "requires creditors to bring an action against the executor or administrator within one year after the death of the deceased"); *Flannery v. Flannery*, 429 Mass. 55, 57 (Sup. Jud. Ct. of Mass., Norfolk 1999) (claims barred under predecessor statute; "one-year statute of limitations expedites the settlement of estates, and protects the interests of both the creditors and administrators").  Under both the California and Massachusetts statutes of limitations, Plaintiffs were barred from bringing any claims herein after *February 4, 2013*.

    **4.**      **This Court Must Apply California's And Massachusetts'
Stricter Statutes Of Limitations, Consistent With
<u>N.Y. C.P.L.R. § 202's Policy Discouraging Forum Shopping.</u>**

Because this Court must apply the stricter statutes of limitations, here the Court

must apply the California and Massachusetts statutes of limitations, rather than the New York

statute of limitations, to Deborah's and Donald's respective claims.  Though Plaintiffs may have

thought they were being strategic in filing in New York, which has more favorable statutes of

limitations, the statute of limitations of California and Massachusetts nonetheless must be

satisfied for their action to proceed in New York (assuming their claims are not subject to

dismissal on other grounds).[11]  Indeed, N.Y. C.P.L.R. § 202 and its predecessor statutes were

enacted for the explicit purpose of "prevent[ing] nonresidents from [forum] shopping in New

York for a favorable Statute of Limitations."  *Global Financial Corp. v. Triarc Corp.*, 93 N.Y.2d

525, 525 (1999).  As the New York Court of Appeals recently confirmed:

> [T]he legislature enacted section 202 primarily to prevent forum shopping; *i.e.*, to
> make sure that nonresidents do not select a New York forum and burden New
> York's state and federal courts when, and perhaps precisely because, their lawsuits
> are time-barred by the applicable laws of the foreign states where the causes of
> action accrued.

*Norex Petroleum Ltd. v. Blavatnik*, No. 121, 2014 WL 2883898 (N.Y. June 26, 2014).[12]

      Here, that appears to be precisely what Plaintiffs have done.  Consistent with N.Y.

C.P.L.R. § 202, Plaintiffs' stale claims in the AC and PSAC should be dismissed, with prejudice.

---

[11] *See* Defendant Neil Kleinhandler's Memorandum of Law in Support of His Motion to Dismiss the Amended
Complaint at 13-18; Memorandum of Law of The New School in Support of Dismissal of the Amended Complaint
at 1-4; Defendant Neil Kleinhandler's Reply Memorandum of Law in Support of Motion to Dismiss the Amended
Complaint at 3-7; Reply Memorandum of Law of The New School in Support of Dismissal of the Amended
Complaint at 3-9.

[12] *See also Portfolio Recovery Associates,* 14 N.Y.3d at 417-18 ("one of the key policies underlying CPLR 202 [is]
to prevent forum shopping by nonresidents attempting to take advantage of a more favorable statute of limitations in
this state"); *Antone v. Gen. Motors Corp., Buick Motor Div.*, 64 N.Y.2d 20, 27-28  (1984) ("The primary purpose of
CPLR 202 and its predecessors is to prevent forum shopping by a nonresident seeking to take advantage of a more
favorable Statute of Limitations in New York").

II.     **PLAINTIFFS' CLAIMS ARE TIME-BARRED UNDER CALIFORNIA'S AND MASSACHUSETTS' ONE-YEAR STATUTES OF LIMITATIONS.**

      A.      **California Code Of Civil Procedure 366.3(a) Is Applicable To All Of Plaintiffs' Claims.**

California Code of Civil Procedure 366.3(a), which proscribes a one-year statute of limitations that runs from the date of a decedent's death, is applicable to each of Plaintiffs' claims, because each claim is "predicated upon the decedent's [alleged] agreement to distribute estate or trust property in a specified manner." *In re Ziegler*, 187 Cal. App. 4th at 1365; *Salwasser v. Sauermilch*, No. F059020, 2011 WL 213061, at *5 (Cal. Ct. App., 5th Dist. Jan. 25, 2011) (same). By its terms, Section 366.3 is applicable to ***any claims*** arising from a decedent's promise or agreement concerning a distribution from her will or trust, whether contractual or equitable, regardless of the form of the action, or the relief demanded. *In re Ziegler* at 1365 (California Legislature intended Section 366.3 to apply to all "equitable and contractual claims to distribution of estates") (internal citations omitted); *Salwasser* at *7 ("The nature of the right sued upon-not the form of the action or the relief demanded-determines the applicability of the statute of limitations.") (internal citations omitted); *Sowin v. Edmundson*, No. A130035, 2011 WL 3328897, at *5 (Cal. Ct. App., 1st Dist. Aug. 3, 2011) ("[t]he title of the pleading or the reference in the caption to the Probate Code is not dispositive: 'the pertinent question is not the nature of the relief or remedy being requested but rather, the nature of the claim itself'")(internal citations omitted).

