Anthony J. Viola
Zachary W. Silverman
Kara M. Cormier
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

DONALD M. THEA and DEBORAH L. THEA,   :

     Plaintiffs,   :

   -against-   :

NEIL C. KLEINHANDLER, individually and as   :
trustee of the  FREDERICA FISHER THEA   :
REVOCABLE TRUST, NEW SCHOOL   :
UNIVERSITY, and ERIC T. SCHNEIDERMAN   :
as Attorney General of the State of New York   :

     Defendants.   :

---------------------------------------- X

Case No. 13-cv-4895 (PKC)

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
## <u>CONCERNING APPLICABLE STATUTES OF LIMITATIONS</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS .................................................................................................................................. 5

ARGUMENT ....................................................................................................................... 6

I.     The Standard Under CPLR 202 ..................................................................... 6

II.    Defendants Cannot Meet Their Burden to Show that Cal. Civ. Proc. §
366.3 Applies ................................................................................................ 8

     A.    § 366.3 Cannot Apply to Claims That did not Accrue in California .......... 8

     B.    § 366.3 Does not Apply to Claims That, Although Accruing in
California, are not "Against the Estate," but Rather, are Made By
the Estate .................................................................................................... 9

     C.    In the Unlikely Event That § 366.3 Applies to any of the Amended
Complaint's Causes of Action, Defendants Would be Equitably
Estopped from Asserting It ...................................................................... 12

     D.    § 366.3 Irreconcilably Conflicts with the Probate Code ........................ 13

III.    No Other Statute of Limitations Could Bar the Theas' Claims ................... 13

     A.    Any Statute of Limitations of Eighteen Months or Longer Could
not bar the Claims .................................................................................... 14

     B.    Aside from § 366.3, None of the Potentially-Applicable Statutes of
Limitations are Less Than Eighteen Months ........................................... 14

CONCLUSION ................................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allen v. Stoddard,
    212 Cal. App. 4th 807 (4th Dist. 2013) ............................................................... 10, 13

Aylward v. Landry,
    226 B.R. 507 (D. Mass. Bankr. 1998) ..................................................................... 7

Becnel v. Deutsche Bank, AG,
    507 F. App'x 71 (2d Cir. 2013) .......................................................................... 7, 9

Binder v. Nat'l Life,
    02-cv-6411, 2003 U.S. Dist. LEXIS 8431 (S.D.N.Y. May 6, 2003) ........................ 5

Brodeur v. Am. Rexoil Heating Fuel Co.,
    13 Mass App. Ct. 939 (1982) ............................................................................... 15

Brown v. Australian Airlines,
    97-cv-3798, 1997 U.S. Dist. LEXIS 21313 (E.D.N.Y. Dec. 9, 1997) ................. 6, 8

Cambridge Literary Props., Ltd. V. W. Goebel Pozellanfabrik G.m.b.H. & Co. Kg.,
    448 F. Supp. 2d 244 (D. Mass. 2006) .................................................................. 15

Doe v. Harbor Schs., Inc.,
    446 Mass. 245 (2006) .......................................................................................... 16

Dziennik v. Sealift, Inc.,
    06-cv-5305, 2013 U.S. Dist. LEXIS 143407 (E.D.N.Y. Sept. 30, 2013) ............ 7, 9

Embree v. Embree,
    125 Cal. App. 4th 487 (2nd App. Dist., 2004) ................................................ 10, 11

Feld v. Feld,
    279 A.D.2d 393 (1st Dep't 2001) ........................................................................ 15

Global Fin. Corp. v. Triarc Corp.,
    93 N.Y.2d 525 (1999) ............................................................................................ 6

Investigative Group v. Brooke Group,
    95-cv-3913, 1997 U.S. Dist. LEXIS 18513 (S.D.N.Y. Nov. 21, 1997) ................... 8

Knobel v. Shaw,
    90 A.D.3d 493 (1st Dep't 2011) .......................................................................... 15

Martin v. Van Bergen,
    209 Cal. App. 4th 84 (2d Dist. 2012) .................................................................. 15

### TABLE OF AUTHORITIES
(continued)

**Page(s)**

Matter of McLaughlin,
    78 A.D.3d 1304 (3d Dep't 2010) ........................................................................... 8, 9

Matter of Thomas,
    28 Misc. 3d 300 (Broome County 2010) ............................................................... 8, 9

Maxwell-Jolly v. Martin,
    198 Cal. App. 4th 347 (1st Dist. 2011) ..................................................................... 10

McMackin v. Ehrheart,
    194 Cal. App. 4th 128 (2d Dist. 2011) ............................................................... 10, 13

Nelson v. Nevel,
    154 Cal. App. 3d 132 (2d Dist. 1984) ....................................................................... 15