California courts repeatedly have held that claims, such as the ones in the AC and PSAC, that are based on a decedent's alleged agreement to distribute estate or trust property in a specified manner, fall "squarely within section 366.3's ambit." *In re Estate of Gronlund*, No. G035991, 2006 WL 2709463, at *2 (Cal. Ct. App., 4th Dist. Sept. 22, 2006) ("Plaintiff's claim that decedent breached his promise to make a will distributing his estate equally among his

15

children as well as those of his predeceased spouse falls squarely within section 366.3's ambit");
*see also Allen v. Stoddard*, 212 Cal. App. 4th 807, 810-12 (Cal. Ct. App., 4th Dist. 2013) ("The
text of section 366.3 ('. . . a promise or agreement with a decedent to distribution from an estate
[or trust]. . .') squarely fits claims based on contracts . . . by a decedent to provide for someone
after the decedent's death or make some other distribution of an estate"); *In re Ziegler*, 187 Cal.
App. 4th at 1365 (claims barred by Section 366.3 when the claim was "indistinguishable from a
claim on a contract to make a will"); *Stewart v. Seward*, 148 Cal. App. 4th 1513, 1523-24 (Cal.
Ct. App., 2d Dist. 2007) (claim arising from oral promise to grant plaintiff 50 percent of property
in her will "falls squarely within the ambit of section 366.3," as the claim "arises from a promise
or agreement with a decedent to distribution from an estate," citing Section 366.3).

      Under these cases, the fact that Plaintiffs' action is not formally labelled as a
breach of contract claim is irrelevant; as long as the action arises from an alleged agreement by a
decedent to make a distribution from assets of an estate or trust, Section 366.3 applies. *Ferraro
v. Camarlinghi*, 161 Cal. App. 4th 509, 555 (Cal. Ct. App., 6th Dist. 2008) (applying Section
366.3 to bar fraud claim, as "statute is not limited by its terms to contract claims").

      To the extent there is any doubt regarding whether Plaintiffs' claims fall within
Section 366.3's ambit, the Court should defer to the California Legislature's clearly expressed
intent that Section 366.3 should be construed as broadly as possible to effectuate the expeditious
administration of California estates. *See In re Ziegler*, 187 Cal. App. 4th at 1366 ("[I]f we had
any doubt about the matter, we would be swayed by the Legislature's intent to promote
uniformity and to foster 'the policy in favor of the early closing and distribution of estates,'"
citing legislative history); California Law Revision Commission Recommendations Relating to
Probate Law (Dec. 1989) at 512 ("The Commission believes that a new long term statute of

limitations of one year commencing with the decedent's death will best effectuate the strong

public policies of expeditious estate administration and security of title for distributees, and is

consistent with the concept that *a creditor has some obligation to keep informed of the status of*

*the debtor"*) (emphasis added).  Here, consideration of such legislative intent clearly weighs in

favor of finding Plaintiffs' claims squarely within Section 366.3's ambit:  Whether the alleged

"joint wills" Agreement entitles Plaintiffs to the assets of the Trust unequivocally relates to (and

could delay) the administration of Frederica's Estate, impacting, for example, the claims of other

putative creditors of Frederica's Estate or Trust assets.

    Section 366.3 should be applied to bar all of Plaintiffs' claims, including their

claims for declaratory judgment, equitable accounting, a constructive trust, and breach of

fiduciary duty, as all of those claims relate to Plaintiffs' efforts to bring Trust assets into

Frederica's Estate for distribution to the Theas.  *See, e.g., Salwasser*, 2011 WL 213061 at *4-5

(applying Section 366.3 to bar claim for constructive trust); *Stewart*, 148 Cal. App. 4th at 1516,

1524-25 (applying Section 366.3 to bar claim for breach of fiduciary duty).