Norex Petroleum Ltd. v. Blavatnik,
    No. 121, 2014 WL 2883898 (June 26, 2014) ............................................................ 12

State Street Bank & Trust Co. v. Reiser,
    7 Mass. App. Ct. 633 (1979) ....................................................................................... 7

State v. Cetero,
    233 A.D.2d 580 (3d Dep't 1996) ............................................................................... 16

Stewart v. Seward,
    148 Cal. App. 4th 1513 (2d Dist. 2007) ................................................................... 10

Thomas v. Canyon,
    2011 Cal. App. Unpub. LEXIS 5471, at *19-21 (1st Dist. July 22, 2011) ................ 16

Ventura County Dept. of Child Support Services v. Brown,
    117 Cal. App. 4th 144 (2d Dist. 2004) ....................................................................... 7

Wu v. Moshen,
    No. 05-50662, 2014 Bankr. LEXIS 1016 (N.D. Cal. Bankr. Mar. 13, 2014) ............. 7

**STATUTES**

Cal. Civ. Code 15304(a) ................................................................................................. 7

Cal. Civ. Proc. § 318 ..................................................................................................... 15

Cal. Civ. Proc. § 338(c)(1) ............................................................................................ 15

Cal. Civ. Proc. § 339(1) ................................................................................................. 15

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

Cal. Civ. Proc. § 343 ................................................................................................. 7, 15

Cal. Civ. Proc. § 348 ........................................................................................................ 16

Cal. Civ. Proc. § 366.3 .................................................... 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14

Cal. Probate Code § 44 ..................................................................................................... 12

Cal. Probate Code § 9351 ................................................................................................. 13

Cal. Probate Code § 9353(a) ............................................................................................. 13

Cal. Probate Code § 16061.7 ............................................................................................ 12

CPLR 202 ........................................................................................................................ 3, 6

CPLR 213(1) ...................................................................................................................... 15

CPLR 214(3) ...................................................................................................................... 15

Mass Gen. L. ch. 260 § 2 .................................................................................................. 15

Mass Gen. L. ch. 260 § 2A ....................................................................................... 7, 15, 16

Mass Gen. L. ch. 190B § 3-803 ........................................................................................ 13

N.Y. EPTL § 7-3.1 ............................................................................................. 3, 6, 7, 8, 16

Pursuant to this Court's July 11, 2014 Order (Docket No. 54), plaintiffs Donald M. Thea ("Donald") and Deborah L. Thea ("Deborah") (collectively "the Theas") respectfully submit this memorandum of law regarding the statutes of limitations applicable to the causes of action in their Proposed Second Amended Complaint (cited as "Proposed 2d Am. Compl."). (Docket No. 47-1.) The Theas incorporate by reference their moving papers on their motion for leave to amend the complaint (Docket Nos. 46-47, 52), as well as their opposition to the motions to dismiss of defendants Neil C. Kleinhandler ("Kleinhandler") and New School University (collectively "Defendants").[1]  (Docket Nos. 38-39.)

## PRELIMINARY STATEMENT

The only circumstance under which any claim in the Theas' Proposed Second Amended Complaint possibly could be deemed time-barred is if this Court both (i) ignores the probate exception and the Younger abstention doctrine and intrudes on what it has already ruled is the sole domain of a California probate court, and (ii) in doing so, applies a completely inapplicable statute of limitations in an inapposite context.

This Court and Defendants are, at this point, well-versed in the Theas' basic allegations. In short, the Theas allege (and no party has ever disputed) that their father, Stanley, and step-mother, Frederica, entered into an Agreement whereby the surviving spouse would inherit everything from the first-deceased spouse and then, in turn, leave everything to the Theas. Stanley died first and (in keeping with the Agreement) left Frederica everything.  Having thereby received the full benefit of the Agreement, Frederica and Kleinhandler nevertheless transferred substantially all of Frederica's assets (including what she had inherited from Stanley) into a revocable Trust of which the Theas are not beneficiaries.  When Frederica died, on February 4,

---

[1] Eric T. Schneiderman, as Attorney General of the State of New York, is also a named defendant, but he neither moved to dismiss nor opposed the Theas' motion for leave to amend.

2012, that Trust became irrevocable. Kleinhandler, Frederica's friend and attorney, was immediately alerted to Frederica's death, falsely represented himself to California law enforcement as the representative of Frederica's estate, made arrangements for the disposition of her body, and put Frederica's residence up for sale. Although he knew of the Agreement, knew the Theas, knew their status as claimants under the Agreement, and knew their status as beneficiaries of Frederica's estate, he failed to notify them of any of the above, made no attempt to notify them, and defaulted in his obligations under California law, all contrary to their interests and for the purpose and with the effect of hiding Frederica's passing from them and depriving them of their rights and property. Despite Kleinhandler's subterfuge, the Theas learned of Frederica's death on their own, and less than eighteen months after her death, they brought claims against these defendants for recovery of Frederica's property. (Docket No. 1.) The Theas filed their complaint here not only because the Trust is governed by New York law and holds property in New York, but also because Kleinhandler, its trustee, is located in New York and susceptible to jurisdiction here.