    That Plaintiffs' claims are brought against a trustee and trust beneficiary rather

than against an estate does not change the applicability of Section 366.3, as Plaintiffs' claims all

are based on their alleged entitlement to the Trust assets as a result of the alleged "joint wills"

Agreement and Frederica's alleged Will.  *See* Cal. Code of Civ. P. § 366.3(a) ("If a person has a

claim that arises from a promise or agreement with a decedent to distribution from an estate *or*

*trust* or under another instrument…" (emphasis added)).  Moreover, Section 366.3 specifically

has been applied to bar claims brought against trustees and trusts.  *See, e.g., Salwasser*, 2011 WL

213061 at *4-6, *9 (applying Section 366.3 to bar claims brought against a trustee); *Embree v.*

*Embree*, 125 Cal. App. 4th 487, 490-91, 497 (Cal. Ct. App., 2d Dist. 2004) (applying Section

366.3 to bar claims brought by decedent's former wife against trust beneficiaries to enforce marital settlement agreement after expiration of the one-year limitations period).

It would be an incongruous result indeed if Plaintiffs could circumvent Section 366.3's time bar merely by asserting claims against third parties, rather than against Frederica's Estate.  To hold that Plaintiffs' claims seeking distributions from Frederica's Estate are not barred simply because they are not brought directly against Frederica's Estate also would violate the public policy underlying N.Y. C.P.L.R. § 202 by rewarding Plaintiffs for forum shopping to avoid the statutory bars of California and Massachusetts.  *See Sowin v. Edmundson*, No. A130035, 2011 WL 3328897, at *5 (Cal. Ct. App., 1st Dist. Aug. 3, 2011) (in determining Section 366.3's applicability, "[t]he title of the pleading or the reference in the caption to the Probate Code is not dispositive").

**B.    California Code Of Civil Procedure 366.3 Provides A
One-Year Statute Of Limitations, With No Exceptions.**

Section 366.3 unequivocally provides that claims must be brought within one year of death, with no tolling or extensions.  *See* Cal. Code of Civil Procedure § 366.3(b) ("The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason"); *Stewart v. Seward*, 148 Cal. App. 4th 1513, 1523-24 (Cal. Ct. App., 2d Dist. 2007) (dismissing claim filed one year and four days after decedent's death as time-barred, finding that "section 366.3 indicates the limitations period provided shall not be tolled or extended for any reason except for specified enumerated circumstances. . . . This is confirmed by the legislative history of section 366.3, which provides: 'This bill establishes the statute of limitations to file a claim for distribution of an estate under any instrument or an equitable

18

estoppel theory as one year from the date of decedent's death, which may not be tolled except for a "no contest" action.'").[13]

Plaintiffs may argue that Section 366.3 does not apply in this case under principles of equitable estoppel, based on the allegation that Kleinhandler purportedly owed Plaintiffs a duty to inform them of Frederica's death.  *See* Plaintiffs Donald M. and Deborah L. Thea's Memorandum of Law in Opposition to Defendants Neil C. Kleinhandler's and New School University's Motions to Dismiss at 24-25 (arguing equitable estoppel appropriate because Kleinhandler "owed them fiduciary duties").  For the reasons contained in Kleinhandler's prior submissions to this Court, Kleinhandler owed Plaintiffs no such duty as a matter of law.[14]  *See also In re Estate of Gronlund*, No. G035991, 2006 WL 2709463, at *3-4 (Cal. Ct. App., 4th Dist. Sept. 22, 2006).[15]

Plaintiffs also may argue that Section 366.3 is limited by California Probate Code Section 9353 which provides that an estate claimant has 90 days after notice of rejection of the claim by the estate to file suit.  Cal. Prob. Code § 9353.  However, the court in *Allen v. Stoddard*, 212 Cal. App. 4th 807, 814-17 (Cal. Ct. App., 4th Dist. 2013), already clarified that to the extent that Section 9353 conflicts with Section 366.3, Section 366.3 prevails.  The *Allen* court explained:

---

[13] The exception for "no contest" actions has no applicability to this case, as there is no allegation that Frederica's alleged will even contains a "no contest" clause.

[14] *See* Defendant Neil Kleinhandler's Reply Memorandum of Law in Support of Motion to Dismiss the Amended Complaint at 10 (no equitable estoppel when Kleinhandler owed Plaintiffs no duty) and 6 (Kleinhandler did not breach any fiduciary duty to Plaintiffs) *and* Defendant Neil Kleinhandler's Memorandum of Law in Support of his Motion to Dismiss the Amended Complaint at 13-17 (Kleinhandler owed Plaintiffs no duty); *cf.* Plaintiffs Donald M. and Deborah L. Thea's Memorandum of Law in Opposition to Defendants Neil C. Kleinhandler's and New School University's Motions to Dismiss at 24-25.