In its initial decision on Defendants' motions to dismiss (Docket No. 43), this Court ruled that the Theas' initial complaint encompassed two separate, serial, causes of action: the first is by the Theas against Frederica's estate to establish the validity and enforceability of the Agreement; the second is by the estate against the Defendants to invalidate transfers into the Trust and to recover property of the estate held by defendants in resulting trust. This Court ruled that the first cause of action is not properly before it (under the probate exception to federal subject matter jurisdiction) since it needs to be adjudicated in a probate court, and that the second cause of action needed to be asserted by an estate representative. It dismissed without prejudice and with leave to make a motion to amend if an estate representative had been appointed within

twenty-one days.  The Theas were appointed Special Administrators of Frederica's estate by a California probate court and timely filed a motion for leave to amend.  Frederica's estate (through the Theas as Special Administrators) does not contest the validity and enforceability of the Agreement and has not raised any statute of limitations with respect to their assertion of rights under the Agreement.  Thus, the gravamen of the amended complaint are claims by the estate's representatives to invalidate transfers into the Trust and to recover estate property; accordingly, the statute of limitations which applies to those claims is the statute applicable to an estate's effort to recover estate property.  California Code of Civil Procedure § 366.3 is not such a statute.  Rather, it is addressed to one who has a claim "to <u>distribution from</u> an estate" based on a contract, and establishes a one-year statute of limitations to bring "an action to enforce <u>the claim to distribution</u>."  The claims here are not against the estate for distribution, but by the estate against holders of estate property.  The Theas have located no case in which § 366.3 has ever been found to bar such claims.

Section 366.3 is the <u>only</u> statute of limitations Defendants rely upon.  It is Defendants' burden to prove that a California statute of limitations should be "borrowed" pursuant to New York's borrowing statute, CPLR 202, which applies to claims brought by non-New York residents and which accrue outside New York.  They cannot meet that burden for several reasons.

First, no California statute of limitations, let alone § 366.3, can be applied to those causes of action which accrued outside of California.  The statutory claim under N.Y. EPTL § 7-3.1 necessarily accrued in New York; thus it carries a New York statute of limitations.  Additionally, claims sounding in conversion/replevin, such as for the turnover of certain personal property held by the Trust, accrue where those assets are located.  The Trust (which is located in New York,

governed by New York law, and has a New York trustee) holds various items of personal property (including securities and money) in bank and brokerage accounts located in New York. Lastly, claims alleging purely economic damage, such as the claim for breach of fiduciary duty, accrue where the plaintiff resides – in Donald's case, Massachusetts.

Second, to the extent any California statute of limitations might apply, it is not § 366.3. The words of that statute, case law, and legislative history make clear that § 366.3 applies only to claims against an estate. As this Court has already ruled, claims against Frederica's estate (i.e., concerning the validity and enforceability of the Agreement) are not before this Court. Indeed, pursuant to this Court's directive the Theas, now as estate representatives under letters duly issued to them by a California probate court, bring these claims by and on behalf of the estate to recover estate property. Those claims are exactly the opposite of the type to which § 366.3 would apply. Section 366.3 was designed to protect an estate against stale claims. It therefore makes no sense for strangers to the estate (such as Defendants here) to invoke it for their benefit in order to fend off claims made by the estate, itself. To the Theas' knowledge, no California court has ever done so. Instead, in actions by an estate to recover estate property, California applies the statute of limitations pertinent to the underlying cause of action, such as quiet title, conversion, replevin, etc. All such statutes of limitations applicable here are two years or longer, hence no claim is time barred.

Additionally, even if § 366.3 did apply (which it does not), the Theas have plead more than adequate facts to give rise to equitable estoppel against its invocation by Defendants. If, under the New York borrowing statute, this Court were to apply a California statute of limitations, it must apply all of the California law applicable to that limitations determination. That includes California case law holding that application of § 366.3 is subject to estoppel,

something which Defendants have never disputed.  Whether Defendants are equitably estopped from raising § 366.3 is a question of fact that cannot be resolved on a motion to dismiss or a motion for leave to amend.

Finally, with § 366.3 out of the picture, the statute of limitations applicable to each of the causes of action becomes a somewhat complicated question, but one that is ultimately academic. That is, neither New York nor California nor Massachusetts has any potentially-applicable statute of limitations that is less than two years.  And the Theas brought their claims less than eighteen months after Frederica's death.  The Theas have previously cited voluminous case law to establish that these claims accrued only when Frederica died.  Defendants halfheartedly argue that the claims accrued earlier, when Frederica and Kleinhandler improperly transferred assets into the Trust.  But their cases are entirely inapposite and they have not even attempted to distinguish the cases cited by the Theas.  As those cases explain, until Frederica died she always had the option to move Trust assets back into her estate.  Thus, her compliance with the Agreement can only be measured at the date of her death, and the Theas could not have asserted their claims earlier.  Accordingly, no statute of limitations bars these claims.