[15] It is not altogether clear whether equitable estoppel even can be applied to claims governed by Section 366.3, given Section 366.3(b)'s explicit directive that the statute may not be tolled or extended for any additional reason. *See Stewart v. Seward*, 148 Cal. App. 4th 1513, 1523-24 (Cal. Ct. App., 2d Dist. 2007 (declining to apply equitable estoppel); *see also Embree v. Embree*, 125 Cal. App. 4th 487, 497 & n. 11 (Cal. Ct. App., 2d Dist. 2004) (same).

> The precise conflict can be resolved for purposes of this case by the well-established rule that where statutes are in irreconcilable conflict, a specific and later enacted statute trumps a general and earlier one. . . . Section 9353 is a general statute.  It applies on its face to all claims.  Section 366.3 is a specific statute, applying only to a narrow class of claims.  Section 9353 was enacted in 1991, about a decade earlier than section 366.3. . . Thus, if they cannot be reconciled, section 366.3 prevails over section 9353.

*Allen*, 212 Cal. App. 4th at 814-17.  *See also* Defendant Neil Kleinhandler's Reply Memorandum of Law in Support of Motion to Dismiss the Amended Complaint at 10 (explaining that pursuant to *Allen*, Section 366.3 trumps Section 9353).   Under *Allen*, therefore, there can be no argument that Section 366.3 does not apply to Plaintiffs' claims.

     **C.**    **The Massachusetts Statute Of Limitations Also Provides
For A One-Year Limitation Period From Date Of Death.**

     Like California Code of Civil Procedure Section 366.3, Mass. G.L.A. 190B § 3-803 also provides a one-year statute of limitations for any actions by a creditor of the deceased running from the decedent's date of death.  Under the Massachusetts statute, Plaintiff Donald Theas' claims likewise are barred.

     The Massachusetts statute provides, in relevant part:

> (a) [A] personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within 1 year after the date of death of the deceased.

> (b) A trustee of a trust, the assets of which are subject as a matter of substantive law to being reached by creditors of the deceased shall not be held to answer to an action by a creditor of the deceased unless such action is commenced against such trustee or against the personal representative of the deceased within the time and in the manner provided in subsection (a).

M.G.L.A. 190B § 3-803(a) and (b); *see also Flannery v. Flannery*, 429 Mass. 55, 57 (Sup. Jud. Ct. of Mass., Norfolk 1999) ("one-year statute of limitations expedites the settlement of estates, and protects the interests of both the creditors and administrators").

Like California's Section 366.3, the Massachusetts statute also has been construed broadly to apply to any actions that would relate to the decedent's estate, whether sounding in contract or tort, law or equity.  The court in *New England Trust Co. v. Spaulding*, 310 Mass. 424, 429-30 (Sup. Jud. Ct. of Mass., Suffolk 1941), for example, explained, in discussing the predecessor to Section 3-803:

> The purpose of the statute is to expedite the settlement of estates.  And, in view of its aim, the term 'creditor' as used therein has been given a broad and comprehensive meaning and includes one having a claim not only in contract but also in tort against the estate, and the word 'action' as appearing in the statute has been held to apply to proceedings both at law and in equity. (internal citations omitted).

Other Massachusetts decisions likewise have explained that the statute is applicable regardless of the form of the underlying legal claims.  *See, e.g., Lynch v. Springfield Safe Deposit & Trust Co.*, 300 Mass. 14, 16 (Sup. Jud. Ct. of Ma., Hampden 1938) ("[t]he word 'action' is used in this statute in a comprehensive sense as signifying the pursuit of a right in a court of justice without regard to the form of legal proceedings").  Also like the California statute, the Massachusetts statute is construed broadly to encompass any claims that would delay the administration of a decedent's estate.  *See Eresian v. Mattei*, 52 Mass. App. Ct. 16, 17 (App. Ct. of Mass., Worcester 2001) (stating, with regard to predecessor statute, that "[t]he general purpose of these provisions is that the settlement of the estates of deceased persons should not be unnecessarily delayed") (internal citations omitted); *Flannery v. Flannery*, 429 Mass. 55, 57 (Sup. Jud. Ct. of Mass., Norfolk 1999) (stating, with regard to predecessor statute, that "[t]he one-year statute of limitations expedites the settlement of estates, and protects the interests of both the creditors and administrators"); *Stebbins v. Scott*, 172 Mass. 356, 362-63 (Sup. Jud. Ct. of Mass., Nantucket 1899) (predecessor statute of limitations was enacted for purpose of insuring

speedy settlement of estates, and all causes of action which have accrued within the time limit must be prosecuted within that time or they are barred).