## FACTS

For the purposes of this brief, which expounds upon the Theas' motion for leave to amend, the parties must accept as true the facts alleged in the Proposed Second Amended Complaint.  Binder v. Nat'l Life, 02-cv-6411, 2003 U.S. Dist. LEXIS 8431, at *6 (S.D.N.Y. May 6, 2003) ("In determining whether the proposed amendments are futile . . . the court should accept as true the facts alleged in the complaint and deny leave to amend only if it is evident from the face of the proposed amended complaint itself that plaintiff has not stated claims on which relief can be granted") (internal citations and quotations omitted).

## ARGUMENT

### I.    The Standard Under CPLR 202

Pursuant to CPLR 202, where plaintiffs are not New York residents, "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued."  In other words, where a non-New York resident brings a cause of action that accrues outside of New York, the court will "borrow" the statute of limitations (as well as its extensions and tolls) from the state of accrual, to the extent it is shorter than the analogous New York statute of limitations.

Thus, in order to apply the borrowing statute, it is first necessary to determine where a cause of action accrued.  According to the New York Court of Appeals, this is determined by the "place of the injury," Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525 (1999), which in turn depends largely on the nature of the cause of action.  For the purposes of the instant action, the amended complaint's claims fall into three distinct categories.

First, with respect to claims brought pursuant to New York State statutes (as opposed to the common law), such as EPTL 7-3.1, "New York's statute of limitations applies."  Brown v. Australian Airlines, 97-cv-3798, 1997 U.S. Dist. LEXIS 21313, at *21-22 24-25 (E.D.N.Y. Dec. 9, 1997) (there is "no authority to support the proposition that the borrowing statute applies to New York statutory causes of action," and it has "never . . . been applied to New York's own statutes.").  The Brown court went on, in the alternative, to consider the law of the non-resident's forum based on the "place of injury," but applied New York law nonetheless because the law of the non-resident's forum did not provide a cause of action identical to the New York statutory cause of action at issue in that case.  Therefore, the New York statutory cause of action could not have accrued in the non-resident's forum and New York's borrowing statute did not apply.  Were

this Court to perform a similar analysis here, the same result should obtain. EPTL 7-3.1 provides

that transfers into a self-settled trust are "void" as against existing or subsequent creditors. As

for California (where Deborah resides), the Theas' counsel have not located any California cause

of action voiding transfers into a self-settled trust, so New York's statute of limitations applies to

the New York statutory claims.[2]  Donald is a resident of Massachusetts, so no California statute

of limitations (including § 366.3) applies to any claim brought by him.[3]

Second, with respect to claims "that allege only economic injury, the cause of action

accrues in the state where the plaintiff resides." Becnel v. Deutsche Bank, AG, 507 F. App'x 71,

72 (2d Cir. 2013); see Dziennik v. Sealift, Inc., 06-cv-5305, 2013 U.S. Dist. LEXIS 143407

(E.D.N.Y. Sept. 30, 2013) (same).  In Deborah's case, that would be California; in Donald's

case, that would be Massachusetts.  The only cause of action that seeks purely monetary

damages the breach of fiduciary duty claim.  However, a cause of action seeking the return of

---

[2] The most nearly analogous California statute appears to be Cal. Civ. Code 15304(a), which states "[i]f the settlor is a beneficiary of a trust created by the settlor and the settlor's interest is subject to a provision restraining the voluntary or involuntary transfer of the settlor's interest, the restraint is invalid against transferees or creditors of the settlor. The invalidity of the restraint on transfer does not affect the validity of the trust." Thus, this statute is different in that it invalidates the trust's spendthrift provision, not the validity of the trust, nor does it void the initial transfer into the trust. See Wu v. Moshen, No. 05-50662, 2014 Bankr. LEXIS 1016 (N.D. Cal. Bankr. Mar. 13, 2014) (spendthrift provision of trust invalid where trust was self-settled; assets of the trust belonged in bankruptcy estate); Ventura County Dept. of Child Support Services v. Brown, 117 Cal. App. 4th 144, 151 (2d Dist. 2004) (citing section 15304: "A creditor may reach a [trust] beneficiary's interest when . . . the settlor is also the beneficiary."). In any event, this statute has no specific statute of limitations, and is therefore subject only to California's four-year catch-all statute. Cal. Code of Civ. Proc. § 343.