Any argument that the statute of limitations should be extended in the interests of equity pursuant to M.G.L.A. 190B § 3-803(e)[16] also is without merit, as Kleinhander owed Plaintiffs no duty to inform them of Frederica's death. *See Johnson v. Clabburn*, 249 Mass. 216, 218 (Sup. Jud. Ct. of Mass., Suffolk 1924) (rejecting argument that "justice and equity" required time-barred claim to be heard where no relation of trust and confidence existed between parties and defendant did not engage in fraud, misrepresentation or deceit against plaintiffs).

Moreover, Plaintiffs could have learned of Frederica's death simply by conducting an internet search for her name any time after February 4, 2012.  For more than a century, Massachusetts courts have refused to extend the statute of limitations in the interests of equity, when a simple investigation by the plaintiff could have uncovered the fact of a decedent's death. *See, e.g., Deitrick v. Hayward*, 304 Mass. 623, 626 (Sup. Jud. Ct. of Mass., Suffolk 1939) (refusing to extend statute of limitations in interests of equity where plaintiff would have learned of decedent's death had he made sufficient inquiry); *Nichols v. Pope*, 287 Mass. 244, 247 (Sup. Jud. Ct. of Mass., Suffolk 1934) (rejecting plaintiffs' argument that claims should not be time-barred, as "ignorance of the death of the [decedent] where opportunity for inquiry existed is not sufficient to warrant relief").

In *Estabrook v. Moulton*, 223 Mass. 359, 359 (Sup. Jud. Ct. of Mass., Suffolk 1916), the Massachusetts court dismissed plaintiff's claim as time-barred when plaintiff made no attempt to find the decedent until nearly two years after his death, explaining, "He had the means

---

[16] M.G.L.A. 190B § 3-803(e) provides in relevant part:  "If the supreme judicial court, upon a complaint in equity filed by a creditor whose claim has not been prosecuted within the time limited by subsections (a) or (b), deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person").

of knowing his rights.  All the facts necessary to aid him in securing them, could have been discovered.  He made no investigation or inquiry and cannot now, when he alone was at fault and has rested on his rights, invoke the aid of the court, to assist him in collecting his debt, after the statute has become a bar."  Nearly fifty years earlier, another Massachusetts court reached the same conclusion, in *Sykes v. Meacham*, 103 Mass. 285, 286 (Sup. Jud. Ct. of Mass. 1869), rejecting plaintiff's argument that his claim should not be time-barred on basis that he had not been informed of the decedent's death, explaining:  "He failed to make any effective inquiry, and in that way remained in ignorance of a fact which was of course perfectly well known, and which no attempt was made to conceal."

So, too, here, the interests of equity do not favor disregard of Massachusetts' one-year statute of limitations to allow Donald Thea to prosecute time-barred claims in this Court, where he easily could have learned of Frederica's death had he made sufficient inquiry.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Kleinhandler's memorandum of law, filed simultaneously herewith, as well as the reasons set forth in the previous submissions of The New School and Kleinhandler supporting dismissal of the Amended Complaint, The New School respectfully requests that the Court permit Plaintiffs leave to file the PSAC, so there can be no question that Plaintiffs are appearing in this action in their representative capacity as Special Administrators of Frederica's Estate, in their capacity as creditors of the Estate, and in their individual capacity.  Following the filing, the Court should dismiss, with prejudice, all of the claims in the PSAC as time-barred, for the reasons herein. Dismissal also is warranted for the reasons in Defendants' prior submissions.

Dated:  New York, New York
       July 25, 2014

SCHULTE ROTH & ZABEL LLP

By: /s/ Marcy Ressler Harris_____

    Marcy Ressler Harris
    Kathleen McDermott

    919 Third Avenue
    New York, New York 10022
    Telephone:   (212) 756-2000
    Facsimile:   (212) 593-5955
    E-mail: Marcy.harris@srz.com
    E-mail: Kathleen.McDermott@srz.com

    *Attorneys for The New School*