[3] Nor does Massachusetts appear to have any statute voiding transfers into self-settled trusts.  The most nearly analogous claim appears to be in equity to invalidate the spendthrift provision of a trust in certain circumstances, but does not invalidate the trust nor void transfers into it. State Street Bank & Trust Co. v. Reiser, 7 Mass. App. Ct. 633, 638 (1979) ("where a person places property in a trust and reserves the right to amend and revoke, or to direct disposition of principal and income, the settlor's creditors may, following the death of the settlor, reach in satisfaction of the settlor's debts to them, to the extent not satisfied by the settlor's estate, those assets owned by the trust over which the settlor had such control at the time of his death as would have enabled to settlor to use the trust assets for his own benefit"); Aylward v. Landry, 226 B.R. 507, 510 (D. Mass. Bankr. 1998) ("a spendthrift trust is ineffective against creditors if the settlor creates a trust for the settlor's own benefit and retains the power to amend, revoke or invade the principal of the trust"). There does not appear to be a specific statute of limitations associated with this particular type of action. The shortest Massachusetts catch-all statute of limitations is three years. Mass Gen. L. ch. 260 § 2A.

personal property, such as those sounding in quiet title, replevin, or conversion, instead accrues where the at-issue property is located. See Matter of McLaughlin, 78 A.D.3d 1304, 1306 (3d Dep't 2010) ("the law that generally applies is the law of the state where the tangible personal property is located"); Matter of Thomas, 28 Misc. 3d 300, 303 (Broome County 2010) ("The law of the state where tangible personal property is physically located should govern a claim for turnover of that property."). As those decisions explain, claims seeking return of property are not purely economic, since property carries other rights and attributes with it.

It is the "party seeking to borrow a foreign statute of limitations," (here, Defendants), that "has the burden of showing that the cause of action accrued outside New York." Investigative Group v. Brooke Group, 95-cv-3913, 1997 U.S. Dist. LEXIS 18513, at *8 (S.D.N.Y. Nov. 21, 1997).

**II.**   **Defendants Cannot Meet Their Burden to Show that Cal. Civ. Proc. § 366.3 Applies**

The only statute Defendants have raised in this litigation that is short enough to potentially bar any of the amended complaint's claims – Cal Civ. Proc. Code § 366.3 – in fact has no application here.

A.   § 366.3 Cannot Apply to Claims That did not Accrue in California

New York will only borrow a statute of limitations from a state in which a cause of action accrues. Many of the Theas' claims unequivocally did not accrue in California. These claims are not subject to § 366.3.

First, the claims pursuant to N.Y. EPTL §7-3.1, a New York State statute, necessarily can accrue only in New York. See Brown, Section I., supra.

Second, certain specific Trust property sought to be recovered in this litigation is located outside of California. This includes, but is not limited to, securities and money located in certain brokerage and bank accounts that are located in New York. To the extent the declaratory

judgment causes of action sound in replevin/conversion with respect to non-California property, they accrue not in California, but wherever such property is located. See McLaughlin, Thomas, Section I., supra.

Finally, because Donald M. Thea is a Massachusetts resident, any cause of action he asserts alleging purely economic injury accrues there, and again, no California statute of limitations would apply. See Becnel, Dziennik, Section I., supra. For example, Donald's claim against Kleinhandler for breach of fiduciary duty, which seeks only "damage[s]," (see Proposed 2d Am. Compl. ¶ 141), would never borrow a California statute of limitations.

> B.   § 366.3 Does not Apply to Claims That, Although Accruing in California, are not "Against the Estate," but Rather, are Made By the Estate

Even assuming certain of the claims in the Amended Complaint accrued in California, § 366.3 is the incorrect statute to borrow.

First, it must be noted that the Theas inherit Frederica's entire estate under the terms of her will. Thus, if Frederica's will is admitted to probate in California, the Theas inherit as beneficiaries under it rather than pursuant to the Agreement and § 366.3 has no application to their claims at all. To the extent § 366.3 applies, its text states that a person who has a claim "to distribution from an estate," which claim is based on an agreement with a decedent, may bring an "action to enforce the claim to distribution" within one year after the decedent's death (emphasis added).[4] By its plain terms, therefore, the statute applies to persons seeking distributions from the estate.[5] According to this Court's prior ruling, distributions from Frederica's estate are not

---

[4] The text also refers to a contract which gives rise to a claim to distribution from a trust. While this case involves a trust, there is no claim that Stanley and Frederica's Agreement made the Theas beneficiaries of the Trust such that they are entitled to distributions from it. Rather, it is claimed that the transfers into the Trust are invalid and that property be turned over to the estate.

[5] The Theas still maintain that they have independent claims to invalidate transfers to the Trust, whether or not they are named as beneficiaries of Frederica's will and whether or not they represent Frederica's

before it and are the subject of California probate proceedings and that, rather, this case is limited to claims for the recovery of property <u>into</u> the estate.  Kleinhandler himself has expressly acknowledged (Docket No. 49 at 13 n.10) that § 366.3 is meant to apply <u>only</u> to claims <u>against</u> an estate.  The California courts agree, and legislative history confirms, that § 366.3 is meant to apply only to claims against an estate.  See <u>Allen v. Stoddard</u>, 212 Cal. App. 4th 807, 810 (4th Dist. 2013) ("§ 366.3 "plainly appl[ies] to claims against estates"); <u>Maxwell-Jolly v. Martin</u>, 198 Cal. App. 4th 347, 355 (1st Dist. 2011) (§366 is "narrow in scope" and was enacted to "clarify ambiguities and discrepancies in existing law . . . [of] statute of limitations <u>applicable to a claim against a decedent's estate</u>") (emphasis supplied); <u>McMackin v. Ehrheart</u>, 194 Cal. App. 4th 128, 136 (2d Dist. 2011) (§ 366.3 "establishes the statute of limitations to file a claim for distribution of an estate"); <u>Stewart v. Seward</u>, 148 Cal. App. 4th 1513 (2d Dist. 2007) (applying § 366.3 to a claim made against decedent's estate); Judiciary Comm. Analysis of Assem. Bill No. 1491 (1999-200 Reg. Sess.) (part of the purpose of § 366.3 was to ensure that the "same statute of limitations" applies "for all claims against the estate"; proposed § 366.3 meant to change existing law, which "specifies the statute of limitations applicable to a claim <u>against a decedent's estate</u> based upon a contract to make . . . a will . . . ." because "[u]sing the same statute of limitations for all claims <u>against the estate</u> would . . . be more convenient <u>for the fiduciaries administering estates</u>") (emphasis added).[6]

---

estate.  (Docket No. 52 at 1 n.2.)  However, those are not claims for "distribution" from the estate or the Trust.

[6] Defendants may cite <u>Embree v. Embree</u>, 125 Cal. App. 4th 487 (2nd App. Dist., 2004).  It is inapposite.  In that case husband and wife entered into a separation agreement and judgment pursuant to which the husband agreed to pay the wife a stipulated monthly sum, and in the event he predeceased her to establish an annuity or trust in her favor for that sum.  He did predecease her.  There were no probate or trust proceedings, but his entire estate was distributed according to the terms of a trust he had made during his life, without providing for the stipulated monthly sum to his former wife.  The former wife brought an action on the marital judgment against the distributees of the trust, which was held time barred.  While the court in that case mentions §366.3, its analysis was made under §366.2.  Moreover, the court reasoned

The amended complaint makes no claim against Frederica's estate, which is not a defendant. In fact, for the Theas to make a claim against the estate in this action would require them to sue themselves, since they now act for the estate as Special Administrators. This Court acknowledges as much in its Memorandum and Order regarding Defendants' motion to dismiss. Specifically, it explained that the relief the Theas seek from Defendants is really "two related causes of action," the first being "an action for specific performance to enforce the Agreement" and the second being a "cause of action to invalidate the Trust, which is an action to recover estate property." (Docket No. 43 at 5-6.)

It is the "first" cause of action, this Court explained, that would be "against the estate." But that is not any cause of action the Theas bring here. Indeed, this Court instructed that "the proper avenue for the Theas to adjudicate th[ese] rights is . . . through the probate Courts of California." Id. And that is precisely what the Theas did: they petitioned for probate of an instrument they believe to be Frederica's will in Monterey County (where she died), obtained letters of Special Administration to act on behalf of her estate, and then, on behalf of her estate, allowed what this Court described as the "first" cause of action. If Defendants wish to attempt to invoke § 366.3 (which they should not be permitted to do since they are not estate representatives and since it does not apply to the Theas' claims under Frederica's will), then there is only one place to do it: California state probate court. As the Theas noted in previous briefing (see Docket No. 52 at 5), and as this Court acknowledged, pursuant to the probate exception and the Younger abstention doctrine, this Court is not permitted to substitute its

---

that the suit against the distributees was really in lieu of a suit by a judgment creditor of the decedent against the estate (because there was no probate or trust proceeding). Had there been a probate or trust proceeding, the applicable statute of limitations would have been the longer of the one year statute or the time allowed for claims by a judgment creditor against estate assets (which, here, has not even begun to run yet). Here, in contrast, the amended complaint is not against distributees (there has been no distribution) nor against the estate (as this Court has already ruled), but is by the estate to recover estate property. Moreover, Embree did not involve any issue of equitable tolling.

judgment for that of the California probate court with respect to the application of § 366.3 in the "first" cause of action, if it applies at all.[7]

Thus, the amended complaint asserts what this Court described as the "second" cause of action, to invalidate the Trust and/or transfers into it and recover estate property, i.e., claims in favor of Frederica's estate, as opposed to against it. In other words, it is the exact opposite of the type of claim to which § 366.3 would apply. And indeed, the Theas are not aware of any California case which applies §366.3 to bar an action by an estate. Such a result would be completely contrary to the text and legislative history of a statute that is meant to protect an estate and its fiduciaries against stale claims, and which is for the convenience of fiduciaries.

C.      In the Unlikely Event That § 366.3 Applies to any of the Amended Complaint's Causes of Action, Defendants Would be Equitably Estopped from Asserting It

As New York's Court of Appeals reiterated only last month, if § 366.3 is borrowed, this Court must also apply California law with respect to all "extensions and tolls." Norex Petroleum Ltd. v. Blavatnik, No. 121, 2014 WL 2883898, at *5 (June 26, 2014). In the briefing on Defendants' motion to dismiss and the Theas' motion for leave to amend, the Theas explained that even if § 366.3 applies, under California law Defendants are equitably estopped from asserting it. (Docket No. 39 at 24; Docket No. 52 at 7.) In other words, since § 366.3 accrues at the time of decedent's death, and since the Theas allege that Kleinhandler actively and wrongfully withheld the news of Frederica's death from the Theas,[8] it would be inequitable to allow defendants to invoke the one-year statute of limitations. Defendants do not seriously

---

[7] Defendants may argue that the "first" cause of action in California probate court is not yet resolved and that §366.3 may yet be invoked at a later date. They have no standing to assert that since the first cause of action is against the estate and they do not represent the estate. Even assuming there is an unresolved probate issue, the appropriate remedy here would be a stay until the probate issue is resolved – not dismissal.

[8] As Trustee of Frederica's Trust, Kleinhandler had a statutory duty, pursuant to Cal. Probate Code § 16061.7 to, within sixty days of the death of a settlor of a trust, give notification to Frederica's heirs at law, which heirs are defined to include children of pre-deceased spouses. See Cal. Probate Code § 44.

refute this. At the very least, whether Defendants are estopped from taking advantage of § 366.3 is a question of fact that cannot be decided on a motion to dismiss (and consequently, a motion for leave to amend a complaint, which carries essentially the same standard). McMackin, 194 Cal. App. 4th at 142 (whether doctrine of equitable estoppel applies to permit a claim otherwise barred under § 366.3 is for the "finder of fact [to] determine").[9]

       D.      § 366.3 Irreconcilably Conflicts With the Probate Code

As the Theas have discussed before (Docket No. 39 at 23), California courts have observed that § 366.3 "irreconcilably conflicts" with both Cal. Prob. Code § 9351, which states that no suit on a cause of action against a decedent may be brought unless a claim is first filed with the estate's personal representative and the personal representative rejects it, and Cal. Prob. Code § 9353(a), which states that a rejected claimant has ninety days after the claim is rejected to file suit "[r]egardless of whether the statute of limitations otherwise applicable to a claim will expire before or after" such time. Allen 212 Cal. App. 4th 807, 808 (4th Dist. 2013). As the Allen court explained, this statutory conflict raises an "obvious problem" that an estate can try to "run out the clock on § 366.3." Id. at 817-18. With the application of § 366.3 remaining in flux, this Court cannot apply it here to bar the Theas' claims.

## III.    No Other Statute of Limitations Could Bar the Theas' Claims

Unable to lean on the inapplicable § 366.3, Defendants cannot point to a single other statute of limitations that would bar the claims of the amended complaint.

---

[9] To the extent Defendants attempt to rely on Mass. Gen. Law ch. 190B § 3-308, such reliance would be unavailing. That statute deals only with claims by "creditor[s] of the [estate]," and the Theas are acting on behalf of the estate. Even if this statute were held to apply, it expressly provides that the limitations periods are to be disregarded where "justice and equity require it" and the "creditor is not chargeable with culpable neglect." These clearly are questions of facts that cannot be resolved on a motion to dismiss, particularly where the Theas have alleged that Kleinhandler intentionally concealed the fact of Frederica's death.

A.      Any Statute of Limitations of Eighteen
            <u>Months or Longer Could not bar the Claims</u>

None of the asserted claims could possibly have accrued until Frederica died on February

4, 2012. It was only then that Frederica's Trust became irrevocable, and thus, only then that she

could be said to have unequivocally violated her Agreement to leave all of her assets (including

those inherited from Stanley) to the Theas. In previous briefing, the Theas cited several cases

supporting this common sense proposition. (Docket No. 39 at 19-21; Docket No. 52, 7-8.)

Defendants have no answer for these cases, and in fact, their own cases actually support the

Theas' position. (Docket No. 52 at 7-8.) Defendants are left to insist baselessly that Frederica

breached her Agreement as soon as she transferred her assets into the Trust – even though

nobody denies that the Trust was revocable and that Frederica could have transferred her assets

out of the Trust and back into the estate at any time before her death. That simply is not the law.

Since the Theas' claims accrued, at the earliest, on February 4, 2012, and they brought

those claims no later than July 15, 2013 (Docket No. 1), any statute of limitations eighteen

months or greater could not possibly act to bar the Theas' claims. Such is the case with all

potentially applicable statutes of limitations aside from § 366.3.

B.      Aside from § 366.3, None of the Potentially-
            <u>Applicable Statutes of Limitations are Less Than Eighteen Months</u>

If the Court were to apply the borrowing statute pursuant to the principles discussed in

Section I., <u>supra</u>, several statutes of limitations from several states may apply to various claims

asserted in the amended complaint.

The amended complaint's declaratory judgment claims sound in quiet title (to the extent

they seek to recover California real property), replevin or conversion (to the extent they seek to

recover personal property, such as brokerage accounts in New York and personalty in California

and potentially elsewhere), and unjust enrichment (to the extent the Theas, who are California and Massachusetts residents, respectively, seek individually to recover solely economic damages).  The shortest of the potentially-applicable statutes of limitations is at least two years. Cal. Civ. Proc. § 318; Martin v. Van Bergen, 209 Cal. App. 4th 84, 91-92 (2d Dist. 2012) (five year statute of limitations for action to recover real property or possession thereof).  Cal. Civ. Proc. § 338(c)(1) (three-year statute of limitations "applying to "[a]n action for taking, detaining, or injuring any goods or chattels, including for specific recovery of personal property").  CPLR 214(3); Feld v. Feld, 279 A.D.2d 393, 394 (1st Dep't 2001) ("Replevin and conversion claims are governed by the three-year Statute of Limitations of CPLR 214(3)").  Cal. Civ. Proc. § 339(1) (two-year statute of limitations for unjust enrichment). Mass. Gen. Laws. ch. 260 § 2A; Cambridge Literary Props., Ltd. V. W. Goebel Pozellanfabrik G.m.b.H. & Co. Kg., 448 F. Supp. 2d 244 (D. Mass. 2006) (applying ch. 260 § 2A three-year statute of limitations to unjust enrichment claims).

The amended complaint's constructive trust claim sounds similarly in quiet title, replevin/conversion, and unjust enrichment.  Again, none of the potential statutes of limitation pose a bar to this claim.  Cal Civ. Proc. § 343; Nelson v. Nevel, 154 Cal. App. 3d 132 (2d Dist. 1984) (equitable relief "in the form of a constructive trust" carries four-year statute of limitations).  CPLR 213(1); Knobel v. Shaw, 90 A.D.3d 493 (1st Dep't 2011) (constructive trust governed by six-year statute of limitations).  Mass. Gen. Laws ch. 260 § 2; Brodeur v. Am. Rexoil Heating Fuel Co., 13 Mass App. Ct. 939 (1982) ("action seeking the declaration of a trust based on an implied contract must be brought within six years.").

As discussed in Section II.A., <u>supra</u>, the borrowing statute does not apply to the claim under N.Y. EPTL § 7-3.1.  Claims pursuant to this statute are governed by the six-year statute of limitations in New York's CPLR 213(1).  <u>See</u> <u>State v. Cetero</u>, 233 A.D.2d 580 (3d Dep't 1996).

Finally, the breach of fiduciary duty claims seek solely economic damages suffered in connection with, <u>inter alia</u>, Kleinhandler's failure to apprise the Theas of Frederica's death.  (In fact, this is the <u>only</u> claim the Theas bring that alleges purely economic damages.)  The Massachusetts and California statutes of limitation (which are applicable because those are the respective residences of the Theas) are three and four years, respectively.  Mass. Gen. Laws ch. 260 § 2A; <u>Doe v. Harbor Schs., Inc.</u>, 446 Mass. 245, 254 (2006).  Cal. Civ. Proc. § 348; <u>Thomas v. Canyon</u>, 2011 Cal. App. Unpub. LEXIS 5471, at *19-21 (1st Dist. July 22, 2011) (The law "does not specify a statute of limitation for breach of fiduciary duty.  The cause of action is therefore governed by the residual four-year statute of limitations in . . . section 343 . . . .").

In short, no matter which of the above statutes of limitations are applied, all claims are timely.

## CONCLUSION

For the reasons set forth here and in their motion for leave to amend the complaint, this Court should enter an order granting the Theas leave to file their proposed Second Amended Complaint.  At the very least, it should enter a stay until the California probate action is resolved.

Dated: New York, NY
      July 25, 2014

Anthony C. Viola
Zachary W. Silverman
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, NY 10022
212.308.4411
Attorneys for Plaintiffs

AM 35246462.6

16